Erik J. Halverson (SBN 333492)
**K&L GATES LLP**
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Fax: (415) 882-8220
erik.halverson@klgates.com

*Attorney for Defendant Nora Lighting, Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMP Plus, Inc. d/b/a ELCO Lighting,<br><br>                    Plaintiff,<br><br>        v.<br><br>Nora Lighting, Inc.<br><br>                    Defendant. | Case No. 2:24-cv-08460-MWC-BFM<br><br>**DECLARATION OF ERIK J. HALVERSON IN SUPPORT OF ELCO'S APPLICATION FOR LEAVE TO FILE UNDER SEAL (DKT. 44)** |

1600236587.1

1  I, Erik Halverson, declare as follows:

2  1)  I am an attorney licensed to practice in the State of California and before this Court. I am an attorney at the law firm of K&L Gates LLP, attorneys for defendant Nora Lighting, Inc. ("Nora") in this proceeding. If called as a witness, I could and would testify competently as to the facts set forth below, as I know each to be true based upon my own personal knowledge or upon my review of the files and records maintained by K&L Gates LLP in the regular course of its representation of Nora. I submit this declaration in support of ELCO's Application for Leave to File under Seal (Dkt. 44) and pursuant to L.R. 79-5.2.2(b).

2)  On Saturday, June 21, 2025, ELCO filed an Opposition (Dkt. 42) to Nora's Motion to Stay pending Reexamination (Dkt. 38). In support of its Opposition, ELCO submitted twenty exhibits, including 130 pages of sealed information attached to a declaration from Mr. Bruce Kuyper (Dkt. 44-2). These include: Exhibit N – a deposition transcript; Exhibit O – confidential internal email communications regarding product development; Exhibit P – confidential email communications between Nora and its supplier regarding product development; Exhibit Q – confidential email communications between Nora and its supplier regarding product development; and Exhibit R– confidential internal email communications regarding product development. It also attached an unredacted copy of ELCO's Opposition (Dkt. 44-1).

3)  Under the compelling reasons standard, a party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (cleaned up). "[C]ompelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a

vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (cleaned up).

4) Information that is related to the technical business of a party is properly sealed to prevent competitive harm. *Treehouse Avatar LLC v. Valve Corp.*, No. C17-1860-RAJ, 2019 WL 291664, at *2 (W.D. Wash. Jan. 23, 2019) (granting motion to seal "proprietary technical business information that is not already in the public domain"). Similarly, information tied to product and market analysis is similarly treated. *Algarin v. Maybelline, LLC*, No. 12-cv-3000-AJB (DHB), 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014) (granting motion to seal "compilation of sales data, market research, consumer research, advertising data and marketing strategy").

**ELCO'S OPPOSITION**

5) The redacted portions of ELCO's Opposition appear on pages 1, 5, 11, 12, 13, 14, 15, and 20.

6) The passage on page 20 does not need to be redacted and can be filed publically. The remaining passages of ELCO's Opposition are all direct quotes from Nora's internal design documents and the deposition testimony of one of Nora's design engineers, Mr. Duong.

7) As set forth in *Kamakana v. City & County of Honolulu*, 447 F.3d at 1179, "[C]ompelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." The passages highlighted in ELCO's opposition have no bearing on the issue of the requested stay, and are rather directed towards promoting private spite between the parties. How Nora referred to ELCO or ELCO's products during the development of the Pearl product is irrelevant as it relates to

the factors this Court analyzes as it relates to a stay motion. Rather than respond to the merits of the reexamination, or Nora's Motion, ELCO elected to submit over 100 pages of information solely for the sake of airing statements otherwise made behind closed doors, in the public record. This type of conduct should not be rewarded, and Nora should not be punished by the publication of its confidential communication in the public record. The entirety of the submitted sealed information should therefore remain sealed.

### MR. KUYPER'S DECLARATION

8) Nothing in the declaration itself constitutes Nora confidential information. Each of the four exhibits are addressed in turn below.

### EXHIBIT N

9) Exhibit N is 45 pages of deposition testimony from one of Nora's engineers, Mr. Dany Duong. As an initial matter, none of Mr. Duong's testimony is relevant to the stay issue raised in Nora's Motion for Stay. Rather, it is submitted with ELCO's Opposition to force Nora's hand regarding whether ELCO can share the transcript with ELCO's client representatives. On June 18, 2025, I emailed counsel for ELCO in response to their request to share the entirety of Mr. Duong's deposition transcript with their client, that "We're happy to meet and confer if there are specific portions you'd like to address or for us to consider, but Elco's request to de-designate the entire transcript or the exhibits from MacGregor's email is not something we'll agree to." Rather than work together to identify any necessary passages that ELCO contends would assist its client in understanding the case, ELCO decided to push the issue with the Court by submitting large swaths of the transcript under seal.

