Erik J. Halverson (SBN 333492)
**K&L GATES LLP**
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Fax: (415) 882-8220
erik.halverson@klgates.com

*Attorney for Defendant Nora Lighting, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMP Plus, Inc. d/b/a ELCO Lighting,<br>Plaintiff,<br>v.<br>Nora Lighting, Inc.<br>Defendant. | Case No. 2:24-cv-08460-MWC-BFM<br><br>**DEFENDANT NORA LIGHTING, INC.'S MEMORANDUM IN OPPOSITION TO ELCO'S DISCOVERY MOTION**<br><br>**Hearing Noticed by Plaintiff for December 16, 2025 at 10:00am** |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR STAY PENDING REEXAMINATION**

## Table of Contents


I. ARGUMENT .......... 2
A. The Duong Transcript Is Not Has Minimal Impact On The Reexamination .......... 4
i. The Duong Transcript Is Not Relevant To The Reexamination .......... 4
ii. The Duong Testimony Is Not Relevant To The Anticipation Rejection In Reexamination .......... 6
B. The Case is Stayed .......... 8
C. Nora's Designations Are Proper .......... 9
D. ELCO's Unclean Hands Are Fatal To Its Fee Claim .......... 10
II. CONCLUSION .......... 10

This case is stayed.

Rather than respect the purpose of the stay—to conserve judicial and party resources while the United States Patent and Trademark Office (USPTO) addresses the unpatentability of Plaintiff AMP Plus, Inc. d/b/a ELCO Lighting's ("ELCO") patent claims—ELCO seeks to waste this Court's time and both parties' money on unnecessary discovery motion practice.

Nora has consistently maintained that: (1) it does not infringe ELCO's patent; (2) ELCO's patent is invalid; and (3) this litigation is an attempt to increase legal costs unnecessarily. The proceedings to date have confirmed these positions. As an initial matter, Defendant Nora Lighting, Inc.'s ("Nora") fully briefed 12(c) motion has been confirmed by ELCO's conduct in the pending reexamination and is ripe to be ruled upon now (and as the first-filed motion, before reaching ELCO's discovery motion). Moreover, Nora's belief that ELCO's patent claims were unpatentable has also been confirmed by ELCO's conduct in the reexamination. Now, ELCO attempts to use discovery from a stayed case for some unknown and improper purpose.

On October 1, 2024, ELCO filed this case alleging patent infringement of claims that, through ELCO's own conduct at the USPTO, are now confirmed to have been invalid. More egregiously, ELCO amended its patent claims during reexamination, confirming that there can be no recovery in this action under the theory of intervening rights. Now, after losing its original patent scope, ELCO's vexatious motion seeks to publicize Nora's internal design communications, as there is no credible reason why this information is relevant to the USPTO.[1] As

---

[1] Notably, this Court has ***already*** ruled that the Duong transcript should remain sealed. *See* Dkt. 46 (ordering the sealing of Plaintiff's opposition "and, in particular, Exhibit N" the Duong transcript). This is unaddressed by ELCO and should carry the day.

the case is presently stayed, there is little to no public interest in the Duong transcript, it serves as the basis for no order in this Court. Rather, it contains nothing more than Nora's own confidential business information which, as confirmed by ELCO's prior attempts to publicize this information, ELCO's counsel has no qualms about sharing with its client.

## I. ARGUMENT

The Protective Order in this case is clear that discovery material can only be used "in connection with this Action [and] only for prosecuting, defending, or attempting to settle this Action." Dkt. 33-1 at 7.1. The parties entered into this protective order "to expedite the flow of information" and "to adequately protect information the parties are entitled to keep confidential." It is hardly the case that the Duong deposition transcript contains information that would otherwise be available to the public. Rather, Mr. Duong testified extensively about Nora's internal design process, how it develops its products and involves its attorneys in that process. Rather than facilitate the flow of information, ELCO's motion seeks to have a chilling effect on that flow of information in an effort to share Nora's confidential supplier and design information with ELCO's employees to give ELCO a competitive advantage in the market place with information that would not have been available to ELCO without this litigation.

ELCO's counsel spent seven hours painstakingly probing into Nora's design process, its sources and suppliers, its pricing decisions, and its confidential trade secret design documents. Then, in callous disregard for the protective order, filed 45 pages of that transcript in opposing Nora's motion to stay, alleging they "don't believe these materials are particularly sensitive." Dkt. 45, Exhibit A. ELCO's callous disregard for Nora's confidential business information has been apparent since the onset of this case and this motion simply perpetuates the lengths ELCO will go to publicize Nora's confidential business information. These efforts continue now, even though the case is stayed and has no hope of coming

back to life.

