UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.:   2:24-cv-08460-MWC-BFM                      Date:   December 17, 2025

Title:   Amp Plus, Inc. d/b/a Elco Lighting v. Nora Lighting, Inc.

==================================================================

Present: The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

| Christianna Howard | CourtSmart |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Bruce D. Kuyper (via Zoom) | Erik Halverson (via Zoom) |

**Proceedings:    Minute Order on Hearing Re: Motion Challenging Designation of Duong Transcript (ECF 53)**

Pending before the Court is Plaintiff ELCO Lighting's Motion challenging Defendant Nora Lighting's designation of a deposition transcript as confidential. (ECF 53.) The transcript relates to the deposition of Danny Duong, who was involved in the design and development of Nora's allegedly infringing product. After the deposition, Nora designated the entire transcript as confidential under this Court's Protective Order. (ECF 55-2 (Deposition Transcript); ECF 33-1 (Protective Order).)[1] ELCO challenges Nora's designation as violating the Protective Order's prohibition on "mass, indiscriminate, or routinized designations." (Protective Order § 5.1)

Nora does not argue that its designation complies with the Protective Order's terms. Instead, it offers three arguments why it should not be required

---

[1] For ease of reference, the Court uses the ECF-generated page numbers found in the header of docketed documents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

**Case No.:**   2:24-cv-08460-MWC-BFM                **Date:**   December 17, 2025

**Title:**   Amp Plus, Inc. d/b/a Elco Lighting v. Nora Lighting, Inc.

======================================================================

to offer more fine-tuned designation at this time. (ECF 57 (Opp'n).) First, it asks the Court to put stock in the District Judge's order sealing portions of the same deposition in connection with a motion. (Opp'n at 3-4 (citing ECF 46).) The Court notes that that application was apparently unopposed, and the Court does not understand the District Judge to have adjudicated whether the deposition should be sealed—at least not with the benefit of any briefing on the subject. (*See* ECF 43, 46.)[2]

Second, Nora argues that the case is currently stayed in this Court. (Opp'n at 10-11.) While that is true, it is not a complete answer to the charge that designation of the entire deposition transcript does not comply with the Protective Order: by its terms, the Protective Order remains in force through final disposition of the case. (Protective Order § 13.)

Finally, Nora argues that its designations are proper and that it should be permitted to maintain confidentiality in those portions of the transcript for which disclosure would be harmful to its interests. (Opp'n at 12-13.) The Court does not doubt that there is confidential information within the transcript, but the entire transcript does not fit that bill. Mr. Duong talked about things like

---

[2] This Court too intends to grant the application to seal the exhibits, including the one containing the declaration (ECF 54)—not because it believes that every word of the deposition should be sealed, but because the Court believes that significant portions of it should be, that it would not be practicable at this juncture to require partial redaction of the exhibits, and that the public interest in the document does not warrant its disclosure in connection with this nondispositive motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| **Case No.:** | 2:24-cv-08460-MWC-BFM | **Date:** | December 17, 2025 |

**Title:**  Amp Plus, Inc. d/b/a Elco Lighting v. Nora Lighting, Inc.

======================================================================

his employment background, his LinkedIn page, his understanding of patents, and what titles certain employees hold. The Court cannot see how such items meet the definition of "confidential," which is limited to trade secrets, confidential business information, confidential research and development, and the like. (*See* Protective Order §§ 1.2, 2.3.) It is thus not fair to say that the *entire* transcript was properly designated as confidential.

ELCO's motion is therefore **granted in part**. **No later than January 8, 2026,** Nora Lighting shall review its designation of the deposition transcript of Mr. Duong and revise its designation to cover only those portions of the transcript that meet the definition of "confidential" set out in Section 2.3 of the Protective Order. To the extent that there are further disputes relating to Nora's confidentiality designations in connection with this transcript, the parties should meet and confer but are not required to request a second pre-filing informal discovery conference before putting the question before the Court for adjudication.

ELCO's request for fees and costs (ECF 53-1 at 9-10) is **denied**; ELCO has not met its burden of supporting its request with billing records.

**IT IS SO ORDERED.**

cc:   Counsel of Record

: 20

Initials of Preparer:   ch