Erik J. Halverson (SBN 333492)
**K&L GATES LLP**
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Fax: (415) 882-8220
erik.halverson@klgates.com

*Attorney for Defendant Nora Lighting, Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMP Plus, Inc. d/b/a ELCO Lighting,<br><br>    Plaintiff,<br><br>    v.<br><br>Nora Lighting, Inc.<br><br>    Defendant. | Case No. 2:24-cv-08460-MWC-BFM<br><br>**DEFENDANT NORA LIGHTING, INC.'S REPLY TO PLAINTIFF AMP PLUS, INC.'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>**JURY TRIAL DEMAND**<br><br>**Hearing Noticed for Friday, June 26, 2026 at 1:30pm** |

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

## **Table of Contents**

I.    ARGUMENT ......................................................................................................1

    A.    Claim Construction Is Proper at the 12(c) Stage ....................................2

    B.    Nora's Claim Construction Is Correct—"Holder" Is A Distinct Component From "Trim" ..........................................................................3

    C.    The Court Can Rule in Nora's Favor Without Consideration of Nora's Answer.....................................................................................................10

II.    CONCLUSION ................................................................................................12

2:24-cv-08460-MWC-BFM

DEFENDANT NORA LIGHTING, INC.'S REPLY TO ELCO'S RESPONSE TO NORA'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AlexSam, Inc. v. Aetna*,
   119 F.4th 27 (Fed. Cir. 2024) ................................................................... 1, 13

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................ 2

*Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*,
   672 F.3d 1335 (Fed. Cir. 2012) .................................................................... 13

*Catalina Lighting, Inc. v. Lamps Plus, Inc.*,
   295 F.3d 1277 (Fed. Cir. 2002) .................................................................... 13

*Chavez v. United States*,
   683 F.3d 1102 (9th Cir. 2012) ........................................................................ 2

*Data Engine Techs. LLC v. Google LLC*,
   906 F.3d 999 (Fed. Cir. 2018) ...................................................................... 13

*Duncan Parking Techs. Inc. v. IPS Grp., Inc.*,
   914 F.3d 1347 (Fed. Cir. 2019) .................................................................... 13

*Energy Transp. Grp., Inc. v. William Demant Holding A/S*,
   697 F.3d 1342 (Fed. Cir. 2012) .................................................................... 13

*Facebook, Inc. v. Pragmatus AV, LLC*,
   582 F. App'x 864 (Fed. Cir. 2014) ............................................................... 13

*Home Diagnostics, Inc. v. LifeScan, Inc.*,
   381 F.3d 1352 (Fed. Cir. 2004) .................................................................... 13

*Homeland Housewares, LLC v. Whirlpool Corp.*
   865 F.3d 1372, 1377 (Fed. Cir. 2017) .......................................................... 13

*Immunex Corp. v. Sanofi-Aventis U.S. LLC*,
   977 F.3d 1212 (Fed. Cir. 2020) .................................................................... 13

DEFENDANT NORA LIGHTING, INC.'S REPLY TO ELCO'S RESPONSE TO NORA'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)

*Intel Corp. v. Qualcomm Inc.*,
   21 F.4th 801 (Fed. Cir. 2021) ................................................................... 1

*Krippelz v. Ford Motor Co.*,
   667 F.3d 1261 (Fed. Cir. 2012) ............................................................... 13

*Laws. for Fair Reciprocal Admission v. United States*,
   141 F.4th 1056 (9th Cir. 2025) ............................................................... 13

*Markman v. Westview Instruments, Inc.*,
   517 U.S. 370 (1996) .................................................................................. 1

*McSherry v. City of Long Beach*,
   423 F.3d 1015 (9th Cir. 2005) ................................................................... 2

*Nalco Co. v. Chem-Mod, LLC*,
   883 F.3d 1337 (Fed. Cir. 2018) ............................................................... 13

*Phillips v. AWH Corp.*,
   415 F.3d 1303 (Fed. Cir. 2005) ............................................................... 13

