Guy Ruttenberg, Bar No. 207937
guy@ruttenbergiplaw.com
Bruce D. Kuyper, Bar No. 144969
bruce@ruttenbergiplaw.com
RUTTENBERG IP LAW,
A PROFESSIONAL CORPORATION
1801 Century Park East, Suite 1920
Los Angeles, CA 90067
Telephone: (310) 627-2270
Facsimile: (310) 627-2260

*Attorneys for Plaintiff,*
*AMP Plus, Inc. d/b/a ELCO Lighting*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMP Plus, Inc. d/b/a ELCO Lighting, <br><br> Plaintiff, <br><br> v. <br><br> Nora Lighting, Inc., <br><br> Defendant. | Case No. 2:24-cv-08460-MWC (BFMx) <br><br> **DECLARATION OF BRUCE D. KUYPER IN SUPPORT OF ELCO'S MOTION FOR SUMMARY JUDGMENT OF LIABILITY** <br><br> Date:        August 7, 2026 <br> Time:        1:30 p.m. <br> Courtroom: 6A <br> Judge:   Hon. Michelle Williams Court |

KUYPER DECL. ISO ELCO'S MOTION FOR SUMMARY JUDGMENT

I, Bruce D. Kuyper, declare as follows:

1.      I am an attorney licensed to practice in the State of California and before this Court. I am an attorney at the law firm of Ruttenberg IP Law, A Professional Corporation, attorneys for Plaintiff AMP Plus, Inc. d/b/a ELCO Lighting (collectively, "ELCO"). If called as a witness, I could and would testify competently as to the facts set forth below, as I know each to be trued based upon my own personal knowledge or upon my review of the files and records maintained by Ruttenberg IP Law, A Professional Corporation, in the regular course of its representation of ELCO. I submit this declaration in support of ELCO's Motion for Summary Judgment of Liability against Defendant Nora Lighting, Inc. ("Nora").

2.      In accordance with Local Rule 7-3, I and Guy Ruttenberg, Principal of Ruttenberg IP Law and lead counsel for ELCO in this action, conferred with opposing counsel, Erik J. Halverson, on several occasions by telephone concerning this motion. The last conference took place on June 2, 2026. During each of the conferences, Mr. Ruttenberg and I discussed thoroughly with Mr. Halverson the substance of this motion and any potential resolution. The parties were unable to reach a resolution that eliminates the necessity for a hearing.

3.      Attached hereto as Exhibit A is a true and correct copy of U.S. Patent No. 11,092,326 (the "'326 Patent").

4.      Attached hereto as Exhibit B is a true and correct copy of U.S. Ex Parte Reexamination Certificate No. 11,092,326 C1 ("Cert.").

5.      On a meet-and-confer call on May 19, 2025, while Nora was seeking a stay pending its petition for *Ex Parte* Reexamination, Nora's counsel (Mr. Erik Halverson) explicitly confirmed that for purposes of its invalidity arguments in this litigation, Nora is not relying on any of the arguments or prior art set forth its Request for *Ex Parte* Reexamination. Mr. Halverson confirmed that Nora deliberately omitted the reexamination grounds from its interrogatory response because Nora does not intend to assert those invalidity theories in the litigation.

KUYPER DECL. ISO ELCO'S MOTION FOR SUMMARY JUDGMENT

6. After that call, on May 20, 2025, I sent an email to Mr. Halverson confirming our discussion. Attached hereto as Exhibit E is a true and correct copy of that email (with confidential information redacted).

7. In the email I wrote (among other things):

> On the call, you clarified that for purposes of its invalidity arguments in this litigation, Nora is not relying on any of the arguments or prior art set forth its Request for Ex Parte Reexamination. You confirmed that Nora deliberately omitted the reexamination grounds from its interrogatory response because Nora does not intend to assert those invalidity theories in the litigation.

8. Nora and its counsel did not dispute this summary.

9. On February 14, 2025, ELCO served its First Set of Interrogatories (Nos. 1-12). Interrogatory No. 10 seeks Nora's invalidity contentions. Interrogatory No. 7 seeks Nora's noninfringement contentions. Attached hereto as Exhibit F is a true and correct copy of excerpts of Nora's Third Amended Response to Plaintiff ELCO's Interrogatories, Set One, dated June 16, 2026.

