Erik J. Halverson (SBN 333492)
**K&L GATES LLP**
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Fax: (415) 882-8220
erik.halverson@klgates.com

*Attorney for Defendant Nora Lighting, Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMP Plus, Inc. d/b/a ELCO Lighting,<br><br>      Plaintiff,<br><br>   v.<br><br>Nora Lighting, Inc.<br><br>      Defendant. | Case No. 2:24-cv-08460-MWC-BFM<br><br>**DECLARATION OF ERIK J. HALVERSON IN SUPPORT OF ELCO'S APPLICATION FOR LEAVE TO FILE UNDER SEAL (DKT. 85)** |

HALVERSON DECLARATION ISO APPLICATION TO FILE UNDER SEAL (DKT. 85)

I, Erik Halverson, declare as follows:

1) I am an attorney licensed to practice in the State of California and before this Court. I am an attorney at the law firm of K&L Gates LLP, attorneys for defendant Nora Lighting, Inc. ("Nora") in this proceeding. If called as a witness, I could and would testify competently as to the facts set forth below, as I know each to be true based upon my own personal knowledge or upon my review of the files and records maintained by K&L Gates LLP in the regular course of its representation of Nora. I submit this declaration in support of ELCO's Application for Leave to File under Seal (Dkt. 85) and pursuant to L.R. 79-5.2.2(b).

2) On June 18, 2026, ELCO filed a redacted Notice of Motion, Motion for Summary Judgment of Liability, and Memorandum In Support of its Motion for Summary Judgment of Liability ("ELCO's MSJ") (Dkt. 81). On June 19, 2026, in support of ELCO's MSJ, ELCO submitted two Declarations, one by Thomas M. Katona (Dkt. 82) and one by Bruce D. Kuyper (Dkt. 83). Separately, ELCO filed a Statement of Uncontroverted Facts ("ELCO's SUF") (Dkt. 84). Additionally, on June 19, 2026, ELCO filed an Application to seal four documents (Dkt. 85). These documents include: (1) portions of ELCO's MSJ, (2) portions of ELCO's SUF, (3) portions of the Declaration of Thomas M. Katona, and (4) portions of the Declaration of Bruce Kuyper, namely portions of Exhibit L thereto and Exhibits M, N, O, and P thereto in their entirety.

3) Under the compelling reasons standard, a party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. C'ty & C'nty of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (cleaned up). "[C]ompelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for

improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.*

4)     Information that is related to the technical business of a party is properly sealed to prevent competitive harm. *Treehouse Avatar LLC v. Valve Corp.*, No. C17-1860-RAJ, 2019 WL 291664, at *2 (W.D. Wash. Jan. 23, 2019) (granting motion to seal "proprietary technical business information that is not already in the public domain").  Similarly, information tied to product and market analysis is similarly treated. *Algarin v. Maybelline, LLC*, No. 12-cv-3000-AJB (DHB), 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014) (granting motion to seal "compilation of sales data, market research, consumer research, advertising data and marketing strategy").

**ELCO'S MSJ**

5)     The redacted portions of ELCO's MSJ (Dkt. 85-1) appear on ECF pages 2, 6, 8, 9, 11, 15–22, and 26–28.

6)     The redacted passages of ELCO's MSJ are all narrowly tailored to direct quotes from Nora's internal design documents, deposition testimony of one of Nora's design engineers, Mr. Duong, or libelous, conclusory statements by ELCO.

7)     As set forth in *Algarin*, 2014 WL 690410, at *3, information tied to product and market analysis is properly sealed to prevent competitive harm. Most of the deposition testimony and Nora's internal design documents relate to Nora's assessment of its own product analysis of the lighting module market.  These redactions are justified because disclosure would reveal Nora's design priorities and areas Nora has/had under active investigation. *See Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *1 (N.D. Cal. June 30, 2015) ("[S]ources of business information that might harm a litigant's competitive strategy" may also give rise to a compelling reason to seal. (citing *Nixon v. Warner Comm'cns, Inc.,* 435 U.S. 589, 597 (1978))).

HALVERSON DECLARATION ISO APPLICATION TO FILE UNDER SEAL (DKT. 85)

8)      Additionally, as set forth in *Kamakana*, 447 F.3d at 1179, "[C]ompelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Redacted portions in ELCO's MSJ are directed towards promoting private spite between the parties through various libelous, conclusory allegations. Similar information was already found to be sealed by the Court in the order at Dkt. 46 and should be sealed again here.

### ELCO'S SUF

9)      The redacted portions of ELCO's SUF (Dkt. 85-2) appear on ECF pages 3, 7, 8, 12, 15–23, 25–27.

10)      All of the redacted passages in ELCO's SUF are narrowly tailored to citations of deposition testimony from one of Nora's design engineers, Mr. Duong; ELCO's interpretation of Mr. Duong's statements; or direct quotes from Nora's internal design documents.

