Erik J. Halverson (SBN 333492)
**K&L GATES LLP**
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Fax: (415) 882-8220
erik.halverson@klgates.com

*Attorney for Defendant Nora Lighting, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMP Plus, Inc. d/b/a ELCO Lighting,<br>Plaintiff,<br>v.<br>Nora Lighting, Inc.<br>Defendant. | Case No. 2:24-cv-08460-MWC<br>**DEFENDANT NORA LIGHTING, INC.'S REQUEST FOR REMOTE APPEARANCE**<br>**JURY TRIAL DEMAND**<br>**Hearing Noticed for September 4, 2026 at 1:30pm** |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S REQUEST FOR REMOTE APPEARANCE**

On June 25, 2026, this Court granted Defendant Nora Lighting, Inc.'s ("Nora") Motion for Judgment on the Pleadings and dismissed Plaintiff AMP Plus, Inc. d/b/a ELCO Lighting's ("ELCO") operative complaint. Dkt. 88. On July 16, 2026, ELCO filed an amended complaint. Dkt. 89. On July 30, 2026, Nora filed a Motion to Dismiss ELCO's Amended Complaint. Dkt. 101. On August 3, 2026, the Court continued the hearing on Nora's Motion to Dismiss to September 4, 2026. Dkt. 110. Nora had previously requested a continuance of a different hearing scheduled for September 4, 2026 (Dkt. 109), a motion that the Court denied as moot. *See* Dkt. 110.

Nora respectfully requests that it be allowed to attend the hearing on September 4, 2026, to the extent a hearing is deemed necessary, remotely. *See Wilson v. St. Francis Med. Ctr.*, No. 2:21-CV-05587-MEMF-RAOx, 2022 WL 2964823, at *1 n2 (C.D. Cal. Apr. 22, 2022) ("It is well-settled that there is no constitutional due process right to oral argument on motions before the Court.") (*citing Toquero v. I.N.S.*, 956 F.2d 193, 196 n. 4 (9th Cir.1992)).

## I. <u>ARGUMENT</u>

Nora respectfully submits that good cause exists to allow its counsel to attend the hearing rescheduled for September 4, 2026 telephonically or via video conference to the extent the Court deems a hearing required. Nora's counsel has pre-existing non-refundable international travel scheduled for the evening of September 4, 2026. *See generally* Ex. A, Declaration of E. Halverson. Because of this pre-existing scheduling obligation, counsel for Nora had previously moved this Court to avoid a hearing in this matter scheduled for Friday, September 4. Dkt. 109.

This Court has permitted remote attendance at trial for witnesses via video conference due to preexisting commitments, *see Babakhanlou v. Los Angeles Cnty.*, No. 2:23-CV-08682-MWC-JPR, 2026 WL 637321, at *6 (C.D. Cal. Jan. 28, 2026), and this District has permitted remote appearances for counsel where

counsel has prior-scheduled travel obligations, *see Wilson v. St. Francis Med. Ctr.*, No. 2:21-CV-05587-MEMF-RAOx, 2022 WL 2964823, at *1 n2 (C.D. Cal. Apr. 22, 2022). This request is similar, yet has the additional circumstances of the Court moving the hearing date from the requested date to a date where counsel has a pre-existing conflict. *See* Ex. A.

During the parties meet and confer on this issue, Counsel for ELCO did not oppose Nora's remote appearance but indicated its preference was to appear in person. Counsel for Nora indicated it had no objection to ELCO's counsel appearing in person while Nora's counsel attended remotely.

In view of the foregoing, Nora respectfully submits that good cause exists, and no prejudice exists, to permit Nora's counsel to attend any September 4, 2026 hearing remotely.

## II. <u>CONCLUSION</u>

Nora respectfully requests that the Court grant this request and allow counsel for Nora to attend any hearing that may occur on September 4, 2026, remotely.

**<u>COURT'S RESPONSE.</u>**

______Approved. ______Denied.

DATED: August 17, 2026

By: */s/ Erik J. Halverson*
Erik J. Halverson
*Attorney for Defendant*
*Nora Lighting, Inc.*

## CERTIFICATE OF CONFERENCE

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on August 10, 2026. Counsel for ELCO did not oppose Nora's remote appearance but indicated its preference was to appear in person. Counsel for Nora indicated it had no objection to ELCO's counsel appearing in person while Nora's counsel attended remotely.

DATED: August 17, 2026

By: */s/ Erik J. Halverson*
Erik J. Halverson
*Attorney for Defendant*
*Nora Lighting, Inc.*

## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 years, employed in the County of Orange, State of California, and not a party to the above-entitled cause. On August 17, 2026, I caused to be served the foregoing document on the interested parties in this action as set forth below:

**DEFENDANT NORA LIGHTING, INC.'S REQUEST FOR REMOTE APPEARANCE**

| | |
|---|---|
| ***VIA CM/ECF*** | Guy Ruttenberg, Bar No. 207937<br>guy@ruttenbergiplaw.com<br>Kuyper, Bar No. 144969<br>bruce@ruttenbergiplaw.com<br>RUTTENBERG IP LAW,<br>A PROFESSIONAL CORPORATION<br>1801 Century Park East, Suite 1920<br>Los Angeles, CA 90067<br>Telephone: (310) 627-2270<br><br>*Attorneys for Plaintiff, AMP Plus, Inc. d/b/a ELCO Lighting* |

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Executed on August 17, 2026, in Irvine, California.

By: */s/ Ashley Russell*

Ashley Russell