Guy Ruttenberg, Bar No. 207937
guy@ruttenbergiplaw.com
Bruce D. Kuyper, Bar No. 144969
bruce@ruttenbergiplaw.com
RUTTENBERG IP LAW,
A PROFESSIONAL CORPORATION
1801 Century Park East, Suite 1920
Los Angeles, CA 90067
Telephone: (310) 627-2270

*Attorneys for Plaintiff,*
*AMP Plus, Inc. d/b/a ELCO Lighting*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

AMP Plus, Inc. d/b/a ELCO Lighting,

Plaintiff,

v.

Nora Lighting, Inc.,

Defendant.

Case No. 2:24-cv-08460-MWC (BFMx)

**PLAINTIFF ELCO'S OPPOSITION TO DEFENDANT NORA LIGHTING, INC.'S MOTION FOR PROTECTIVE ORDER TO STAY DEPOSITIONS**

**[REDACTED VERSION]**

Date: September 18, 2026
Time: 1:30 PM
Courtroom: 6A
Judge: Hon. Michelle Williams Court

Plaintiff/Counterclaim-Defendant AMP Plus, Inc. d/b/a/ ELCO Lighting ("ELCO") opposes Defendant/Counterclaimant Nora Lighting, Inc.'s ("Nora") motion for a protective order to stay party depositions of Iris Tan, Neda Farzan, and Fred Farzan pending resolution of Nora's Rule 12(b)(6) motion to dismiss the Amended Complaint (Dkt. 111, the "Motion").

## I. INTRODUCTION

ELCO filed this lawsuit against Nora nearly two years ago, on October 1, 2024, for willful infringement of U.S. Patent No. 11,092,326. Nora answered and filed counterclaims (which are not subject to the pending motion to dismiss). Dkt. 19. Per the Court's amended scheduling order entered only three months ago, fact discovery is scheduled to close on September 25, 2026, and trial is scheduled for March 22, 2027. Dkt. 76. Yet, apart from the single Nora witnesses that was deposed in May 2025, Nora refuses to propose any ***date*** for the deposition of any witnesses—or to provide any other discovery—pending resolution of its motion to dismiss. Nora has even refused to propose dates that are ***after*** the hearing on its pending motion.

While ELCO firmly believes that Nora's pending motion is wrong and unprecedented, ELCO does not presume to know how this Court will rule on any pending motions. However, ELCO understands that the parties are required to comply with the Court's Orders, including the scheduling order entered by the Court only three months ago. Dkt. 76. A party cannot simply help itself to a stay of discovery based on a pending dispositive motion. On the contrary, courts in the Ninth Circuit have repeatedly emphasized that stays "conflict[] with the just, speedy, and inexpensive determination of a litigant's claims." *Sonneveldt v. Mazda Motor of Am., Inc.*, No. 819CV01298JLSKES, 2021 WL 4814990, at *1 (C.D. Cal. May 4, 2021).

Here, this case was originally set for trial on March 23, 2026. Dkt. 30. The Court previously stayed litigation (and vacated the trial date) based on Nora's

Reexamination petition challenging the validity of the asserted patent. After the Patent Office rejected Nora's challenge to the validity of the asserted claims, this Court lifted the stay and set a new scheduling order. Nora should not be permitted to continue derailing the case schedule and avoiding discovery. This Court should deny Nora's motion and order it produce Ms. Tan, Mr. Farzan, and Ms. Farzan for deposition before September 25, 2026

## II. BACKGROUND

### A. ELCO Filed Suit Nearly Two Years Ago Based on Nora's Deliberate Copying of ELCO's Product and Its Willful Patent Infringement.

ELCO filed suit on October 1, 2024, asserting a claim for willful infringement of U.S. Patent No. 11,092,326 (the "'326 Patent"). Nora did not file any Rule 12(b)(6) motion at the time. Instead, it answered and filed counterclaims on December 30, 2024. Dkt. 19.

The parties submitted their joint Rule 26(f) conference report on February 21, 2025. Dkt. 27. Plaintiff then served written discovery, including interrogatories and requests for production of documents before the end of February 2025. Nora served its own written discovery requests in early March 2025.

