Erik J. Halverson (SBN 333492)
**K&L GATES LLP**
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Fax: (415) 882-8220
erik.halverson@klgates.com

*Attorney for Defendant Nora Lighting, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMP Plus, Inc. d/b/a ELCO Lighting,<br>Plaintiff,<br>v.<br>Nora Lighting, Inc.<br>Defendant. | Case No. 2:24-cv-08460-MWC-BFM<br><br>**DEFENDANT NORA LIGHTING, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER TO STAY DEPOSITIONS**<br><br>Date: Friday, September 18, 2026<br>Time: 1:30 p.m.<br>Ctrm: 6A |

## I. INTRODUCTION

ELCO's Opposition spends more space recounting why ELCO believes it should ultimately win this case than it does engaging with the actual, narrow question before the Court: whether three depositions should proceed in the two-week window before the Court rules on a motion to dismiss that has not yet been answered. ELCO's Opposition repeats the same irrelevant background recitation ELCO included in its operative Complaint (Dkt. 89), its renewed Motion for Summary Judgment (Dkt. 92), and its Opposition to Nora's Motion to Dismiss (Dkt. 115), all merely to clutter the docket and burden the Court with additional sealing motions and orders. ELCO's recitation is no more relevant to a Rule 26(c) protective order than it was to those other filings, and the Court should not be drawn into relitigating the allegations of willful infringement on this motion.

Two points bear on the actual substance in ELCO's Opposition.

**First**, Nora has not answered the operative Complaint. Nora's pending motion is a Rule 12(b)(6) motion to dismiss, filed before any answer, not a Rule 12(c) motion for judgment on the pleadings. ELCO's own Opposition confirms as much, describing Nora's motion throughout as a "Rule 12(b)(6) motion to dismiss the Amended Complaint." No answer has been filed; ELCO's repeated reliance on Federal Rule of Civil Procedure 12(c)—including its assertion that "a Rule 12(c) motion (by definition) should not interfere with the trial date"—simply does not apply to the motion actually before the Court. Rule 12(c) motions are, by their own terms, filed "after the pleadings are closed." Fed. R. Civ. P. 12(c). Here, the pleadings in this case are not closed. ELCO cannot borrow a procedural rule that applies only ***after*** an answer to argue that Nora's pre-answer motion cannot affect the schedule.

**Second**, and relatedly, fact discovery is not open. Discovery obligations, including the deposition schedule ELCO invokes, flow from an operative

complaint and the case schedule the Court sets once the pleadings close and the scope of the case is defined. Until Nora answers, there is no way to know what claims, defenses, or counterclaims will actually be litigated, and no way for the Court to meaningfully set or enforce a discovery schedule keyed to claims that may not survive and defenses that have not yet been pled. ELCO asks the Court to treat a schedule set around a complaint that is a legal nullity as binding regardless of the outcome of Nora's motion. That approach puts the cart before the horse.

A short, targeted stay of three depositions until the Court rules on Nora's motion to dismiss avoids exactly this problem. If the Court denies the motion, Nora will answer, providing its defenses and, if applicable, its counterclaims. The case will then proceed under the Court's Standing Order Re Patent Cases—including requiring ELCO to serve infringement contentions defining the actual scope of its claims and Nora to disclose the actual scope of its invalidity defenses—before the parties invest further resources in depositions aimed at claims whose contours remain undefined.

If instead, the Court grants the motion as it did with the original complaint on the same construction of "holder", the depositions will be unnecessary. Either way, a short postponement serves efficiency; proceeding now serves only ELCO's preferred sequencing.

## II. <u>THE CASES ELCO RELIES ON DO NOT SUPPORT DENYING A STAY WHERE, AS HERE, THE PLEADINGS ARE NOT CLOSED AND THE SCOPE OF THE CASE IS UNDEFINED</u>

ELCO's opposition does not even address controlling precedent in *Wenger v. Monroe*, where the Ninth Circuit has recognized that a party may seek a protective order to stay discovery pending resolution of a motion to dismiss, in particular where the motion to dismiss will lead to the dismissal of all claims. *See* 282 F.3d 1068, 1077 (9th Cir. 2002). Nor does ELCO's opposition engage with

*GTE Wireless, Inc. v. QualComm, Inc.*, holding that a stay of discovery is warranted if the Court determines that there is an "immediate and clear possibility" that the defendant's pending dispositive motion may succeed. 192 F.R.D. 284, 286 (S.D. Cal. 2000). "Clearly possible" means that the pending dispositive motion has at least, "nearly...a 'fifty percent chance of success.'" *Id.*

### A. *In re Outlaw Laboratories* is Not Applicable Here, Where The Complaint Was Dismissed Outright

ELCO relies on *In re Outlaw Laboratories, LP Litigation*, No. 18CV840 GPC (BGS), 2020 WL 1674552 (S.D. Cal. Apr. 6, 2020), for the proposition that an amended pleading does not reopen or restart discovery. But *Outlaw* addressed an entirely different procedural posture: whether a newly added third-party defendant, brought into an already-answered case with an existing scheduling order and months of ongoing discovery, could avoid discovery on the theory that it was entitled to a fresh Rule 26(f) conference. *Id.* at *5-7. The court held that no new Rule 26(f) conference was required because "a Rule 26(f) conference has been held, a scheduling order issued, and the scheduling order modified based on the input of all parties," and it expressly distinguished cases "in their infancy, with ***no parties having answered***, no scheduling order in place, and with no discovery having been done as to any parties." *Id.* at *6-7 (emphasis added).

