Erik J. Halverson (SBN 333492)
**K&L GATES LLP**
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Fax: (415) 882-8220
erik.halverson@klgates.com

*Attorney for Defendant Nora Lighting, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMP Plus, Inc. d/b/a ELCO Lighting,<br>Plaintiff,<br>v.<br>Nora Lighting, Inc.<br>Defendant. | Case No. 2:24-cv-08460-MWC-BFM<br><br>**DEFENDANT NORA LIGHTING, INC.'S OPPOSED MOTION TO ENTER A CASE SCHEDULE**<br><br>Date: November 13, 2026<br>Time: 1:30pm<br>Courtroom: 6A<br>Judge: Hon. Michelle Williams Court |

## Table of Contents

I. Introduction ........................................ 2
II. Procedural Background ........................................ 3
III. Argument ........................................ 4
A. Good Cause Exists ........................................ 4
B. The Case Schedule Cannot Be Met Despite Nora's Diligence ........ 7
IV. Conclusion ........................................ 7

## I. Introduction

On June 25, 2026, the Court dismissed Plaintiff AMP Plus, Inc.'s ("ELCO") first complaint, finding a material defect in ELCO's complaint after the case had been pending for almost two years. Dkt. 88. ELCO was afforded the opportunity to try again to allege a plausible claim for relief, and on September 14, 2026, the Court found that ELCO had pled a plausible claim for relief, setting in motion Defendant Nora Lighting, Inc.'s ("Nora") obligation to provide its answer to the operative complaint, thereby cementing the claims and defenses in this case. Nora's answer is due September 28, 2026. Fed. R. Civ. P. 12(a)(4)(A).

In denying Nora's motion to dismiss, the Court made clear that the case should be governed by the Court's Standing Order Re Patent Cases. Dkt. 141 ("To the extent there is any confusion regarding which specific products in the Pearl line infringe Plaintiff's Patent, Plaintiff's ***required disclosures will remedy*** any potential defects in the FAC."). Nora submits this schedule in an attempt to arrive at a schedule to allow the parties to comply with the Court's direction.

ELCO opposes the entry of a new schedule, insisting that fact discovery closes today, September 25, 2026, before Nora has even answered or submitted any counterclaims to the operative complaint. Rather than engage in arriving at a suitable schedule, ELCO has insisted on seeking sanctions and driving up litigation costs for all parties.

In view of the procedural irregularities regarding the amended complaint, summary judgment motion being filed before any answer has even been submitted, and Nora's forthcoming answer and counterclaims, Nora submits that good cause exists to enter the Proposed Schedule. On September 24, 2026, an Informal Discovery Conference was held before Magistrate Judge Mircheff. Dkt. 145. Nora had intended to propose a new schedule once pleadings had closed, but Judge Mircheff encouraged Nora to file this motion before Nora submitted its

Answer to the Amended Complaint.

The parties discussed scheduling in this case multiple times, including via teleconference on September 23. Nora's counsel sent a proposed schedule to counsel for ELCO to confer about the contents of the Proposed Schedule on Thursday, September 24. ELCO's counsel responded that "[t]he Court has neither invited nor permitted the parties to submit a new proposed case schedule." A copy of the parties' correspondence is attached as Exhibit A.

## II. Procedural Background

On October 1, 2024, ELCO filed its complaint against Nora. Dkt. 1. On June 30, 2025 the Court stayed this case pending the *Ex Parte* Reexamination proceeding of the Asserted Patent. Dkt. 49. On May 18, 2026, the Court entered a First Amended Civil Trial Order. Dkt. 76. On June 25, 2026 the Court granted Nora's motion for judgment on the pleadings (Dkt. 71) and dismissed ELCO's complaint. Dkt. 88. Through this point in the case history, Nora had been forced to spend extensive time and money defending a case that, by this Court's own rulings, was procedurally inadequate and did not warrant the Court's or Nora's time. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007) (confirming that the pleading standards exist to protect from the high cost of discovery in complex litigation); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (the pleading standard "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"). Yet, despite these procedural requirements, ELCO attempted to railroad its theories through the case on the wings of a deficient complaint, stopped only when the Court dismissed ELCO's first complaint.

