Erik J. Halverson (SBN 333492)
**K&L GATES LLP**
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Fax: (415) 882-8220
erik.halverson@klgates.com

***Attorney for Defendant Nora Lighting, Inc.***

**UNITED STATES DISTRICT COURT FOR THE**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **AMP Plus, Inc. d/b/a ELCO Lighting,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**Nora Lighting, Inc.**<br><br>**Defendant.** | **Civil Action No.:** 2:24-cv-08460 -MWC-BFM<br><br>**NORA LIGHTING, INC.'S ANSWER AND DEFENSES TO ELCO'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Defendant Nora Lighting, Inc. ("Nora") answers Plaintiff AMP Plus, Inc. d/b/a ELCO Lighting's ("ELCO" or "Plaintiff") First Amended Complaint for Patent Infringement ("Complaint"). Except as specifically admitted below, Nora denies each allegation of the Complaint. To the extent the opening paragraph of the Complaint or any of the Complaint headings requires a response, Nora denies such allegations.

**<u>THE PARTIES</u>**

1. Nora is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore denies them.

2. Nora admits that Nora Lighting, Inc. is a California corporation, with a regular and established place of business at 6505 Gayhart Street, Commerce, California 90040. Nora further admits that it makes, imports, and sells lighting fixtures.

**JURISDICTION AND VENUE**

3. The allegations in Paragraph 3 constitute conclusions of law as opposed to allegations of fact, and, as such, no answer is required. To the extent an answer is required, Nora admits for the purposes of this action that this Court has subject matter jurisdiction.

4. The allegations in Paragraph 4 constitute conclusions of law as opposed to allegations of fact, and, as such, no answer is required. To the extent an answer is required, Nora admits for purposes of this action that this Court has personal jurisdiction over Nora. Nora admits it has a regular and established place of business in this district, that it is registered to do business in the State of California, and that it has appointed as its Agent for Service of Process, Mr. Fred Farzan. Nora denies all remaining allegations contained in Paragraph 4.

5. The allegations in Paragraph 5 constitute conclusions of law as opposed to allegations of fact, and, as such, no answer is required. To the extent an answer is required, Nora admits that venue is proper in this Court for purposes of this action and admits that it has transacted business in this district for purposes of this action. Nora denies that it has committed any act of patent infringement allegedly described in the Complaint. Nora denies all remaining allegations contained in Paragraph 5.

**FACTUAL BACKGROUND**

6. Nora is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6, and therefore denies them.

7. Nora is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and therefore denies them.

8. Nora is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8, and therefore denies them.

9. Nora is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9, and therefore denies them.

## ELCO's Infringement Allegations

10. Nora admits that the title of U.S. Patent No. 11,092,326 (the "'326 patent") is "Integrated Lighting Module," and that the face of the '326 patent states that it issued on August 17, 2021, and the name of the inventor is Brandon Cohen. Nora further admits that Exhibit A appears to be a complete copy of the '326 patent. Nora denies all remaining allegations contained in Paragraph 10.

11. Nora is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11, and therefore denies them.

12. Nora admits that Nora filed a petition for Ex Parte Reexamination ("EPR") of the '326 patent and that on March 23, 2026, the U.S. Patent and Trademark Office issued Ex Parte Reexamination Certificate No. 11,092,326 C1 ("Cert."). Nora further admits that Exhibit B appears to be a complete copy of the Reexamination Certificate.

13. Nora admits that the '326 patent includes the drawing depicted as Fig. 1, which speaks for itself.

14. Denied.

15. Nora admits that Nora sells lighting fixtures and is a competitor of ELCO.

16. Nora admits that it sells downlights under a trade name "Pearl." Nora denies that it has infringed directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '326 patent through making, using, offering to sell, or selling any products.[1]

---

[1] The Amended Complaint does not identify any model numbers and Nora expects that ELCO will identify specific products in its Disclosure of Asserted Claims and Infringement Contentions.

17. Nora admits that, for the purposes of non-infringement, all previously sold versions of Nora's products sold under the "Pearl" trade name are substantially the same and that Nora has not provided product samples. Nora admits that Nora's redesigned product has not been accused of infringement. Nora denies the remaining allegation of Paragraph 17.

18. Nora admits that certain products sold by Nora compete with ELCO's Koto product, among other products available in the market. To the extent allegations remain in Paragraph 18, Nora denies them.

19. Nora admits that Mr. Duong had the publicly available spec sheet for ELCO's Koto while designing certain Nora products.