10) As discussed on the record, large portions of the deposition were attended by ELCO's client representative himself, Mr. Cohen. *See e.g.*, Ex. N at 42:7 (Dkt. 44-2 pg. 28) (Mr. Cohen correcting ELCO's lawyer's question). However, for the portions of the testimony where ELCO's lawyers questioned

1  Mr. Duong regarding confidential documents, Mr. Cohen was asked to leave the
2  room.  *See* Ex. N at 56:3-5 (Dkt. 44-2 pg. 32).  Now, in direct contravention of
3  the agreement of the parties, ELCO submits the rest of the transcript because
4  "[the] don't believe these materials are particularly sensitive." *See* email from M.
5  Mooney dated June 4, 2025 (attached hereto as Exhibit A).  ELCO's subjective
6  belief about its desire to share Nora's protected business communications with its
7  client underscores the entirety of this exercise.

8      11)  The passages of Exhibit N that relate to Mr. Duong's testimony of
9  Nora's internal communications should remain sealed because they are
10 "proprietary technical business information that is not already in the public
11 domain" and "market research."  These passages include those outlined below,
12 and should remain sealed for the reasons outlined below:

| | |
|---|---|
| Ex. N, 70:6-71:9 | Counsel for ELCO is reading from internal design communications |
| Ex. N, 153:7-169:25 | Counsel for ELCO is reading from internal design communications, including regarding confidential supply chain relationships |
| Ex. N, 184:2-189 | Counsel for ELCO is reading from internal design communications, including regarding confidential supply chain relationships including confidential sales channels |
| Ex. N, 190:2-195:25 | Counsel for ELCO is reading from internal design communications, including regarding confidential supply chain relationships including confidential sales channels |

28     12)  The remainder of Mr. Duong's excerpted testimony should remain

sealed because it was submitted for an improper purpose and need not be made public to resolve Nora's Motion for Stay. To order otherwise would improperly reward parties for submitting irrelevant confidential information.

### Exhibit O

13) Exhibit O is an internal communication between Nora employees discussing confidential design specifications and processes. This type of internal document is not one prepared with an expectation of public dissemination. Moreover, it provides great detail regarding the technical operation and design of the Accused Products.

### Exhibit P

14) Exhibit P is a communication with Nora's supplier. The identify of the supply chain relationships in the LED retrofit industry is part of the commercial differentiators and are considered trade secrets. These relationships are important to pricing, sourcing, and design options, and to publicly disclose these relationships would unfairly flatten the competitive landscape between ELCO and Nora solely to ELCO's favor. Moreover, Exhibit P provides sensitive insight into the design process for the Accused Product that, if made available to Nora's competitors, would allow them unprecedented and unilateral insight into Nora's processes, placing Nora at a competitive disadvantage.

### Exhibit Q

15) Exhibit Q is a communication with Nora's supplier. The identify of the supply chain relationships in the LED retrofit industry is part of the commercial differentiators and are considered trade secrets. These relationships are important to pricing, sourcing, and design options, and to publicly disclose these relationships would unfairly flatten the competitive landscape between ELCO and Nora solely to ELCO's favor. Moreover, Exhibit Q provides sensitive insight into the design process for the Accused Product that, if made available to Nora's competitors, would allow them unprecedented and unilateral insight into

1  Nora's processes, placing Nora at a competitive disadvantage.

**Exhibit R**

3  16) Exhibit R is an internal communication between Nora employees discussing confidential design specifications and processes. This type of internal document is not one prepared with an expectation of public dissemination. Moreover, it provides great detail regarding the technical operation and design of the Accused Products.

DATED: June 25, 2025       By: */s/ Erik J. Halverson*
                                      Erik J. Halverson
                                      *Attorney for Defendant*
                                      *Nora Lighting, Inc.*

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 years, employed in the County of Orange, State of California, and not a party to the above-entitled cause. On June 25, 2025, I caused to be served the foregoing document on the interested parties in this action as set forth below:

**HALVERSON DECLARATION ISO APPLICATION TO FILE UNDER SEAL (DKT 44)**

| | |
|---|---|
| ***VIA EMAIL*** | Guy Ruttenberg, Bar No. 207937<br>guy@ruttenbergiplaw.com<br>Kuyper, Bar No. 144969<br>bruce@ruttenbergiplaw.com<br>RUTTENBERG IP LAW,<br>A PROFESSIONAL CORPORATION<br>1801 Century Park East, Suite 1920<br>Los Angeles, CA 90067<br>Telephone: (310) 627-2270<br><br>*Attorneys for Plaintiff, AMP Plus, Inc. d/b/a ELCO Lighting* |

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Executed on June 25, 2025, in Irvine, California.

By: */s/ Ashley Russell*

Ashley Russell

1600236587.1