Before responding to ELCO's various arguments, the context of ELCO's motion is important. On November 20, 2025, ELCO's prosecution counsel amended every claim asserted in this litigation. *See* Ex. A (Response to Office Action in Reexamination Control Number 90/019,951). It is undeniable that "[u]nless a claim granted or confirmed upon reexamination is identical to an original claim, the patent cannot be enforced against infringing activity that occurred before issuance of the reexamination certificate." *Bloom Eng'g Co. v. N. Am. Mfg. Co.*, 129 F.3d 1247, 1250 (Fed. Cir. 1997). 35 U.S.C. §§ 307 and 252 "shield those who deem an adversely held patent to be invalid." *Id.* at 1249 ("the making of substantive changes in the claims is treated as an irrebuttable presumption that the original claims were materially flawed."). When changes are made to claim scope during reexamination, "the statute relieves those who may have infringed the original claims from liability during the period before the claims are validated" because the original claims were materially flawed. *Id.*

ELCO's claims, the patent claims asserted in this action, are now presumed to be materially flawed and cannot be asserted against Nora. As such, this case can be dismissed as Nora's conduct accused of infringing has now been absolved through these amendments.

Even if amended claims were to survive reexamination and a reexamination certificate to ultimately issue, Nora's Pearl products are now beyond the scope of recoverable damages under the theory of intervening rights. *Bloom Eng'g*, 129 F.3d at 1251 (finding that when "claims were narrowed and limited in view of" prior art during reexamination, that substantive change in claim scope means the plaintiff "is not entitled to damages for infringement during the period before grant of the reexamined claims."). Here, in view of the prior art used to reject the claims of ELCO's patent, ELCO elected to narrow the scope of its patent claims. *See* Ex. A. This amendment confirms that the as-filed case cannot continue.

Finally, Nora's original noninfringement position has been confirmed by ELCO's own claim amendments. *See generally* Dkt. 32. Nora argued that the claimed holder was required to be separate and distinct from any trim, and that it had no claimed holder. *Id.* In response, ELCO contested that construction. Dkt. 35 at 13 ("Nora's Proposed Claim Construction is Wrong"). In its claim amendments during reexamination, ELCO realized its prior argument and representation to this Court was futile and instead added claims that confirm the claimed holder is distinct from any trim. *See* Ex. A, 8 (Claims 27 and 28 expressly requiring trim be separate and apart from the claimed holder).

In the face of these case-determinative admissions by ELCO, ELCO now seeks to contest this Court's prior order regarding the proper sealing of Exhibit N, the Danny Duong transcript. *See* Dkt. 46 (ordering the sealing of Plaintiff's opposition "and, in particular, Exhibit N," the Duong transcript). That ELCO presents this motion without even addressing the Court's ruling on the Duong transcript (the Exhibit N referenced in Dkt. 46, which this Court already explained it gave "particular focus") is a basis enough to deny ELCO's requested relief. In view of the above deficiencies, there is simply no rational explanation tied to this case to warrant ELCO's requested relief, let alone grant its extreme request for sanctions.

ELCO argues that 1) Nora's designations are improper, 2) that de-designation is important in view of the reexamination, and 3) that the Court's stay shouldn't impact its discovery motion. ELCO also seeks fees. All four arguments are unavailing.

**A. The Duong Transcript Has Minimal Impact On The Reexamination**

ELCO is incorrect that the Duong testimony has any impact on the pending reexamination.

*i. The Duong Transcript Is Not Relevant To The Reexamination*

ELCO contends that submission of the Duong transcript is necessary to comply with its duty of candor to the USPTO. Dkt. 53 at 7. This assertion is incorrect. Individuals associated with prosecuting a patent application have a duty to submit relevant information ***they are aware of***. *Bruno Indep. Living Aids, Inc. v. Acorn Mobility Servs., Ltd.*, 394 F.3d 1348, 1351 n.4 (Fed. Cir. 2005) ("Because there is no general duty to conduct a prior art search, there is no duty to disclose art of which an applicant is unaware") *citing Am. Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1362 (Fed.Cir.1984) (Because there is no general duty to conduct a prior art search, there is no duty to disclose art of which an applicant is unaware.).

While certain individuals associated with reexaminations have a duty to submit confidential information, this duty only exists for those individuals who are actually aware of that information. ELCO's litigation counsel does not have an obligation to submit any information to the USPTO as it is not associated with prosecution. 37 C.F.R. § 1.56(a) (2012) (the duty of candor is confined to those "individual[s] associated with the filing and prosecution of a patent application"). ELCO did not elect to have its litigation counsel handle the reexamination, as such, no duty exists for litigation counsel.

The named inventor does not have the deposition transcript in his possession, so he cannot have a duty to submit information that he does not have. Moreover, he was not present for large portions of Mr. Duong's deposition, in particular the portions regarding prior art and Nora's design process. As such, he has no duty to submit the Duong deposition transcript.