*SciMed Life Sys., Inc. v. Advanced Cardiovascular Sys., Inc.*,
   242 F.3d 1337 (Fed. Cir. 2001) ............................................................... 13

*The Medicines Company v. Mylan, Inc.*,
   853 F.3d 1296 (Fed. Cir. 2017) ............................................................... 13

*UTTO Inc. v. Metrotech Corp.*
   119 F.4th 984, 992–94 (Fed. Cir. 2024) ................................................... 2

*Vitronics Corp. v. Conceptronic, Inc.*,
   90 F.3d 1576 (Fed. Cir. 1996) ................................................................. 13

**Statutes**

35 U.S.C. § 252 ............................................................................................. 13

35 U.S.C. § 307 ............................................................................................. 13

**Other Authorities**

Rule 12(c) ..................................................................................................... 13

U.S. Patent No. 11,092,326 ...................................................................... 1, 13

DEFENDANT NORA LIGHTING, INC.'S REPLY TO ELCO'S RESPONSE TO NORA'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)

Defendant Nora Lighting, Inc. ("Nora") replies to Plaintiff AMP Plus, Inc. d/b/a/ ELCO Lighting's ("ELCO") opposition (Dkt. 79) (the "Opposition") to Nora's motion for judgment of noninfringement on the pleadings (Dkt. 71) ("Nora's Motion") of ELCO's claim of Patent Infringement.

## I.   <u>ARGUMENT</u>

The Opposition fails to adequately address the fundamental issue raised in Nora's Motion: whether Nora's accused product lacks a "holder" as claimed in U.S. Patent No. 11,092,326 (the "'326 patent"), such that no possible case of infringement can proceed. Under the correct claim construction of "holder," ELCO cannot plausibly state a claim for infringement by Nora's Pearl Product for each independent claim. *See* '326 patent, cls. 1, 15, 19.

The Opposition argues that the Complaint alleges Nora's Pearl Products include a holder, "[n]othing more is required." Opposition, 6:4–6 (citing *AlexSam, Inc. v. Aetna*, 119 F.4th 27, 35 (Fed. Cir. 2024)). But, "a patentee may subject its claims to early dismissal by pleading facts that are inconsistent with the requirements of its claims." *AlexSam*, 119 F.4th at 35 (citations omitted). Moreover, "pleadings that 'are no more than conclusions[] are not entitled to the assumption of truth.'" *Id*., at 39 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). ELCO merely pleads that a holder exists, a conclusory allegation unsupported by fact or law. Nora's products do not include a holder; they connect directly to a trim. ELCO's allegations are inconsistent with the claim requirements and warrant dismissal. The Opposition does not alter this and as a result Nora's Motion should be granted.

The Court must construe disputed claim terms to resolve infringement, and "holder" is disputed. *Markman v. Westview Instruments, Inc.,* 517 U.S. 370, 372 (1996). Claim construction based on intrinsic evidence is a legal determination, completely resolves Nora's Motion, and is proper at this stage. *Intel Corp. v.*

DEFENDANT NORA LIGHTING, INC.'S REPLY TO ELCO'S RESPONSE TO NORA'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)

*Qualcomm Inc.*, 21 F.4th 801, 808 (Fed. Cir. 2021) ("Claim construction is ultimately a question of law, decided de novo on review, as are the intrinsic-evidence aspects of a claim-construction analysis."). Claim construction establishing the scope of the term "holder" as a separate component from "trim" is proper based on the '326 patent's intrinsic record. When construed, the scope of the claimed "holder" cannot be satisfied by "trim," and as a result, Nora's products, which lack any holder, cannot infringe. This is not an example of adding a feature to escape infringement. This is an example of a product standing outside the scope of a necessary claim element. The Opposition accuses Nora's Motion of setting up a "strawman" in characterizing the Complaint as accusing Nora's trim as being the claimed "holder". Opposition, 13:5–7. But there is no other allegation offered in the Complaint or Answer. Nora's products' heatsink directly connects to the trim, and ELCO's blanket denial is no basis to conclude otherwise.