10. On February 21, 2025, ELCO served its Second Set of Interrogatories (Nos. 13-14). Attached hereto as Exhibit G is a true and correct copy of excerpts of Nora's Second Supplemental Response to Plaintiff ELCO's Interrogatories, Set Two, dated June 22, 2025.

11. On May 6, 2025, ELCO served its First Set of Requests for Admission. Attached hereto as Exhibit H is a true and correct copy of excerpts of Nora's Response to Plaintiff ELCO's Requests for Admission, Set One, dated June 5, 2025.

12. Attached hereto as Exhibit I is a true and correct copy of a document from the file history of the *Ex Parte* Reexamination of the '326 Patent, entitled "Information Disclosure Statement by Applicant," which was signed by the Examiner on September 10, 2025. On its face, it identifies references that were considered by the Examiner.

13. Attached hereto as Exhibit J is a true and correct copy of a document

2                2:24-cv-08460-MWC (BFMx)

KUYPER DECL. ISO ELCO'S MOTION FOR SUMMARY JUDGMENT

from the file history of the *Ex Parte* Reexamination of the '326 Patent, entitled "Information Disclosure Statement by Applicant," which was signed by the Examiner on December 4, 2025. On its face, it identifies references that were considered by the Examiner.

14.    Attached hereto as Exhibit K is a true and correct copy of a document from the file history of the *Ex Parte* Reexamination of the '326 Patent, entitled "Information Disclosure Statement by Applicant," which was signed by the Examiner on December 5, 2025. On its face, it identifies references that were considered by the Examiner.

15.    ELCO took the deposition of Nora's engineer Danny Duong on May 30, 2025. Attached hereto as Exhibit L is a true and correct copy of excerpts of the transcript of Mr. Danny Duong's deposition.

16.    Attached hereto as Exhibit M is a document produced by Nora in the above-captioned litigation under Bates Nos. NORA_0000135-138. The document was marked as deposition Exhibit 6 at the May 30, 2025 deposition of Mr. Duong, where he authenticated the document. *See* Ex. L, Duong Dep. at 56:17-22.

17.    Attached hereto as Exhibit N is a document produced by Nora in the above-captioned litigation under Bates Nos. NORA_0000130-134. The document was marked as deposition Exhibit 12 at the May 30, 2025 deposition of Mr. Duong, where he authenticated the document. *See* Ex. L, Duong Dep. at 153:7-10.

18.    Attached hereto as Exhibit O is a document produced by Nora in the above-captioned litigation under Bates Nos. NORA_0000574-625. The document was marked as deposition Exhibit 13 at the May 30, 2025 deposition of Mr. Duong, where he authenticated the document. *See* Ex. L, Duong Dep. at 169:11-16.

19.    Attached hereto as Exhibit P is a document produced by Nora in the above-captioned litigation under Bates Nos. NORA_0000095-103. The document was marked as deposition Exhibit 14 at the May 30, 2025 deposition of Mr. Duong, where he authenticated the document. *See* Ex. L, Duong Dep. at 184:13-18.

KUYPER DECL. ISO ELCO'S MOTION FOR SUMMARY JUDGMENT

20.    Attached hereto as Exhibit Q is a document produced by Nora in the above-captioned litigation under Bates No. NORA_0000780 together with a page showing its produced metadata. The document was marked as deposition Exhibit 9 at the May 30, 2025 deposition of Mr. Duong, where he was shown and asked about the document. *See* Ex. L, Duong Dep. at 125:4-126:8.

21.    I declare under penalty of perjury that the foregoing is true and correct. Executed this day, June 18, 2026, in Los Angeles, California.

By:    */s/ Bruce D. Kuyper*
Bruce D. Kuyper

4                2:24-cv-08460-MWC (BFMx)

KUYPER DECL. ISO ELCO'S MOTION FOR SUMMARY JUDGMENT