11)      The redacted citations to Mr. Duong's deposition testimony are confidential due to the structure of ELCO's SUF.  By placing Mr. Duong's testimony across from various alleged uncontroverted facts, information that is related to the technical business of Nora is implicitly revealed to the public.  *See Treehouse Avatar*, 2019 WL 291664, at *2 (sealing "proprietary technical business information that is not already in the public domain").  ELCO should not be allowed to circumvent the confidentiality already applied to Mr. Duong's deposition to protect Nora's design choices, market positioning, and development priorities.  Disclosure could give competitors, such as ELCO, unfair insight into Nora's strategy and operations.

12)      Similarly, the redacted statements where ELCO interpreted Mr. Duong's testimony must remain confidential.  As set forth in *Algarin*, 2014 WL

HALVERSON DECLARATION ISO APPLICATION TO FILE UNDER SEAL (DKT. 85)

690410, at *3, Nora's information tied to its product and market analysis should be sealed to prevent competitive harm.  This should equally hold for product analysis ELCO reframes and states as if it was Nora.

13)   The final grouping of redactions applies to direct quotes from Nora's internal design documents about Nora's market assessment.   These market assessments and stated responses are integral to Nora's competitive edge and should remain confidential.  *See Algarin*, 2014 WL 690410, at *3. Similar information within all of the redacted information was already found to be properly sealed by the Court in the order at Dkt. 46 and should be sealed again here.

## DR. KATONA'S DECLARATION

14)   The redacted portions of Mr. Katona's Declaration (Dkt. 85-3) appear on ECF pages 8, 9, 12, 14–22, 26–30, 32–35.

15)   Similar to ELCO's SUF, Mr. Katona's Declaration relies on Nora's confidential information acquired from Mr. Duong's deposition and corresponding exhibits. Additionally, Mr. Katona's Declaration includes images of Mr. Duong with added speech bubbles and indicator arrows. All of the proposed redactions are narrowly tailored to apply to Mr. Duong's deposition, the corresponding exhibits, and the annotated photos.

16)   As set forth in *Algarin*, 2014 WL 690410, at *3, information tied to product analysis is properly sealed to prevent competitive harm. These redactions are justified because disclosure would reveal Nora's non-public technical characterization of the accused products, and non-public technical analysis concerning how Mr. Duong interpreted and characterized components of the accused product in relation to patent issues in this case. *See In re Koninklijke Philips Pat. Litig.,* No. 18-CV-01885-HSG, 2020 WL 1865294, at *2 (N.D. Cal. Apr. 13, 2020) (stating that "information about technical product operation typically qualifies for protection.")

HALVERSON DECLARATION ISO APPLICATION TO FILE UNDER SEAL (DKT. 85)

17)     Additionally, as set forth in *Kamakana*, 447 F.3d at 1179, "[C]ompelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Redacted portions in Mr. Katona's Declaration are directed towards promoting private spite between the parties. Similar information within all of the redacted information was already found to be properly sealed by the Court in the order at Dkt. 46 and should be sealed again here.

## MR. KUYPER'S DECLARATION

18)     Nothing in the Kuypner declaration (Dkt. 85-4) constitutes Nora confidential information.  Each of the four exhibits are addressed in turn below.

## EXHIBIT L

19)     Exhibit L (Dkt. 85-5) is 317 pages of deposition testimony from one of Nora's engineers, Mr. Dany Duong.

20)     As discussed on the record, large portions of the deposition were attended by ELCO's client representative himself, Mr. Cohen. *See e.g.*, Ex. L at 42:7 (Mr. Cohen correcting ELCO's lawyer's question).  However, for the portions of the testimony where ELCO's lawyers questioned Mr. Duong regarding confidential documents, Mr. Cohen was asked to leave the room.  *See* Ex. A at 56:3-5.  Now, in direct contravention of the agreement of the parties, ELCO submits the rest of the transcript.

21)     The passages of Exhibit L that relate to Mr. Duong's testimony of Nora's internal communications should remain sealed because they are "proprietary technical business information that is not already in the public domain" and "market research."  These passages include those outlined below, and should remain sealed for the reasons outlined below:

| Ex. L, 34:15-38:7; | Counsel for ELCO is asking questions about Nora's |
| --- | --- |

HALVERSON DECLARATION ISO APPLICATION TO FILE UNDER SEAL (DKT. 85)

| 38:23-40:17 | specific design choices in relation to Nora's Pearl Product. Nora's answers consist of proprietary technical business information that is not already in the public domain. |
|---|---|
| Ex. L, 56:17-22; 57:23-72:18;73:13-25 | Counsel for ELCO is asking questions about internal emails from Nora regarding the design and design process of Nora's products<br><br>The subject matter of these passages were already found to be properly sealed. *See* Dkt. 46. |
| Ex. L, 153:7-183:25 | Counsel for ELCO is reading from and asking questions about internal design communications, including regarding confidential supply chain relationships.<br><br>The subject matter of this passage was already found to be properly sealed. *See* Dkt. 46. |
| Ex. L, 184:2-189 | Counsel for ELCO is reading from and asking questions about internal design communications, including regarding confidential supply chain relationships including confidential sales channels.<br><br>The subject matter of this passage was already found to be properly sealed. *See* Dkt. 46. |
| Ex. L, 190:2-195:25 | Counsel for ELCO is reading from and asking questions about internal design communications, including regarding confidential supply chain |