A few weeks later, on March 20, 2025, Nora filed a motion for judgment on the pleadings pursuant to Rule 12(c). Dkt. 32. Nora did not seek to stay discovery at that point.

On May 30, 2025, ELCO deposed Nora engineer Danny Duong, who confirmed that [redacted] Dkt. 95-4, Duong Dep. at 36:5-38:7. In relevant part, Duong confirmed that he [redacted] Dkt. 95-4, Duong Dep. at 208:20-209:17. He also conceded that [redacted] *Id.* at

35:24-36:4.

**B. Nora's First Motion to Stay**

On May 27, 2025, Nora moved to stay based on its petition for *ex parte* reexamination. Dkt. 38. Nora represented that " reexamination will greatly simplify the issues." *Id.* at 1. Over ELCO's objection, the Court granted the motion to stay on June 30, 2025. Dkt. 49. The Court also vacated the case schedule. Dkt. 67.

**C. The Court Lifts the Stay.**

After reexamination concluded on March 23, 2026, this Court lifted the stay. Dkt. 68; Dkt. 73. This Court entered a new case schedule setting a fact discovery cutoff of September 25, 2026; final pretrial conference on March 12, 2027; and trial starting on March 22, 2027. Dkt. 76.

Meanwhile, Nora filed another Rule 12(c) motion on May 8, 2026. Dkt. 71. Again, Nora did not move to stay discovery. Indeed, a Rule 12(c) motion must be filed "early enough not to delay trial." Fed. R. Civ. P. 12(c).

On June 18, 2026, ELCO moved for summary judgment as to ELCO's claim and Nora's counterclaims, including as to infringement, invalidity, and Nora's various defenses, leaving only damages and willfulness for trial. Dkt. 81 at 25.

On June 25, 2026, the Court granted Nora's Rule 12(c) motion, on the ground that the allegations in ELCO's complaint were a "near-exact recitation of the terms of Claim 1 of the Patent." Dkt. 88 at 8. The Court added, "[a]t this posture, the Court cannot determine whether the allegedly Infringing Products contain a holder." *Id.* at 9. The Court ruled that amendment was not futile and granted ELCO leave to file an amended complaint and a renewed motion for summary judgment. *Id.*

**D. ELCO Files Its Amended Complaint and Continues Discovery.**

ELCO filed its Amended Complaint on July 16, 2026, Dkt. 89, and its renewed motion for summary judgment the following day, Dkt. 92. ELCO also continued to pursue discovery, particularly given the upcoming September 25 fact discovery cutoff.

ELCO has been seeking the deposition of Ms. Tan since before this litigation was stayed, and it was previously noticed for July 1, 2025. Ex. A. After the Court lifted the stay, ELCO again sought the deposition. On July 22, 2026, when Nora refused to provide any date for the deposition to proceed, ELCO noticed her deposition for August 6, 2026. Ex. B. Similarly, after Nora refused to provide dates for its other witnesses, ELCO noticed the depositions of Neda Farzan and Fred Farzan. Ex. C.

Even though it answered the original complaint and ELCO did not assert any new claims, on July 30, 2026, Nora filed a Rule 12(b)(6) motion to dismiss. Dkt. 101. That same day, Nora moved to stay briefing on ELCO's renewed summary judgment motion. Dkt. 102. Once again, Nora did not move to stay discovery while its motion to dismiss was pending. Without affording ELCO an opportunity to respond, the Court issued an order on August 3, 2026, stating that it was *sua sponte* holding ELCO's summary judgment motion in abeyance. Dkt. 110.

On August 5, 2026, Nora filed this Motion. It did not meet and confer with ELCO in advance of doing so, as required by L.R. 37-1.

Apart from the depositions, Nora has also stopped participating in discovery more generally, including discovery that it previously promised to produce.