The court in *Outlaw* further distinguished a line of Southern District of California cases—*Contentguard Holdings*, and *Azco Biotech*—each of which declined to compel expedited discovery precisely because of the early stage of the case and the pending motion to dismiss. *Id.* at *6 (collecting cases). Indeed, these cases actually support ***Nora's*** position. *Contentguard Holdings, Inc. v. ZTE Corp.*, No. 12CV1226-CAB (MDD), 2013 WL 12072533, at *2 (S.D. Cal. Jan. 16, 2013) ("Until the motion to dismiss is resolved, the actual claims and defenses at issue will be unclear. It would be inefficient and cause unnecessary expense for the parties to engage in discovery on claims that may not survive and defenses

and counterclaims that may not be asserted."); *Azco Biotech Inc. v. Qiagen, N.V.*, No. 12-CV-2599-BEN DHB, 2013 WL 3283841, at *3 (S.D. Cal. June 26, 2013) ("the Court is concerned that allowing some discovery now will lead to duplicative efforts, including multiple depositions of the same witnesses, and potential discovery disputes between the parties regarding whether certain discovery is or is not impacted by the motion to dismiss.").

In *Outlaw*, discovery had been proceeding for over a year under a schedule that the newly added party itself helped negotiate; here, this Court dismissed ELCO's original complaint in its entirety and there was no operative complaint or accused party during that period of time. Had ELCO not filed a new complaint, no case would exist today. Conversely, had the new party not been added in *Outlaw*, fact discovery still would have closed with the existing parties.

*Outlaw* does not hold, or even suggest, that discovery must proceed over a gap in pleadings, where a pre-answer motion challenging the sufficiency of every claim in the case remains pending. If anything, *Outlaw's* distinction between cases with a scheduling order stemming from operative pleadings and cases still "in their infancy" confirms that a stay is warranted here. Here, the operative complaint itself has never survived a motion testing its sufficiency and no pleading outlining Nora's defenses and counterclaims is entered.

To minimize the need for duplicate depositions (*see Azco Biotech*, 2013 WL 3283841, at *3) and to clearly outline the actual claims and defenses in the case (*Contentguard*, 2013 WL 12072533, at *2), Nora respectfully requests the depositions be postponed until the scope of the case is defined.

### B. *Lester v. Wow Car Co.* Fares No Better

*Lester* likewise addressed whether an amended complaint that added new defendants required a second Rule 26(f) conference before discovery could proceed against those new parties. *Lester v. Wow Car Co.*, No. 2:11-cv-850, 2013

WL 6018537 (S.D. Ohio Nov. 13, 2013). The court held it did not, reasoning that "[t]he rule does not require a second or a third conference to be held subsequent to the filing of an amended complaint even if it joins new parties," and separately held, on the merits of a motion to quash a third-party subpoena, that a stay pending resolution of a motion to dismiss was not warranted because the claims at issue were not the kind of "tenuous" claims that would justify limiting discovery. *Id.* at *3-5. Here, ELCO's claims are tenuous at best, repleading allegations inconsistent with the Court's order on claim construction (Dkt. 88).

*Lester* says nothing about the situation here. It addresses when a case must repeat a Rule 26(f) conference after ***new*** parties are joined mid-case — not whether discovery should proceed after a court has dismissed the operative complaint in its entirety and no defendant has yet answered. ELCO does not dispute that this Court dismissed ELCO's original complaint and that it had no claim until it filed its operative Complaint. ELCO also does not dispute that Nora has not answered those allegations. Nor does ELCO dispute that Nora's pending motion challenges the operative Complaint's sufficiency.

The above-described cases such as *Contentguard* and *Azco Biotech* better explain why the Court should postpone these depositions until after the metes and bounds of the case are defined. Neither *Lester* nor *Outlaw Laboratories* support the proposition that depositions must be conducted before an operative Answer defining the defendant's defenses is filed.

## III. NORA HAS NOT ANSWERED, FACT DISCOVERY IS NOT OPEN AND THE SCOPE OF THE CASE UNDEFINED

ELCO's Opposition repeatedly asserts that "discovery is open" and that fact discovery must close by September 25, 2026, regardless of the outcome of Nora's motion. But ELCO's argument assumes the very premise Nora's motion disputes: that a case schedule set around a complaint this Court has never sustained should

control regardless of what pleading, if any, ultimately survives. Nora has not answered the Amended Complaint. Until Nora answers—or the Court determines that ELCO's Amended Complaint does not state a claim—there is no operative pleading defining the scope of this case: which claims are at issue, which defenses and counterclaims respond to them, and what facts are actually in dispute. Depositions taken now would necessarily be conducted blind to that scope and ELCO's refusal to acknowledge that underscores the need for the requested relief.