On July 16, 2026, ELCO filed its Amended Complaint. Dkt. 89. On July 17, ELCO immediately filed a motion for summary judgment as to liability alleged in the Amended Complaint. Dkt. 92. On July 30, 2026, Nora filed a motion to dismiss the Amended Complaint. Dkt. 101. Given the similarities in

pleadings regarding Nora's trim, Nora suspected that ELCO's allegations would not be able to survive in view of the initial Order.

On September 14, 2026 the Court denied Nora's motion to dismiss the Amended Complaint and set the hearing for Plaintiff's Motion for Summary Judgment for Friday, October 16, 2026. Dkt. 141. On September 24, 2026, an Informal Discovery Conference was held before Magistrate Judge Mircheff. Dkt. 145. Based on the First Amended Civil Trial Order, the close of fact discovery is today, September 25, 2026. The deadline to answer the Amended Complaint is September 28, 2026. Fed. R. Civ. P. 12(a)(4)(A).

Since dismissal of the initial complaint, ELCO has sought to unilaterally progress discovery despite the unique and evolving factual circumstances of this case.

## III. <u>Argument</u>

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A schedule may also be modified if "it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment). Based on the May 18, 2026 First Amended Civil Trial Order (Dkt. 76), entered two months before ELCO pleaded a plausible claim for relief, the cut-off for fact discovery is today. Respectfully, a schedule conforming to the Court's Standing Order Re Patent Cases and providing for discovery now that ELCO's complaint has been confirmed to be plausible is appropriate.

### A. Good Cause Exists

Good cause exists to enter the revised case schedule because the scope of the dispute still remains fundamentally uncertain. ELCO filed its initial complaint on October 1, 2024, alleging infringement of "at least claim 1." Dkt. 1 at ¶¶ 25-31. Under this framework, preliminary discovery began into claims that 1) were

later found to be deficient and 2) claims that the USPTO confirmed were not patentable.

ELCO's complaint was fundamentally deficient once the USPTO forced ELCO to redefine the scope of its patent, but ELCO refused to amend or dismiss its complaint. *Winview, Inc. v. DraftKings, Inc.*, No. 21-13405 (GC) (JTQ), 2025 WL 1908757, at *6-8 (D.N.J. July 11, 2025) (dismissing complaint in response to Rule 12(b)(6) motion where the only claims specifically referenced and asserted in the pleadings (claims 1 and 9) had been canceled after the USPTO found them unpatentable)). Like in *Winview*, ELCO's first complaint only pled infringement of claims cancelled by the USPTO.

The parties again negotiated a schedule after ELCO failed to file a new complaint alleging infringement of ELCO's new claims. At that time, ELCO was fully aware of Nora's position that ELCO did not state a plausible claim for relief. Dkt. 71. Nevertheless, ELCO refused to amend its complaint or agree to a schedule, which would be adequate to resolve patent-specific issues and provide Nora with adequate notice of ELCO's claims. *See* Dkt. 74. The First Amended Civil Trial Order was entered on May 18, 2026, when ELCO's defective complaint still governed the dispute.

Consistent with Nora's concerns, the initial complaint was dismissed. Dkt. 88. ELCO refiled its Amended Complaint on July 16, 2026 (Dkt. 89) and has refused to engage in setting a schedule to govern the allegations of the operative complaint that, for the first time in the two year pendency, states a plausible claim for relief.

Viewing the Amended Complaint as deficient, Nora filed a motion to dismiss on July 30, 2026. Dkt. 101. The Court denied this motion on September 14, 2026. Dkt. 141. Notably, in denying this motion the Court stated that "[t]o the extent there is any confusion regarding which specific products in the Pearl

line infringe Plaintiff's Patent, Plaintiff's required disclosures will remedy any potential defects in the FAC." Dkt. 141. To date, ELCO has still not provided infringement contentions.

To the extent ELCO argues it has complied with its obligations under the Standing Order Re Patent Cases, ELCO has not. For example, the only alleged claim mapping ELCO provided during discovery in this case, provided in ELCO's Answers and Objections to Nora's First Set of Interrogatories (attached as Exhibit B), is fundamentally deficient. ELCO's answer to Interrogatory No. 13 provides infringement allegations for the Asserted Patent ***before*** its reexamination proceeding. Likewise, ELCO's answer to Interrogatory No. 3 is in clear contradiction with this Court's standing order regarding products which practice the claimed invention. *See* Ex. C, Interrogatory No. 3; Standing Order Re Patent Cases, 3-1(g). ELCO has made no attempt to comply with this obligation.