20. Nora admits that Mr. Duong had a publicly available physical Koto module in his possession while designing certain Nora products.

21. Admitted.

22. Mr. Duong's 30(b)(1) testimony speaks for itself. Nora denies all other allegations of this paragraph inconsistent with this testimony.

23. Denied.

24. Nora is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and therefore denies them.

25. Mr. Duong's 30(b)(1) testimony speaks for itself. Nora denies all other allegations of this paragraph inconsistent with this testimony.

26. Admitted.

27. Admitted.

28. Denied.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted.[2]

34. Admitted.

35. Admitted.

36. Admitted.

37. Denied.

38. Admitted.

39. Nora admits that certain products sold by Nora were marketed and sold through distributors and third-party websites. To the extent there are any factual allegations in this paragraph, Nora denies them.

40. Admitted.

41. Admitted.

42. Admitted.

43. Admitted.

44. Nora admits that nearly two years later, after replacing its counsel with new counsel, new outside counsel for ELCO sent a letter to outside counsel for Nora which stated "If Nora fails cease its infringing conduct and fails to pay for its past infringement, ELCO is prepared to proceed with legal proceedings." To the extent allegations remain in Paragraph 44, Nora denies them.

45. Nora admits that on January 9, 2024, outside counsel for Nora responded that it was "surprised to hear from [ELCO] again. We will review your letter and provide a response in due course." To the extent allegations remain in Paragraph 45, Nora denies them.

46. Nora admits that, on January 17, 2024, outside counsel for ELCO replied to outside counsel for Nora's January 9, 2024 correspondence. To the extent allegations remain in Paragraph 46, Nora denies them.

[2] Paragraph 33 references a "NOW series" instead of a "NWO series." To the extent the allegations refer to a "NOW series", Nora denies this allegation.

47. Nora admits that, on January 18, 2024, outside counsel for Nora responded that "Nora is evaluating and will reply in due course."

48. Denied.

49. Denied.

50. Denied.

51. Admitted.

52. Nora admits that ELCO amended Claims 15 and 19. To the extent there are additional allegations in this paragraph, they appear to be legal conclusions and, to the extent a response is necessary, they are denied.

53. Nora admits that the Reexamination Certificate confirmed the patentability of amended Claims 15 and 19. To the extent there are additional allegations in this paragraph, they appear to be legal conclusions and, to the extent a response is necessary, they are denied.

54. Denied.

55. Denied.

56. Nora admits the table depicted in Paragraph 56 identifies the elements of Claim 15 and Claim 19.

57. Admitted.

58. Admitted.

59. Denied.

60. Denied.

61. Denied.

**Element [A]**

62. Nora admits that certain products sold by Nora include a housing that receives a driver, and that the driver is configured to provide electrical power to a light emitting diode ("LED") element. Nora denies that the housing of the Nora Products has side walls and a cap top that caps the side walls. Nora denies that any of the Nora

Products infringe the '326 patent. Nora denies all remaining allegations contained in Paragraph 62.

63. Nora admits that certain products sold by Nora have a housing that receives a driver, and the driver is configured to provide electrical power to an LED.

64. Nora admits that Figures A.2 and A.3 purport to show images of Mr. Duong with the heat sink/driver assembly of a Nora product.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Nora admits that Figure A.3 purports to show Mr. Duong with a Nora product heat sink/driver and has been labeled to identify an element purported to be "The 'first top.'"

70. Mr. Duong's 30(b)(1) testimony speaks for itself. Nora denies all other allegations of this paragraph inconsistent with this testimony.

71. Mr. Duong's 30(b)(1) testimony speaks for itself. Nora denies all other allegations of this paragraph inconsistent with this testimony.

72. Denied.

73. Denied.

**Element [B]**

74. This paragraph ignores certain limitations in Element [B] and therefore to the extent there are allegations that are different from the actual claim language of this claim, they are denied.

75. Admitted.

76. Admitted.

77. Mr. Duong's 30(b)(1) testimony speaks for itself. Nora admits that at his May 30, 2025 deposition, Mr. Duong identified a certain Nora product's heat sink

module and that Figures B.1 and B.2 purport to show Mr. Duong identifying a certain Nora product's heat sink module.

78. Mr. Duong's 30(b)(1) testimony speaks for itself. Nora denies all other allegations of this paragraph inconsistent with this testimony.

79. Nora admits that Figures B.1 and B.2 purport to show Mr. Duong with the heat sink/driver assembly of a certain Nora product.