Finally, prosecution counsel does not have access to the transcript and cannot have a duty to disclose information he does not possess. Similarly, it would be fundamentally unfair to allow an individual to access Nora's confidential information and then use that confidential information to modify patent claims to assert against Nora. Indeed, the Protective Order in this case is

clear that confidential information can only be used only in furtherance of this litigation. *See* Dkt. 33-1 at 7.1 (Protective Order in this case stating "[r]eceiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.").

Granting prosecution counsel access to the Duong transcript would require an immediate mandamus petition to ensure Nora's confidential design information was not used to craft patent claims. *See In re Deutsche Bank Tr. Co. Americas*, 605 F.3d 1373, 1380 (Fed. Cir. 2010) (granting mandamus and vacating discovery order that allowed prosecution counsel access to confidential information).

*ii. The Duong Testimony Is Not Relevant To The Anticipation Rejection In Reexamination*

ELCO further alleges that 1) Nora copied ELCO's product (an allegation which is factually inaccurate) and 2) that somehow copying is relevant to the prosecution. This, however, misses the mark of the status of the reexamination. ELCO's patent claims were rejected as ***anticipated***, not as obvious, such that copying (which may be relevant to secondary considerations of non-obviousness) is irrelevant to the reexamination. *See KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 399 (2007) (describing the process for adjudicating invalidity under obviousness "[T]he scope and content of the prior art are ... determined; differences between the prior art and the claims at issue are ... ascertained; and the level of ordinary skill in the pertinent art resolved. Against this background the obviousness or nonobviousness of the subject matter is determined. Such secondary considerations as commercial success, long felt but unsolved needs, failure of others, etc., might be utilized to give light to the circumstances surrounding the origin of the subject matter sought to be patented"). These

secondary considerations have no bearing on an anticipation analysis.

The prior art in the reexamination was strong enough to warrant an anticipation rejection. *See* Ex. A; *see also FutureLogic, Inc. v. TransAct Techs. Inc.*, No. CV05037504-MMM-CTX, 2008 WL 11400763, at *16 (C.D. Cal. Mar. 3, 2008) (explaining the standards for anticipation). A claim is invalid for anticipation only if "the four corners of a single, prior art document describe every element of the claimed invention, either expressly or inherently, such that a person of ordinary skill in the art could practice the invention without undue experimentation." *Advanced Display Systems, Inc. v. Kent State University*, 212 F.3d 1272, 1282 (Fed. Cir. 2000), cert. denied, 532 U.S. 904 (2001); see also *SRI Int'l, Inc. v. Internet Sec. Systems, Inc.*, 511 F.3d 1186, 1192 (Fed. Cir. 2008) ("A [patent] claim is anticipated only if each and every element as set forth in the claim is found, either expressly or inherently described, in a single prior art reference,").

ELCO's claims were not only obvious, but invalid even under the much higher bar of anticipation. While it is true that "[s]econdary considerations of non-obviousness must be considered when present" in an obviousness analysis *Geo M. Martin Co. v. Alliance Mach. Sys. Int'l LLC*, 618 F.3d 1294, 1304 (Fed. Cir. 2010), it is equally true that secondary considerations "alone cannot overcome a strong prima facie case of obviousness." *Id* at 306. Here, even if ELCO is able to overcome the anticipation rejection and the claims are then rejected as obvious over the relied upon art, secondary considerations such as alleged copying, are still unable to move the needle on the invalidity of ELCO's claims.

There is no rational basis articulated for why the Duong transcript would be necessary to the USPTO, confirming that ELCO's previously articulated reasoning (to share with their client) is the real driver here. ELCO's client does not need access to Nora's sensitive design information, and ELCO's attempts to

circumvent this by misrepresenting the state of the reexamination and the duties owed should not be rewarded.

**B. The Case is Stayed**

This case is stayed to preserve judicial and party resources while the USPTO decides the fate of ELCO's patent claims. As the USPTO has already determined the claims that were the basis to be this case defective and as ELCO has already amended its claims, thereby mooting the property right that led to this case in the first place, the very purpose of the stay has proven to be worthwhile. Rather than let the USPTO continue its analysis, ELCO now seeks to further cause Nora to spend money that need not be spent.

From the onset of this case, Nora has been clear that the ELCO patent is invalid and that Nora does not infringe any claim of the ELCO patent. The USPTO's examination has confirmed both points. Now, rather than accept these truths, ELCO has decided to double down on its baseless litigation by forcing Nora to incur additional attorney fees on issues that this Court need not determine.