A plaintiff's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 554 (2007)). "Taking all the allegations in the pleading as true, [Nora] is entitled to judgment as a matter of law." *McSherry v. City of Long Beach*, 423 F.3d 1015, 1021 (9th Cir. 2005).

## A. Claim Construction Is Proper at the 12(c) Stage

The Federal Circuit went to great lengths in its *UTTO Inc. v. Metrotech Corp.*, opinion to state that claim construction is proper to resolve a 12(b)(6) motion—a motion brought *earlier* in a proceeding than a 12(c) motion. *See* 119 F.4th 984, 992–94 (Fed. Cir. 2024); *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). The Opposition identifies no authority indicating claim construction at this stage is inappropriate and the Opposition also improperly argues *UTTO* stands for the proposition that "claim construction at the pleading stage is limited to exceptional circumstances,"—*UTTO* makes no mention of

2                          2:24-cv-08460-MWC-BFM

"exceptional circumstances" needed for claim construction. *See* Opposition, 11. Instead, *UTTO* clarifies that "[*Nalco*] should not be read as stating a categorical rule against a district court's adoption of [] claim construction in adjudicating a motion to dismiss," but "should be read in [a] case-specific way[.]" *UTTO*, 119 F.4th at 993 (referencing *Nalco Co. v. Chem-Mod, LLC,* 883 F.3d 1337 (Fed. Cir. 2018)). "[S]ometimes a claim's meaning may be so clear…that no additional process is needed." *Id*., at 994. The claimed "holder" is one such example, as the '326 patent and its prosecution history during reexamination confirm.

The district court in *UTTO* was reversed because (a) the asserted patent's specification contained specification language that supported each party's construction of the disputed term ("group of buried asset data points") and (b) that "there may be a role for extrinsic evidence to play in this case…in coming to understand the invention as disclosed." *Id.,* at 989, 998. Neither of these conditions are present before this Court.

The term "holder" in the '326 patent does not have a plausible alternative meaning supported by the specification, let alone one that would encompass trim. Nora presents significant support from the intrinsic record that the claimed "holder" is a separate component from trim. *See* Nora's Motion, 9:1–22:18; *infra* Section I.B. Meanwhile, the Opposition presents no evidence from the intrinsic record that the holder and trim can constitute the same element. *See* Opposition, 12:7–14:8. In fact, the only reference to the specification in the Opposition is a direct quote from claim 1 itself. *Id*., 13:13–17 (citing '326 patent at 13:38–43). This further confirms that ELCO has no alternative proposal or construction for the claimed "holder" and this issue is ripe for resolution on the current record.

### B. Nora's Claim Construction Is Correct—"Holder" Is A Distinct Component From "Trim"

The claimed "holder" does not encompass trim. The '326 patent's

3                    2:24-cv-08460-MWC-BFM

specification is determinative. *SciMed Life Sys., Inc. v. Advanced Cardiovascular Sys., Inc.*, 242 F.3d 1337, 1340 (Fed. Cir. 2001) ("Where the specification makes clear that the invention does not include a particular feature, that feature is deemed to be outside the reach of the claims of the patent, even though the language of the claims, read without reference to the specification, might be considered broad enough to encompass the feature in question."). As explained, "*every time* the assembly of the integrated lighting module is mentioned in the specification, along with *every time* the specification describes what the integrated lighting module is comprised of, a holder is mentioned, and trim is not." Motion at 14:12–15 (emphasis in original). The '326 patent consistently treats holder and trim as distinct objects, even marking them with separate reference numerals. '326 patent, 3:31, 3:59. ELCO has no response to this, because it is true.

The Opposition accuses Nora of (1) relying on extrinsic evidence and (2) trying to improperly import limitations of the specification into the claims. Opposition, 11:22–12:1, 12:10–11. First, the Opposition fails to identify any extrinsic evidence relied on by Nora.[1] The intrinsic record includes a patent's specification, claims, and prosecution history. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1317 (Fed. Cir. 2005). Nora relies on the specification of the '326 patent, which serves as the "single best guide to the meaning of a disputed term." *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996). No extrinsic evidence is required because the meaning of the term is clear based only on intrinsic evidence.