HALVERSON DECLARATION ISO APPLICATION TO FILE UNDER SEAL (DKT. 85)

| | relationships including confidential sales channels. The subject matter of this passage was already found to be properly sealed. *See* Dkt. 46. |
|---|---|
| Ex. L, 196:1-206:3; | Counsel for ELCO is reading from and asking questions about internal design communications including regarding decisions about product features. |
| Ex. L, 206:4-208:11; 208:20-212:25; 213:7-213:25; 250:14-251:13; | Counsel for ELCO asking questions about internal Nora decisions in relation to the design of Nora's Pearl Product. |
| Ex. L, 310:1-21; 311:7-312:16 | Counsel for ELCO asking questions about internal communications within Nora to gratify private spite. |

### Exhibit M

22)    Exhibit M (Dkt. 85-6) is an internal communication between Nora employees discussing confidential design specifications and processes.  It is also Exhibit 6 to Mr. Duong's deposition.  This type of internal document is not one prepared with an expectation of public dissemination.  Moreover, it provides details regarding the technical operation and design of the Accused Products along with internal statements directed towards promoting private spite between the parties.

### Exhibit N

HALVERSON DECLARATION ISO APPLICATION TO FILE UNDER SEAL (DKT. 85)

23)	Exhibit N (Dkt. 85-7) is a communication with Nora's supplier. The identity of the supply chain relationships in the LED retrofit industry is part of the commercial differentiators and are considered trade secrets. These relationships are important to pricing, sourcing, and design options, and to publicly disclose these relationships would unfairly flatten the competitive landscape between ELCO and Nora solely to ELCO's favor. Moreover, Exhibit N provides sensitive insight into the design process for the Accused Product that, if made available to Nora's competitors, would allow them unprecedented and unilateral insight into Nora's processes, placing Nora at a competitive disadvantage. Exhibit N is also Exhibit 12 to Mr. Duong's deposition.

**Exhibit O**

24)	Exhibit O (Dkt. 85-8) is a communication with Nora's supplier. The identity of the supply chain relationships in the LED retrofit industry is part of the commercial differentiators and are considered trade secrets. These relationships are important to pricing, sourcing, and design options, and to publicly disclose these relationships would unfairly flatten the competitive landscape between ELCO and Nora solely to ELCO's favor. Moreover, Exhibit O provides sensitive insight into the design process for the Accused Product that, if made available to Nora's competitors, would allow them unprecedented and unilateral insight into Nora's processes, placing Nora at a competitive disadvantage. Exhibit O is also Exhibit 13 to Mr. Duong's deposition.

**Exhibit P**

25)	Exhibit P (Dkt. 85-9) is an internal communication between Nora employees discussing confidential design specifications and processes. It is also Exhibit 14 to Mr. Duong's deposition. This type of internal document is not one prepared with an expectation of public dissemination. Moreover, it provides details regarding the technical operation and design of the Accused Products along with internal statements directed towards promoting private spite between the

HALVERSON DECLARATION ISO APPLICATION TO FILE UNDER SEAL (DKT. 85)

parties.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Executed this 23 day of June 2026, at San Francisco, California.


/s/ Erik J. Halverson
Erik J. Halverson
*Attorney for Defendant*
*Nora Lighting, Inc.*

9                    2:24-cv-08460-MWC-BFM

HALVERSON DECLARATION ISO APPLICATION TO FILE UNDER SEAL (DKT. 85)

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 years, employed in the County of Orange, State of California, and not a party to the above-entitled cause. On June 23, 2026, I caused to be served the foregoing document on the interested parties in this action as set forth below:

**HALVERSON DECLARATION ISO APPLICATION TO FILE UNDER SEAL (DKT 85)**

| | |
|---|---|
| ***VIA EMAIL*** | Guy Ruttenberg, Bar No. 207937<br>guy@ruttenbergiplaw.com<br>Kuyper, Bar No. 144969<br>bruce@ruttenbergiplaw.com<br>RUTTENBERG IP LAW,<br>A PROFESSIONAL CORPORATION<br>1801 Century Park East, Suite 1920<br>Los Angeles, CA 90067<br>Telephone: (310) 627-2270<br><br>*Attorneys for Plaintiff, AMP Plus, Inc. d/b/a ELCO Lighting* |

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Executed on June 23, 2026, in Irvine, California.

By: */s/ Ashley Russell*

Ashley Russell