**E. Nora's Motion Is Procedurally Improper.**

Local Rules 7-3 provides that "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." L.R. 7-3. Notably, in the certificate of conference appended to the Motion, Nora's counsel states that "Counsel for ELCO insisted on proceeding with the noticed deposition, necessitating this motion." Mot. at 7. Nora never communicated its intention to seek a protective order, much less meet-and-confer under L.R. 7-3.

To the extent the motion is brought as a discovery motion under Rule 37, Nora failed to comply with that rule, too. Indeed, all discovery matters are referred

to Magistrate Judge Mircheff, Dkt. 18 at 3, who requires that parties request an informal discovery conference before filing any discovery motions. Nora did not seek such a conference before the Magistrate Judge, either.

## III. ARGUMENT

### A. Nora Should Not Be Allowed to Continue Delaying This Case.

Ninth Circuit precedent does not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Singh v. Google Inc.* 2016 WL 10807598, at *1 (N.D. Cal. Nov. 4, 2016) (citing *Tradebay, LLC v. eBay, Inc.,* 278 F.R.D. 597 (D. Nev. 2011)). To the contrary, courts in the Ninth Circuit have repeatedly emphasized the need for "expeditious resolution of litigation". *Id.*; *see also Sonneveldt v. Mazda Motor of Am., Inc.*, No. 819CV01298JLSKES, 2021 WL 4814990, at *1 (C.D. Cal. May 4, 2021) ("[A] stay of discovery conflicts with the just, speedy, and inexpensive determination of a litigant's claims"). "Under Ninth Circuit law, a party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Singh*, 2016 WL 10807598, at *1 (citing *Gray v. First Winthrop Corp*., 133 F.R.D. 39, 40 (N.D. Cal. 1990)) (cleaned up). Staying discovery pending a motion to dismiss is only appropriate when "(1) the pending motion is potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed, and (2) the pending, potentially dispositive motion can be decided absent additional discovery." *Sonneveldt*, 2021 WL 4814990, at *1 (cleaned up).

Here, Nora elected to ***answer*** the original Complaint. Since then, Nora has repeatedly delayed the case. If Nora believed that its non-infringement was clear and can be resolved at the pleading stage, Nora could have raised that argument through an initial Rule 12(b)(6) motion. Instead, Nora previously sought and obtained a stay based on its invalidity through the patent office. Now, despite asserting that ELCO's Amended Complaint is the same as its original complaint in all relevant respects (Mot. at 4), Nora moves to stay depositions only weeks before

the (amended) fact discovery cutoff. Of course, Nora does not even mention anywhere in its motion that the current fact discovery cut-off is September 25, 2026, or engage with the reality that if the Court denies Nora's motion to dismiss on the September 4 hearing date, ELCO will have only three weeks to complete the noticed depositions and all other discovery Nora has ignored for the last two months, unless the Court further amends the case schedule, again delaying ELCO's relief. *See United States v. INSYS Therapeutics, Inc.*, No. 2:16-CV-07937-JLS-AS, 2021 WL 4307404, at *1 (C.D. Cal. Apr. 14, 2021) (noting granting stay would require the Court to "issue an amended Scheduling Order to govern the case, taking up additional judicial resources and attorney time, and leading to further delay in prosecution of this action").

Nor can it be ignored that Nora has refused to participate in non-deposition discovery ever since this Court's June 25, 2026 order. Indeed, ignoring the scheduling Order, Nora insists that ELCO's Amended Complaint somehow restarts the case. *See* Dkt. 102 at 6 (contending that ELCO filed its summary judgment brief "before any discovery has opened"). As a legal matter, this is flatly wrong. Courts that have considered this question have refused to require a second Rule 26(f) conference to restart discovery after an amended complaint or joinder of a new party. *See In re Outlaw Lab'ys, LP Litig.*, No. 18CV840 GPC (BGS), 2020 WL 1674552, at *7 (S.D. Cal. Apr. 6, 2020) ("Tauler Smith is essentially asking the Court to treat this case, in which discovery had been proceeding for fifteen months, like it was newly filed and has no history. The cases cited do not support that leap. And, the language of Rule 26(f), its Advisory Committee Notes, and the cases interpreting the Rule that are like this one procedurally do not support that interpretation."); *Lester v. Wow Car Co.*, No. 2:11-CV-00850, 2013 WL 6018537, at *3 (S.D. Ohio Nov. 13, 2013), *aff'd*, No. 2:11-CV-00850, 2014 WL 457542 (S.D. Ohio Feb. 4, 2014) ("The rule does not require a second or a third conference to be held subsequent to the filing of an amended complaint even if it joins new parties.