This is not a technical objection. It is the reason Rule 26(c) protective orders exist: to prevent exactly the kind of premature, potentially wasted discovery burden ELCO seeks to impose here. *See* Fed. R. Civ. P. 26(c)(1). A short stay of three depositions until the Court rules on the pending motion imposes no meaningful delay because, once the Court rules, either the case will proceed on defined pleadings with defined claims, or it will not proceed at all.

## IV. THE COURT'S STANDING ORDER REGARDING PATENT CASES SHOULD GOVERN HOW THIS CASE PROCEEDS

ELCO asks the Court to let ELCO unilaterally dictate the pace of discovery notwithstanding the unresolved motion to dismiss, notwithstanding the absence of Nora's answer outlining its defenses and counterclaims, and notwithstanding that ELCO has not yet served infringement contentions or updated any discovery responses to define the scope of its own claims. That is backwards.

Once Nora answers, this case should proceed in accordance with this Court's own practices and procedures for patent cases as set forth in the Court's Standing Order Re Patent Cases, under which ELCO would be required to serve its infringement contentions identifying, with the specificity that order requires, how each accused product is alleged to meet each asserted claim limitation and under what theories of infringement it bases its claims. That process, not ELCO's ad hoc insistence on immediate depositions, is how this Court structures patent

cases to ensure that discovery tracks a defined set of infringement theories rather than proceeding untethered from any pleaded or disclosed theory of the case.

ELCO's insistence on proceeding immediately, before that process has even begun, is also difficult to square with the absence of any genuine urgency. ELCO does not dispute that Nora redesigned the accused product beyond the scope of its patent. There are no ongoing sales of the previously available accused configuration that would create an ongoing harm requiring immediate discovery to address. Whatever damages theory ELCO ultimately pursues, it will not be prejudiced by allowing the Court's ordinary patent case procedure—a defined pleading, an answer, and infringement contentions—to precede depositions of Nora's witnesses on the merits of infringement.

## V. <u>ELCO'S PROCEDURAL OBJECTIONS DO NOT WARRANT DENYING THE MOTION</u>

Notwithstanding ELCO's false claim, Nora's counsel met and conferred with ELCO's counsel by video conference on July 27, 2026 regarding the scheduling of depositions while Nora's motion to dismiss remains pending, as set forth in the Certificate of Conference accompanying Nora's motion. ELCO's counsel confirmed its intention to proceed with the noticed deposition of Iris Tan regardless. ELCO's counsel then served additional deposition notices on July 31, 2026, mirroring what the parties had already discussed: "[o]nce the [C]ourt has determined whether or not ELCO has pled a viable cause of action with its second complaint, we are happy to coordinate deposition dates." Dkt. 111, Ex. 2. Rather than work to coordinate discovery in an efficient manner, ELCO continues to railroad its case, turning a blind eye to the deficiencies that the Court has already identified in ELCO's pleadings. *See* Dkt. 88; Dkt. 111, Ex. 2.

## VI. <u>CONCLUSION</u>

For the foregoing reasons and those set forth in Nora's opening Motion,

Nora respectfully submits that good cause exists supporting the entry of a protective order staying the depositions of Iris Tan, Neda Farzan, and Fred Farzan until after the Court rules on Nora's Motion to Dismiss. While the motion requests a hearing in accordance with the local rules, Nora does not believe a hearing is necessary to resolve this issue.

DATED: September 4, 2026 By: */s/ Erik J. Halverson*
Erik J. Halverson
*Attorney for Defendant*
*Nora Lighting, Inc.*

## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 years, employed in the County of Orange, State of California, and not a party to the above-entitled cause. On September 4, 2026, I caused to be served the foregoing document on the interested parties in this action as set forth below:

**DEFENDANT NORA LIGHTING, INC.'S REPLY ISO MOTION FOR PROTECTIVE ORDER**

| | |
|---|---|
| ***VIA CM/ECF*** | Guy Ruttenberg, Bar No. 207937<br>guy@ruttenbergiplaw.com<br>Bruce Kuyper, Bar No. 144969<br>bruce@ruttenbergiplaw.com<br>RUTTENBERG IP LAW,<br>A PROFESSIONAL CORPORATION<br>1801 Century Park East, Suite 1920<br>Los Angeles, CA 90067<br>Telephone: (310) 627-2270<br><br>*Attorneys for Plaintiff, AMP Plus, Inc. d/b/a ELCO Lighting* |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 4, 2026, in Irvine, California.

By: */s/ Ashley Russell*

Ashley Russell