Under the First Amended Civil Trial Order (Dkt. 76), fact discovery closes just over two months after service of the operative Amended Complaint and a mere 2 weeks after the Court deemed the allegations to state a plausible claim for relief (allegations that are quite similar regarding Nora's trim, which the Court had previously found to be deficient). This September 25 date is also before ELCO has provided any required disclosures under the local Standing Rules, and perhaps most problematic, before Nora has even answered the Amended Complaint. At this date, the metes and bounds of the case remain undefined, there are no defenses pled, there are no counterclaims pled, and it cannot be the case that discovery closes before Defendant Nora is even given the opportunity to put ELCO on notice of its affirmative defenses, let alone before it is afforded the opportunity to conduct discovery into those defenses.

Therefore, good cause warrants entry of the Proposed Schedule.

**B. The Case Schedule Cannot Be Met Despite Nora's Diligence**

Nora's motion to dismiss (Dkt. 101) was denied eleven days ago. Dkt. 141. The scope of the dispute remains uncertain until, at least, pleadings have closed, but more likely until the parties have complied with the various obligations of the Court's Standing Order Re Patent Cases. Given Nora's deadline to answer the Amended Complaint has not yet passed, the parties cannot have completed their discovery as required by the First Amended Civil Trial Order (Dkt. 76).

Moreover, ELCO is required, and was reminded in the Court's Order (Dkt. 141), to comply with the Court's Standing Orders re Patent Cases. *Even if* ELCO had immediately served its disclosures, the First Amended Civil Trial Order (Dkt. 76), if controlling, would not provide sufficient time for the parties to comply with the remaining obligations. *See e.g.*, Standing Order Re Patent Cases, 3-3 ("Not later than 45 days after service upon it of the 'Disclosure of Asserted Claims and Infringement Contentions,' each party opposing a claim of patent infringement, shall serve on all parties its 'Invalidity Contentions'").

**IV. <u>Conclusion</u>**

For the foregoing reasons, Nora respectfully requests that the Court enter the Proposed Schedule, or in the alternative vacate the existing schedule and require the parties to submit a joint proposal that complies with the Court's Standing Order Re Patent Cases.

DATED: September 25, 2026 By: */s/ Erik J. Halverson*
Erik J. Halverson
*Attorney for Defendant*
*Nora Lighting, Inc.*

## CERTIFICATE OF CONFERENCE

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on September 23, 2026 via video conference of the parties and September 24, 2026 before the Magistrate Judge.

By: */s/ Erik J. Halverson*
Erik J. Halverson

**CERTIFICATE REGARDING USE OF AI**

I, the undersigned, certify under the penalty of perjury that no portion of the filing was drafted by AI.

DATED: September 25, 2026 By: *<u>/s/ Erik J. Halverson</u>*
Erik J. Halverson
*Attorney for Defendant*
*Nora Lighting, Inc.*

## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 years, employed in the County of San Francisco, State of California, and not a party to the above-entitled cause. On September 25, 2026, I caused to be served the foregoing document on the interested parties in this action as set forth below:

**DEFENDANT NORA LIGHTING, INC.'S OPPOSED MOTION TO ENTER A CASE SCHEDULE**

| | |
|---|---|
| ***VIA CM/ECF*** | Guy Ruttenberg, Bar No. 207937<br>guy@ruttenbergiplaw.com<br>Bruce Kuyper, Bar No. 144969<br>bruce@ruttenbergiplaw.com<br>RUTTENBERG IP LAW,<br>A PROFESSIONAL CORPORATION<br>1801 Century Park East, Suite 1920<br>Los Angeles, CA 90067<br>Telephone: (310) 627-2270<br><br>*Attorneys for Plaintiff, AMP Plus, Inc. d/b/a ELCO Lighting* |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 25, 2026, in San Francisco, California.

By: */s/ Erik J. Halverson*
Erik J. Halverson