80. Mr. Duong's 30(b)(1) testimony speaks for itself. Nora denies all other allegations of this paragraph inconsistent with this testimony.

81. Nora admits Figure B.1 purports to show Mr. Duong pointing to a component of a certain Nora product's heat sink/driver labeled "Larger exterior diameter." Nora further admits that Figure B.2 purports to show Mr. Duong pointing to a component of a certain Nora product's heat sink/driver labeled "Smaller exterior diameter."

82. Denied.

83. Nora admits that Figure B.1 purports to show a picture of a certain Nora product's heat sink/driver assembly.

84. Denied.

85. Admitted.

86. Denied.

**Element [C]**

87. Admitted.

88. Admitted.

89. Admitted.

90. Admitted.

91. Mr. Duong's 30(b)(1) testimony speaks for itself. Nora denies all other allegations of this paragraph inconsistent with this testimony.

92. Denied.

93. Admitted.

**Element [D]**

94. Admitted.

95. Admitted.

96. Admitted.

97. Admitted.

98. Admitted.

99. Nora admits that Figure D.1 purports to show Mr. Duong and the heat sink/driver assembly of a certain Nora product.

100. Nora admits that Figure D.1 purports to show Mr. Duong pointing to an object labeled "An optical reflector that is substantially conical in shape."

101. Nora admits that Figure D.2 purports to show a certain Nora product's optical reflector and has been labeled as having the "Second Bottom" and "Substantially Conical Reflector."

102. Admitted.

**Element [E]**

103. Admitted.

104. Admitted.

105. Nora admits that Figures E.1 and E.2 purport to show Mr. Duong and the heat sink/driver assembly of a certain Nora product.

106. Mr. Duong's 30(b)(1) testimony speaks for itself. Nora denies all other allegations of this paragraph inconsistent with this testimony.

107. Nora admits that Figure E.3 purports to be another image of a certain Nora product's heat sink/driver assembly.

108. Denied.

109. Denied.

**Element [F]**

110. Denied.

111. This paragraph ignores certain limitations in Element [F] and therefore to the extent there are allegations that are different from the actual claim language of this claim, they are denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Admitted.

117. Denied.

118. Denied.

119. Denied.

120. Nora admits that Claims 15 and 19 do not recite a "trim." Nora denies the remaining allegations of Paragraph 120.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Nora admits that it did not provide noninfringement positions to ELCO before ELCO filed its now-dismissed complaint. Nora denies that it did not provide noninfringement positions to ELCO before ELCO filed the Amended Complaint. Nora denies the remaining allegations of Paragraph 125.

**Element [G]**

126. Denied.

127. Admitted.

128. Admitted.

129. Admitted.

130. Denied.

131. Denied.

132. Nora admits that Figure G.1 purports to be an image of a certain Nora product's assembled module which includes labels that purport to show the various aspects of Limitation [G].

**Element [H]**

133. Denied.

134. This paragraph ignores certain limitations in Element [H] and therefore to the extent there are allegations that are different from the actual claim language of this claim, they are denied.

135. Nora admits that Figure H.1 purports to show a certain Nora product's assembled module with the orientation that would be expected when the module has been installed as a lighting fixture.

136. Denied.

137. Denied.

**Element [I]**

138. Admitted.

139. Admitted.

140. Nora admits that Figure I.1 purports to show a partial image of a certain Nora product, including a heat sink module.

141. Nora admits that the larger exterior diameter of the upper portion of a certain Nora product's heat sink is substantially similar to the driver housing's diameter.

142. Admitted.

143. Denied.

**Alleged Direct and Indirect Infringement**

144. Denied.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

## Count I

## (Direct and Indirect Infringement of the ’326 patent)

153. Nora incorporates by reference the responses and allegations set forth in each of the preceding Paragraphs of its Answer.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Admitted.

159. Admitted.

160. Denied.

161. Denied.

162. Denied.

## RELIEF REQUESTED

Nora denies that ELCO is entitled to any relief, including, but not limited to, any relief sought in the Complaint. To the extent that ELCO’s Relief Requested contains any factual allegations, Nora denies them.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rules of Civil Procedure 8(c), Nora, without waiver, limitation, or prejudice, asserts the following affirmative defenses:

### First Defense
### (Non-Infringement)

Nora does not infringe and has not infringed, willfully or otherwise, any valid and enforceable claim of the '326 patent, whether literally, under the doctrine of equivalents, directly, indirectly, contributorily, by means of inducement, and/or under any other theory of liability. Nora incorporates by reference Count 1 of its Counterclaims herein.