The cases ELCO relies on are not applicable. For example, *Bangert v. Cty. of Placer*, 2019 WL 358518, at *1 (E.D. Cal. Jan. 29, 2019) is a criminal case, where the public interest in the conduct of the police department's treatment of prisoners. Indeed, there, a strong public interest in the sealed content exists. *Id.* at *4 ("a strong public interest in the disclosure of records related to alleged officer misconduct"). In *Chicago Mercantile Exch., Inc. v. Tech. Rsch. Grp., LLC*, 276 F.R.D. 237, 240 (N.D. Ill. 2011), the court required the unsealing of the declaratory judgment plaintiff's summary judgment briefing on invalidity for submission to the USPTO. In that filing, the identification of prior art references and the mapping of those references to the claims at issue in the case was required to be presented to the USPTO because the same lawyers were handling both the reexamination and the district court litigation. *Id.* As a result, litigation counsel, who was aware of the invalidity contentions, had a duty of candor to submit that

content to the USPTO. Here, ELCO has different counsel for the litigation and reexamination, such that no duty exists. In *Chicago Mercantile*, the Court was simply allowing prosecution counsel to comply with its duty of candor. Not so here.

ELCO's remaining cases have to do with when the case has been closed, which is not the case here. Moreover, they relate to municipality litigation where the public has a need and an interest in the information of the litigation. Unlike municipal litigation, such as *Bangert* where the town had an interest in ensuring its police department was not abusing prisoners, the lens through which sealing of Nora's confidential business information is much broader. There is no public interest in Nora's design process, how Nora views competitors, or Nora's supply chain and business relationships. Rather, ELCO's entire motion is an attempt for it to get access to information it otherwise would be unable to obtain so it can better compete with Nora's products. This behavior, litigation using patent claims with suspect validity against products that admittedly do not infringe, all in an effort to obtain sensitive competitive information through discovery should not be rewarded.

The Court's stay and prior order on the Duong transcript and exhibits should remain the status quo throughout the reexamination process. If ELCO is able to maintain its litigation after the conclusion of the reexamination, the parties and the Court can evaluate what is necessary regarding public access but only if necessary.

**C. Nora's Designations Are Proper**

The Court has already confirmed that the deposition testimony of Danny Duong should remain sealed. *See* Dkt. 46. Contrary to every case cited by ELCO, there is a court order confirming that the Duong transcript, the Exhibit N referenced in Dkt. 46, should remain sealed. There is no public interest in the "initial greetings and statement of the witness' name up through and including the

thank-yous and pleasantries at the end." Dkt. 53 at 6. The purpose behind de-designating is to provide the public with access to information to ensure a transparent judiciary. There is simply nothing in the Duong transcript that warrants de-designation. To the extent the Court orders de-designation while the case is stayed, Nora will abide by the Court's order.

**D. ELCO's Unclean Hands Are Fatal To Its Fee Claim**

ELCO's baseless litigation cannot support a fees claim. Nora informed ELCO on day 1 that it did not infringe ELCO's patent and ELCO's patent was invalid. Dkt. 19 (Nora's Answer). Since then, the patent office confirmed that ELCO's claims were invalid and ELCO's proposed amendments to its claims confirm that Nora's noninfringement position (as set forth in Nora's 12(c) motion and articulated above) are true. The equitable remedy of attorneys' fees is only available if ELCO has clean hands; it does not. *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945) ("he who comes into equity must come with clean hands."). ELCO is not entitled to fees in a case where it now has no assertable proper right and no recoverable damages.

## II. <u>CONCLUSION</u>

Nora respectfully requests that the Court deny ELCO's discovery motion while the case is stayed.

DATED: November 25, 2025

By: */s/ Erik J. Halverson*
Erik J. Halverson
*Attorney for Defendant*
*Nora Lighting, Inc.*

## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 years, employed in the County of Orange, State of California, and not a party to the above-entitled cause. On November 25, 2025, I caused to be served the foregoing document on the interested parties in this action as set forth below:

**DEFENDANT NORA LIGHTING, INC.'S OPPOSITION TO ELCO'S DISCOVERY MOTION**

| | |
|---|---|
| ***VIA EMAIL*** | Guy Ruttenberg, Bar No. 207937<br>guy@ruttenbergiplaw.com<br>Kuyper, Bar No. 144969<br>bruce@ruttenbergiplaw.com<br>RUTTENBERG IP LAW,<br>A PROFESSIONAL CORPORATION<br>1801 Century Park East, Suite 1920<br>Los Angeles, CA 90067<br>Telephone: (310) 627-2270<br><br>*Attorneys for Plaintiff, AMP Plus, Inc. d/b/a ELCO Lighting* |

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Executed on November 25, 2025, in Irvine, California.

By: */s/ Ashley Russell*

Ashley Russell

1604237371.1