Second, Nora's Motion does not seek to limit the '326 patent claims to specific embodiments recited in the specification. *See* Opposition, 8:26–9:5

---

[1] To the extent the Opposition contends Exhibit A to the Answer (cited at Nora's Motion, 21:3–6) constitutes extrinsic evidence, the Opposition misunderstands its purpose. The annotation was not provided for the purposes of claim construction, but instead to illustrate that the accused products falls plainly outside the scope of the '326 patent claims: it establishes non-infringement.

4                                    2:24-cv-08460-MWC-BFM

DEFENDANT NORA LIGHTING, INC.'S REPLY TO ELCO'S RESPONSE TO NORA'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)

(citing *Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277, 1286 (Fed. Cir. 2002)). "An infringement analysis is a two-step process in which the court first construes the claims as a matter of law. The properly construed claims are then compared to the accused device to determine, as a question of fact, whether all the claim limitations are present in the accused device." *Catalina Lighting*, 295 F.3d at 1285. The Opposition seeks to skip construction and go straight to the question of infringement. Nora relies on the embodiments of the '326 patent as instructive in construing the claims. *Duncan Parking Techs. Inc. v. IPS Grp., Inc.,* 914 F.3d 1347, 1364 (Fed. Cir. 2019) ("[A] claim construction that excludes the preferred embodiment is highly disfavored.").

The '326 patent's written specification, figures, and prosecution history (explained below), consistently and uniformly discusses "holder" and "trim" as distinct terms, even using distinct reference numerals (125 and 1221) throughout *every embodiment* described in the patent. As such, the term trim is outside the scope of "holder," in the context of the '326 patent. *See id.*

Nora's analysis is appropriate analysis under the Opposition's own cited case law. *See* Opposition, 12:10–13 (*SciMed Life Sys., Inc. v. Advanced Cardiovascular Sys., Inc.*, 242 F.3d 1337, 1340 (Fed. Cir. 2001)). In claiming Nora is committing "a cardinal sin," the Opposition improperly takes the Federal Circuit out of context:

> SciMed argues at length that in construing the claims based on the written description, the district court has committed *one of the cardinal sins of patent law*—reading a limitation from the written description into the claims. **But that is not an accurate characterization of what the district court did. Instead, the district court properly followed the invocation that claims must be read in view of the specification, of which they are a part.** As this court has recently explained, one purpose for examining the specification is to determine if the patentee has limited the scope of the claims.

DEFENDANT NORA LIGHTING, INC.'S REPLY TO ELCO'S RESPONSE TO NORA'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)

*SciMed*, 242 F.3d at 1340–41. (citations and quotation marks omitted) (emphasis added).

Similar to the plaintiff in *SciMed*, ELCO is trying to expand the meaning of "holder" beyond the specification of the '326 patent, and beyond its plain and ordinary meaning. Nora does not dispute ELCO's structural description of holder as stated in the claims, but that is not the relevant inquiry. The relevant inquiry is whether the '326 patent consistently and exclusively describes "holder as a specific component distinct from "trim." In the '326 patent, that distinction is shown by the specification's consistent use of separate terms and reference numerals. The '326 patent's specification differentiates "holder" and "trim" and ELCO is not permitted to claim a feature deemed outside the reach of its specification "even [if] the language of the claims, read without reference to the specification, might be considered broad enough to encompass the feature in question." *SciMed*, 242 F.3d at 1340–41. While it is indeed a cardinal sin to limit claims to a specific embodiment, claims must be construed consistent with, and not more broadly than, the disclosed embodiments. *The Medicines Company v. Mylan, Inc.*, 853 F.3d 1296, 1309 (Fed. Cir. 2017) (when a term is used in a singular and consistent manner throughout the specification, "it [is] entirely appropriate to limit the term [holder] to the sole portion of the specification that adequately discloses [holder] to the public.").