Defendants have not cited any cases which imply such a requirement or suggest that every time a new party is added, discovery must stop until that party appears and participates in a Rule 26(f) conference."). Discovery is open, contrary to Nora's unsupported assertions, and ELCO should be allowed to proceed with depositions and all other necessary fact discovery in advance of the current September 25, 2026, fact discovery cut-off.

**B. Nora's Motion Improperly Seeks to Continue the Case Schedule and Continue Trial.**

As noted above, fact discovery is scheduled to close in less than a month, with trial scheduled for March 2026. Those dates were already previously vacated and continued based on Nora's motion for a stay last year. And Nora fails to explain how it proposes to maintain the current schedule while "staying" depositions. Its motion should be denied and the deposition should proceed forthwith.

Nora erroneously characterizes its motion as seeking a "short stay." Mot. at 5. Nora contends that ELCO is insisting on depositions "on a compressed schedule" and that ELCO would not be prejudiced. *Id.* These characterizations are wrong. Again, ELCO has pressed these depositions given the upcoming fact discovery cutoff. ELCO has not requested any "compressed" schedule; rather, ELCO has been seeking these depositions for weeks and months. Further, Nora has even refused to confirm dates that are after the hearing on the motion to dismiss.

The upshot is obvious: Nora wants to delay this case further. ELCO does not agree that the case schedule should be continued. Indeed, a Rule 12(c) motion (by definition) should not interfere with the trial date, but that is what has nonetheless happened. Fed. R. Civ. P. 12(c).

**C. Nora Has Failed to Make the "Strong Showing" Necessary to Justify Staying Party Depositions.**

Turning to Nora's affirmative arguments, it is clear that Nora has failed to meet the heavy burden to justify staying the depositions of its party witnesses.

While it attempts to argue that the Court's prior order on its Rule 12(c) motion somehow supports the conclusion that its pending Rule 12(b)(6) motion is likely to be successful, this is not the case.

***First***, Nora mischaracterizes the Court's prior order on Nora's Rule 12(c) motion. The Court's June 25, 2026 order granting Nora's motion for judgment on the pleadings also granted ELCO leave to amend, stating that amendment "is not futile." Dkt. 88 at 9. ELCO filed its Amended Complaint, which included images of Nora's infringing products and deposition testimony from a Nora engineer. Dkt. 89. Indeed, ELCO also unequivocally alleges that Nora's Pearl product has a "holder" that is separate from any trim (and the "trim" is not part of the claim elements in any event). Nora has not cited any cases granting a Rule 12(b)(6) motion to dismiss a patent infringement claim for noninfringement, much less solely based on claim construction.

Oddly, Nora also supports this motion by contending that the Amended Complaint "presents the exact same theories as the original Complaint." Mot. at 4. That assertion on its own would procedurally bar Nora's last-minute Rule 12(b)(6) motion. *See Brooks v. Caswell*, No. 14-CV-01232-AC, 2016 WL 866303, at *3 (D. Or. Mar. 2, 2016) (holding that where an amended complaint "merely substantiates claims" previously alleged, "[a]llowing a post-answer motion to dismiss . . . would render the Rule 12(b) restriction on post-answer motions meaningless").

Furthermore, other aspects of the Court's reasoning for rejecting Nora's noninfringement argument still stand. The Court noted that there are Nora product models that it has not yet seen and that there are factual disputes between the parties' pleadings. Dkt. 88 at 9. Those factual disputes remain and will preclude the granting of Nora's Rule 12(b)(6) motion.[1]

---

[1] Additionally, Nora ignores that it has pending counterclaims, to which ELCO has responded and which remain in this case (unless Nora wishes to withdraw them), even if ELCO's claims are dismissed.