### Second Defense
### (Invalidity)

The '326 patent is invalid for failing to meet one or more of the conditions for patentability under Title 35 of the United States Code §§ 101 et seq., including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112. Nora incorporates by reference Count 2 of its Counterclaims herein.

### Third Defense
### (Limitation on Damages)

Plaintiff's claims for damages and other remedies are limited or barred by 35 U.S.C. § 287. Plaintiff's claims are further limited or barred by the doctrine of intervening rights.

### Fourth Defense
### (No Exceptional Case)

Nora has conducted all of its activities in good faith, and Plaintiff cannot prove that this case is exceptional such that it justifies an award of attorneys' fees pursuant to 35 U.S.C. § 285.

**Fifth Defense**

**(Prosecution History Estoppel)**

By reason of the prior art and/or statements and representations made to and by the U.S. Patent & Trademark Office ("USPTO") during the prosecution of the applications that led to the issuance of the Patent-in-Suit and in subsequent reexamination of the claims of the Patent-in-Suit, the claims of the '326 patent are so limited that none of their claims can be properly construed as covering any of the Nora Products or any of Nora's activities. For example, and without limitation, the examiner found "holder" to be different from "trim," such that the construed claims of the '326 patent require a distinct component from trim to be the claimed holder. Nora's products have no such distinct component.

**Sixth Defense**

**(Equitable Estoppel)**

Plaintiff's claims are barred under the doctrine of equitable estoppel, including in view of the communications between the parties dating back to approximately the issuance of the '326 patent, as those facts are pled in ELCO's Amended Complaint.

**Reservation of Additional Defenses**

Nora reserves all defenses, including all defenses permitted under the Federal Rules of Civil Procedure, the patent laws of the United States, and/or at law or in equity, that may now exist or will in the future be available based on discovery and further investigation in this case.

**COUNTERCLAIMS**

For its counterclaims against ELCO, Nora alleges the following:

**THE PARTIES**

1. Counterclaimant Nora Lighting, Inc. is a California corporation having a principal place of business at 6505 Gayhart Street, Commerce, California 90040. Nora makes, imports, and sells lighting fixtures.

2. Nora Lighting, Inc. has been in the residential lighting business for thirty-five years and has been selling recessed lights since its inception.

3. Nora has continued innovating ever since, and now offers more than 40,000 SKUs of different lighting products to satisfy its customers' unique needs.

4. On information and belief, AMP Plus, Inc. ("ELCO") is a California corporation having a principal place of business at 2042 East Vernon Avenue, Vernon, California 90058.

## JURISDICTION AND VENUE

5. In its Amended Complaint, ELCO has accused Nora of infringing the '326 patent.

6. As a result of ELCO's allegations, an actual and justiciable controversy has arisen between ELCO and Nora about the infringement and validity of the '326 patent.

7. A judicial declaration is necessary and appropriate given ELCO's allegations and in order for Nora to ascertain its duties, if any, with respect to the '326 patent.

8. These counterclaims arise under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq. These counterclaims are also so related to Plaintiff's claims that they form part of the same case or controversy under Article III of the United States Constitution. This Court has subject-matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 1367(a), 2201, and 2202.

9. This Court has personal jurisdiction over Plaintiff at least because Plaintiff filed its Complaint in this judicial district.

10. Venue is proper in this judicial district over these counterclaims pursuant to 28 U.S.C. §§ 1391 and 1400.

### The '326 patent

11. U.S. Patent No. 11,092,326 (the "'326 patent") issued on August 17, 2021.

12. On March 23, 2026, an Ex Parte Reexamination Certificate of the ’326 patent issued.

13. Following completion of the Ex Parte Reexamination, the ’326 patent includes two new independent claims, claims 15 and 19.

14. Following completion of the Ex Parte Reexamination, the ’326 patent includes three independent claims, claim 1, claim 15, and claim 19, and 39 dependent claims (claims 2–14, 16–18, and 20–42).

**U.S. Patent No. Des. 939,755**

15. U.S. Patent No. Des. 939,755 (the “’D755 Patent”) entitled “Recessed Lighting Fixture With A Flexible Driver Assembly” was issued by the United States Patent and Trademark Office on December 28, 2021. The ’D755 Patent matured from U.S. Patent Application No. 29/705,818 filed on September 16, 2019.