ELCO further stated that, "[t]he Federal Circuit has 'repeatedly warned against confining the claims to' embodiments recited in the specification. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1323 (Fed. Cir. 2005) (en banc)." However, this phrasing is again misleading. In *Phillips*, the full quote is, "[f]or instance, although the specification often describes **very specific embodiments** of the invention, we have *repeatedly warned* against confining the claims to **those embodiments.**" *Id.* (emphasis added). The Federal Circuit is cautioning against

DEFENDANT NORA LIGHTING, INC.'S REPLY TO ELCO'S RESPONSE TO NORA'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)

using select, specific embodiments to limit the claims. *Id.* This is not the situation in the case before us. Throughout the embodiments in its specification, the '326 patent consistently and uniformly discusses "holder" and "trim" as distinct terms. *Medicines v. Mylan*, 853 F.3d at 1309. The '326 patent uses distinct reference numerals for holder (125) and trim (1221) throughout *every* embodiment. There is no specific embodiment Nora has relied on in an effort to force through its construction. Instead, ELCO seeks to manufacture concern about a risk untethered to the facts of this case, a red herring the Court can ignore.

ELCO's quoted statement "'[a]bsent a clear disavowal in the specification or the prosecution history, the patentee is entitled to the full scope of its claim language.' *Home Diagnostics, Inc. v. LifeScan, Inc.*, 381 F.3d 1352, 1358 (Fed. Cir. 2004)," is similarly a non-event. It adds nothing for, or against, either party's position. Nora brought this Motion because the '326 patent specification describes the full scope of "holder" as a specific component of the integrated lighting module which does not encompass trim—a separate component unclaimed in the independent claims. And in line with *Home Diagnostics*, that's exactly the full scope to which ELCO should be entitled. As emphasized in *Homeland Housewares, LLC v. Whirlpool Corp.*, "when a patentee uses a claim term throughout the entire patent specification, in a manner consistent with only a single meaning, he has defined that term 'by implication.'" 865 F.3d 1372, 1377 (Fed. Cir. 2017). ELCO makes no mention of *Homeland Housewares* in its Opposition, because the '326 patent consistently discusses "holder" as separate from "trim" and by implication has defined it as separate from trim. *See id.*

As Nora had previously noted in its Motion, ELCO's claims themselves support the construction of holder as separate from trim. For example, dependent system claim 27 states in its entirety: "A lighting system, comprising: the integrated lighting module according to claim 1; and a trim." Dkt. 68, Ex. A, cl.

7                          2:24-cv-08460-MWC-BFM

DEFENDANT NORA LIGHTING, INC.'S REPLY TO ELCO'S RESPONSE TO NORA'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)

27. The Opposition disagrees and contends that Nora's argument would "render Claim 27 superfluous." *See* Opposition, 13:8-11. This is wrong. With Nora's proper construction, the independent claims (such as claim 1) would properly cover an integrated lighting module which includes, or does not include trim, as long as the integrated lighting module includes the claimed "holder" along with the other required elements. The '326 patent, cls. 1, 15, 19. The dependent claims would only cover an integrated lighting module **"and a trim**," when together as a system. *Id*., cls. 27, 34, 41. Interpreting claims 1, 15, and 19 so broadly that a trim could infringe the holder renders claims 27, 34, and 41 meaningless, as the trim is required as a separate component to the integrated lighting module. It is Nora's proposed construction which gives meaning to all claims.

The Opposition further contends that Claim 27 should be ignored for the purposes of claim construction because "ELCO has not asserted Claim 27," and it was "added during reexamination." Opposition, 12:21–23. But claims added during reexamination have the same effect as those during original prosecution. *See* 35 U.S.C. § 307 ("Any…new claim determined to be patentable and incorporated into a patent following a reexamination proceeding will have the same effect as that specified in section 252 for reissued patents"); 35 U.S.C. § 252 ("The surrender of the original patent shall take effect upon the issue of the reissued patent, and every reissued patent will have the same effect…as if the same had been originally granted."). New, unasserted claims still constitute intrinsic evidence, and use of later added claims for the purpose of claim construction is proper. *Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335, 1348 (Fed. Cir. 2012) (relying on new claim 35 to construe amended claim 23); *Phillips v. AWH Corp.,* 415 F.3d 1303, 1315 (Fed.Cir.2005) (en banc) ("the presence of a dependent claim that adds a particular limitation gives rise to a presumption that the limitation in question is not present in the independent