***Second***, Nora's argument that discovery is not necessary assumes that it already knows how exactly the Court will rule on its pending motion, *i.e.* that the Court will wholesale adopt Nora's flawed claim construction now in order to improperly conduct a fact-intensive infringement analysis. Mot. at 4-5. To be clear, ELCO has more than adequately alleged its patent infringement claim in the Amended Complaint, even under the claim construction that Nora advocates. Dkt. 115 at 15. But to the extent the Court determines that ELCO's allegations still require more detail or specificity, the depositions of the individuals that Nora itself disclosed as being "involved in the design, development, or manufacturing" of the infringing products (specifically Iris Tan and Fred Farzan, two of the noticed deponents), are key.[2] *See Sonneveldt*, 2021 WL 4814990, at *2 (stating that the Court "it hesitates to deprive Plaintiffs of their ability to procure facts that would plausibly support their allegation"). Further, additional discovery will confirm that the "trimless" Pearl modules have a holder without having any trim. *See* Dkt. 89 at 121.

The Court should also disregard Nora's specious "law of the case" argument, which is relevant to cases where the Federal Circuit has already confirmed a claim construction, not cases that are still in discovery, where the Federal Circuit has expressly that courts may "revisit[] and alter[] [their] interpretation of the claim terms as [their] understanding of the technology evolves." *Jack Guttman, Inc. v. Kopykake Enters., Inc.*, 302 F.3d 1352, 1361 (Fed. Cir. 2002); *see* Dkt. 115 at 17.

**D. Nora's Burden Argument Would Justify A Stay of Discovery for Every Rule 12 Motion.**

Nora's argument that the noticed depositions constitute an "undue burden" is also not at all plausible. Nora takes issue with the fact that ELCO served its notices of depositions after learning that Nora intended to move to dismiss, "compounding

---

[2] *See* Ex. D (Defendant Nora Lighting, Inc.'s Second Amended Response to Plaintiff ELCO's Interrogatories, Set One at 6 (excerpted) (June 22, 2025)).

the burden on Nora at a time when its resources are properly directed toward that motion." Mot. at 5. But Ninth Circuit precedent is clear that discovery stays are not automatic or all-encompassing, even when a potentially dispositive motion is pending—rather, the default outcome under the Federal Rules is for discovery to proceed. Nora has identified nothing special about its circumstances or the depositions sought that warrants a stay. *See Sonneveldt*, 2021 WL 4814990, at *2 (denying motion to stay discovery, noting that Defendants "failed to show a particular and specific need for the requested stay and that "Defendants routinely respond to discovery prior to disposition of a motion to dismiss"); *see also INSYS*, 2021 WL 4307404, at *2 (same).

Furthermore, Nora's claim that it does not "seek a blanket stay of all discovery in this action" is contrary to their conduct. As discussed above, Nora has asserted, while providing no legal authority, that discovery is in fact ***closed***. On this basis, since the Court granted their Rule 12(c) motion two months ago, Nora has refused to take any affirmative steps regarding discovery disputes from early 2025. And when ELCO sought discovery from nonparties by subpoena, Nora's counsel stepped in to represent those nonparties in moving to quash. *See* Ex. E (motions to quash currently pending in N.D. Cal., S.D. Fla., D. Colo., and C.D. Cal.). The Court should not enable Nora to continue opting out of participation in fact discovery, particularly given its abject refusal to engage in any non-deposition fact discovery that it claims it is ***not*** seeking to stay.

## IV. CONCLUSION

For the foregoing reasons, Nora's Motion should be denied, and this Court should order Nora to produce Ms. Tan, Mr. Farzan, and Ms. Farzan for deposition before September 25, 2026.

DATED: August 28, 2026

By: */s/ Guy Ruttenberg*

Guy Ruttenberg
Bruce D. Kuyper

*Attorneys for Plaintiff,*
*AMP Plus, Inc. d/b/a ELCO Lighting*