16. U.S. Patent Application No. 29/705,818 was a divisional application of U.S. Patent Application No. 29/591,401, filed on January 19, 2017 and issued as U.S. Patent No. D860,500.

17. A true and correct copy of the ’D755 Patent is attached as Exhibit A.

18. Nora is the assignee and lawful owner of the ’D755 Patent, and holds all rights, title, and interest in and to the ’D755 Patent. Nora has standing to assert the ’D755 Patent under 35 U.S.C. § 281.

19. The ’D755 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

20. The ’D755 Patent claims “The ornamental design for a recessed lighting fixture with a flexible driver assembly, as shown and described.”

**The Accused Products**

21. ELCO has and continues to make, use, sell, and offer for sale the various recessed housing systems under the common law trademark Alder, including

E2LC106ICA, E2LC175ICA, E2LC175RICA, E2LC106, E2AJU12ICA, E2LCU86ICA, and E2LCU86RICA (collectively, the "Accused Products").

22. A brochure for "The Alder System" available at https://www.elcolighting.com/product/family/alder-system is attached as Exhibit B.

23. As shown below, the Accused Products, such as the E2LC106ICA, are substantially similar to the ornamental design for a recessed lighting fixture with a flexible driver assembly claimed by the 'D755 Patent.

| The 'D755 Patent | E2LC106ICA[3] |
| --- | --- |
|  FIG. 2 |   |

[3] This technical drawing is found in the Alder System Specification available at https://www.elcolighting.com/sites/default/files/Elco-Alder-System-Spec-Sheets.pdf, which is attached as Exhibit C.

| | |
|---|---|
| <br>FIG. 3 |  |

24. An ordinary observer or purchaser would find the overall design of the ’D755 Patent and the Accused Products substantially similar and mistakenly purchase the Accused Products.

25. Upon information and belief, ELCO has known of the existence of the ’D755 Patent and embodying products at least because Nora provides notice of the ’D755 Patent in compliance with 35 U.S.C. §287. *See* https://noralighting.com/patents/.

**COUNT I**

**(Non-infringement of U.S. Patent No. 11,092,326)**

26. Nora incorporates by reference the responses and allegations set forth in each of the preceding Paragraphs of its Counterclaims.

27. Nora counterclaims against ELCO pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, §§ 2201 and 2202.

28. In its Amended Complaint, ELCO alleges that Nora infringes claims 15 and 19 of the ’326 patent.

29. An actual controversy exists between Nora and ELCO, by virtue of the allegations in the Amended Complaint and Nora's Answer, as to the validity and infringement of the asserted claims of the '326 patent.

30. Nora has not infringed any valid claim of the '326 patent, either literally or through the doctrine of equivalents, directly, jointly, indirectly, contributorily, through the inducement of others, and/or otherwise.

31. For example, Nora has not infringed any valid claim of the '326 patent because Nora's products do not include any of the limitations identified below.

32. Nora's products do not include "a driver housing that has first side walls" as required by claims 15 and 19 of the '326 Patent.

33. For example, the Nora products' driver housing includes only a ***single*** wall; it does not include "side walls."

34. Nora's products do not include a heat sink module "wherein the heat sink module has an upper portion that has a larger exterior diameter that is larger than a smaller exterior diameter of a lower portion" and "wherein the lower portion transitions into the upper portion." as required by claims 15 and 19 of the '326 patent.

35. For example, the products' heat sink module does not transition from the lower portion into the upper portion.

36. The upper portion of Nora's products' heat sink modules meets the lower portion at a single point, creating a 90° angle.

37. Nora's products do not include a light emitting diode "wherein the light emitting diode element is disposed above a top-hole of the at least one optical reflector and underneath the heat sink module, wherein the top-hole is located at a top of the optical reflector" as required by claims 15 and 19 of the '326 patent.

38. Nora's products do not include "a holder that has second side-walls that substantially surround a second volume, wherein the second volume is configured to receive at least a bottom region of the lower portion of the heat sink module; wherein

the holder is open at both a third top and at a third bottom, wherein the third top is a top of the holder, wherein the third bottom is a bottom of the holder[,]" as required by claims 15 and 19 of the '326 patent.

39. For example, the Court has construed the "holder" as "a distinct and separate component from a 'trim'." Dkt. 88. As shown in the image below, Nora's products do not include a holder, but instead, Nora's products include a driver which screws directly into a die-cast trim:




*See* Dkt. 19, Ex. A at 1.