claim.”); *Krippelz v. Ford Motor Co.*, 667 F.3d 1261, 1266 (Fed. Cir. 2012) (“patentee’s statements during reexamination can be considered during claim construction”). It is disingenuous for ELCO to suggest that somehow its statements made during reexamination, including its claim amendments and additions, are not highly relevant to the claim construction exercise.

Moreover, in construing the scope of “holder” as separate from “trim,” the Court’s constructions would align with the interpretation of the claims by United States Patent Office (“USPTO”). During reexamination, the USPTO issued an Office Action on September 23, 2025, stating “[the integrated lighting module] is instead disclosed as configured to be installed *with respect to a trim component* comprising a flange…given that the *trim is not part of the integrated lighting module*, the claim has been interpreted under the broadest reasonable interpretation to require a holder that is configured to connect to a flange.” Exhibit A at 5 (emphasis added). ELCO provided no response to this construction during prosecution and as such should be held to “the scope of what they ultimately claim.” *Energy Transp. Grp., Inc. v. William Demant Holding A/S*, 697 F.3d 1342, 1360 (Fed. Cir. 2012) (citing *Norian Corp. v. Stryker Corp.*, 432 F.3d 1356, 1362 (Fed. Cir. 2005)). Furthermore, ELCO is not allowed to now retroactively claw back claim scope it surrendered during prosecution by way of the doctrine of equivalents. *Id.* (holding that “[p]rosecution history estoppel bars application of the doctrine of equivalents even where the applicant surrendered more claim scope than was necessary to overcome a rejection.”) If the USPTO treated trim as a separate component from holder under the broadest reasonable interpretation that applies during reexamination, this Court must construe holder more narrowly under the *Phillips* standard. *Facebook, Inc. v. Pragmatus AV, LLC*, 582 F. App’x 864, 869 (Fed. Cir. 2014) (“[t]he broadest reasonable interpretation of a claim term may be the same as or broader than the construction of a term under the

9

2:24-cv-08460-MWC-BFM

*Phillips* standard. But it cannot be narrower.").

Nora is not asking the Court to do anything other than interpret the terms consistent with their meaning in the specification and consistent with how the USPTO understood the claims: holder and trim are different components.

## C. The Court Can Rule in Nora's Favor Without Consideration of Nora's Answer

The Opposition contends finding in Nora's favor would require accepting Nora's factual allegations. Opposition, 7:5–28. This is untrue and unasked by Nora. Nora referenced its Answer because, unlike in a 12(b)(6) motion, the Court may consider an Answer in a 12(c) motion. *See Laws. for Fair Reciprocal Admission v. United States,* 141 F.4th 1056, 1074 (9th Cir. 2025) (holding that a motion for judgment on the pleadings under Rule 12(c) is procedurally premature if brought "before any answer [is] filed"). Regardless of the Court's ultimate decision on this topic, the allegations contained in Nora's Answer are not needed to properly construe the claims of the '326 patent. The allegations simply add visual clarity to the evidentiary deficiency in ELCO's claim, but even without considering Nora's allegations, ELCO's gap still remains because this Motion turns on the claim construction of "holder."