40. Accordingly, Nora is entitled to a judgment that it does not infringe any asserted claims of the '326 patent.

**<u>Count II</u>**

**(Invalidity of U.S. Patent No. 11,092,326)**

41. Nora incorporates by reference the responses and allegations set forth in each of the preceding paragraphs of its Counterclaims.

42. Nora counterclaims against ELCO pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, §§ 2201 and 2202.

43. In the Amended Complaint, ELCO alleges that Nora infringes the ’326 patent.

44. An actual controversy exists between Nora and ELCO, by virtue of the allegations in the Amended Complaint and Nora’s Answer, as to the validity and infringement of the asserted claims of the ’326 patent.

45. All asserted claims of the ’326 patent are invalid under 35 U.S.C. § 101 *et seq*., including the requirements of §§ 101, 102, 103, and 112.

46. Claims 15 and 19 of the ’326 patent are invalid under § 103 as obvious over CN102853295A (“Shanliang”) in view of U.S. Patent No. 9,605,812 (“Van De Ven”).

47. Claims 15 and 19 of the ’326 patent are invalid as failing to comply with § 112 with respect to the limitation “wherein the lower portion ***transitions*** into the upper portion[.]”

48. Claims 15 and 19 of the ’326 patent are invalid as failing to comply with § 112 with respect to the limitation “wherein the light emitting diode element is…***underneath*** the heat sink module[.]”

49. Accordingly, Nora seeks a judgment declaring the asserted claims of the ’326 patent are invalid.

**Count III**

**(Infringement of U.S. Patent Des. 939,755 )**

50. Nora incorporates by reference the responses and allegations set forth in each of the preceding paragraphs of its Counterclaims.

51. ELCO has been and is infringing the ’D755 Patent by making, using, selling, or offering for sale in the United States, or importing into the United States,

including within this judicial district, the Accused Products in violation of 35 U.S.C. § 271(a).

52. ELCO's acts of infringement have caused and will cause Nora damages for which Nora is entitled to compensation pursuant to 35 U.S.C. §§ 284 or 289.

53. ELCO's acts of infringement have caused and will continue to cause Nora immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. Nora has no adequate remedy at law.

54. This case is exceptional and, therefore, Nora is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Nora Lighting, Inc. prays for the following relief:

A. Judgment against ELCO and in favor of Nora for all counts in the Complaint;

B. A declaration that the Nora Products do not infringe claims 15 or 19 of the '326 Patent;

C. A declaration that the '326 patent is invalid and unenforceable;

D. A declaration that ELCO has infringed, actively induced infringement, and contributorily infringed the 'D755 Patent in violation of 35 U.S.C. § 271;

E. Ordering that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

F. Awarding Nora ELCO's profits pursuant to 35 U.S.C. § 289;

G. A declaration that this case is "exceptional" pursuant to 35 U.S.C. § 285 entitling Nora to an award of its reasonable attorneys' fees, expenses, and costs, and prejudgment and post-judgment interest thereon; and

H. Such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Nora Lighting, Inc. hereby demands a trial by jury on all issues triable of right by a jury.

DATED: September 28, 2026

By: */s/ Erik J. Halverson*
Erik J. Halverson
*Attorney for Defendant*
*Nora Lighting, Inc.*

## CERTIFICATE REGARDING USE OF AI

I, the undersigned, certify under the penalty of perjury that no portion of the filing was drafted by AI.

DATED: September 28, 2026 By: */s/ Erik J. Halverson*

Erik J. Halverson
*Attorney for Defendant*
*Nora Lighting, Inc.*

## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 years, employed in the County of San Francisco, State of California, and not a party to the above-entitled cause. On September 28, 2026, I caused to be served the foregoing document on the interested parties in this action as set forth below:

**DEFENDANT NORA LIGHTING, INC.'S ANSE**

| | |
|---|---|
| ***VIA CM/ECF*** | Guy Ruttenberg, Bar No. 207937<br>guy@ruttenbergiplaw.com<br>Bruce Kuyper, Bar No. 144969<br>bruce@ruttenbergiplaw.com<br>RUTTENBERG IP LAW,<br>A PROFESSIONAL CORPORATION<br>1801 Century Park East, Suite 1920<br>Los Angeles, CA 90067<br>Telephone: (310) 627-2270<br>*Attorneys for Plaintiff, AMP Plus, Inc. d/b/a ELCO Lighting* |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 28, 2026, in San Francisco, California.

By: */s/ Erik J. Halverson*

Erik J. Halverson