The Opposition states that Nora relies "heavily on its own factual assertions as to the perspective of an (undefined) POSITA." Opposition, 12:1-2. The Opposition fails to identify a single instance of how this should alter this Court's analysis. Every mention in Nora's Motion about the perspective of a POSITA is correctly in reference to the '326 patent's specification. *See Immunex Corp. v. Sanofi-Aventis U.S. LLC*, 977 F.3d 1212, 1221 (Fed. Cir. 2020) ("It is true that we seek the meaning of claim terms from the perspective of the person of ordinary skill in the art. The key however, is that we look to how that person would have understood a term *in view of the specification*.") (emphasis in original). In fact, in

10                                  2:24-cv-08460-MWC-BFM

its answer, ELCO admits the very facts that Nora now relies on to support its position. For example ELCO admits the '326 patent:

- uses different numerals for holder and trim (Dkt. 26, ¶¶24–25);
- refers to industry-standard sized trim (*Id.*, ¶¶28–29, 31);
- describes interactions between the two discrete components trim and holder (*Id.*, ¶¶18–23, 27, 34–35); and
- refers to "an integrated lighting module wherein its heat sink module…may be adjusted without interfering with the trim (*Id.*, ¶33).

The Opposition presents no argument for how the intrinsic record would be interpreted by a POSITA differently than what ELCO admits it discloses. Rather, these confirm Nora's position.

Moreover, a POSITA was already identified and defined in Nora's Ex Parte Reexamination request in the prosecution history, the intrinsic record that is considered part of the pleadings for this exercise. *See* Exhibit B, 7; *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1008 n.2 (Fed. Cir. 2018) ("On a motion for judgment on the pleadings, however, the court may consider 'matters of public record.' Prosecution histories constitute public records.")(citations omitted). The knowledge of a POSITA was also referenced in Office Actions during the reexamination, also part of the same intrinsic record. *See e.g.*, Exhibit A, 10, 11, 13, 14. ELCO did not dispute the level of skill during its reexamination, and raises no meaningful dispute here. *See* Exhibits C and D.

Nora's claim construction argument is drawn solely from the intrinsic record of the '326 patent: the claims recite "holder" as one of five components of the integrated lighting module; the specification consistently differentiates "holder" from trim; ELCO's '326 patent assigns separate reference numbers to holder (125) and trim (1221); Figures 1–11 depict the integrated lighting module

(100) with holder but without trim and Figures 12A and 12B depict trim as part of a separate "full assembly" (1299), distinct from the integrated lighting module (100); the file history affirmatively asserts that "trim is not part of the integrated lighting module;" and the dependent claims note that trim is a separate element from the claimed integrated lighting module. Thus, the Court does not need to look beyond the intrinsic record to determine that "holder" and "trim" are distinct terms as used in the '326 patent.

## II.  CONCLUSION

The Supreme Court mandates that the Court's duty is to construe the claims of an asserted patent. The case law and pleadings, alone, support construing "holder" as separate and apart from "trim," and under such a construction, Nora does not infringe. Additionally, once the claimed "holder" is properly construed as such, no amendment to ELCO's pleadings would create a viable infringement theory.

For the foregoing reasons, Defendant respectfully requests that the Court grant the instant Motion for judgment on the pleadings, deny ELCO's request for leave to amend, and enter judgment that Nora's product does not infringe the '326 patent.

DATED:     June 12, 2026          By: */s/ Erik J. Halverson*
                                       Erik J. Halverson
                                       *Attorney for Defendant*
                                       *Nora Lighting, Inc.*

DEFENDANT NORA LIGHTING, INC.'S REPLY TO ELCO'S RESPONSE TO NORA'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 years, employed in the County of Orange, State of California, and not a party to the above-entitled cause. On June 12, 2026, I caused to be served the foregoing document on the interested parties in this action as set forth below:

**DEFENDANT NORA LIGHTING, INC.'S REPLY TO ELCO'S OPPOSITION MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)**

| | |
|---|---|
| ***VIA EMAIL*** | Guy Ruttenberg, Bar No. 207937<br>guy@ruttenbergiplaw.com<br>Kuyper, Bar No. 144969<br>bruce@ruttenbergiplaw.com<br>RUTTENBERG IP LAW,<br>A PROFESSIONAL CORPORATION<br>1801 Century Park East, Suite 1920<br>Los Angeles, CA 90067<br>Telephone: (310) 627-2270<br><br>*Attorneys for Plaintiff, AMP Plus, Inc. d/b/a ELCO Lighting* |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 12, 2026, in Irvine, California.

By: */s/ Ashley Russell*

Ashley Russell