Erik J. Halverson (SBN 333492)
**K&L GATES LLP**
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Fax: (415) 882-8220
erik.halverson@klgates.com

***Attorney for Defendant,***
***Nora Lighting, Inc.***

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

AMP Plus, Inc. d/b/a ELCO Lighting,

Plaintiff,

v.

Nora Lighting, Inc.

Defendant.

Case No. 2:24-cv-08460-MWC-BFM

**DECLARATION OF ERIK J. HALVERSON IN SUPPORT OF ELCO'S APPLICATION FOR LEAVE TO FILE UNDER SEAL (DKT. 157)**

I, Erik Halverson, declare as follows:

1) I am an attorney licensed to practice in the State of California and before this Court. I am an attorney at the law firm of K&L Gates LLP, attorneys for Defendant Nora Lighting, Inc. ("Nora") in this proceeding. If called as a witness, I could and would testify competently as to the facts set forth below, as I know each to be true based upon my own personal knowledge or upon my review of the files and records maintained by K&L Gates LLP in the regular course of its representation of Nora. I submit this declaration in support of ELCO's Application for Leave to File under Seal (Dkt. 157) and pursuant to L.R. 79-5.2.2(b).

2) On July 17, 2026, Plaintiff AMP Plus, Inc. d/b/a ELCO Lighting ("ELCO") filed a redacted Notice of Motion, and a Renewed Motion for Summary Judgment of Liability (Dkt. 92). Attached to ELCO's MSJ is a Memorandum in Support (Dkt. 92-1) ("ELCO's MSJ") a Statement of Uncontroverted Facts ("ELCO's SUF") (Dkt. 92-2) and a Declaration T. Katona (Dkt. 92-3). On July 27, 2026, the Court granted ELCO's Application to Seal the selected portions of ELCO's MSJ and granted in part and denied in part the sealing of selected portions of ELCO's SUF & the Declaration T. Katona. Dkt. 99. The Court requested the proposed redactions to be more narrowly tailored. *Id*. Subsequently, on July 30, 2026 ELCO filed a Renewed Application to Seal after sufficiently tailoring its SUF and Declaration T. Katona redactions, which the Court granted on August 8, 2026. Dkt. 112.

3) On September 25, 2026, Nora filed an application to seal portions of its Opposition to ELCO's Motion for Summary Judgment, portions of Nora's Statement of Genuine Issues ("Nora's SGI"), and portions of a declaration by Allen Brent York. Dkt. 148. On September 28, 2026, the Court granted Nora's application to file the selected portions under seal. Dkt. 153.

4) On October 3, 2026, ELCO filed the following four documents in

response to Nora's September 25 filing: (a) portions of its Reply Memorandum of Points and Authorities in Support of Its Renewed Motion for Summary Judgment of Liability ("ELCO's Reply"), (b) portions of its Response to Nora's SGI, (3) portions of the Supplemental Declaration of Thomas M. Katona ("Katona Supplemental"), and (4) portions of Exhibit V (excerpts from the transcript of the May 30, 2025 deposition of Danny Hua Duong) to the Supplemental Declaration of Bruce D. Kuyper ("Duong Transcript"). Dkt. 157.

5) Under the compelling reasons standard, a party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. C'ty & C'nty of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (cleaned up). "[C]ompelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.*

6) Information that is related to the technical business of a party is properly sealed to prevent competitive harm. *Treehouse Avatar LLC v. Valve Corp.*, No. C17-1860-RAJ, 2019 WL 291664, at *2 (W.D. Wash. Jan. 23, 2019) (granting motion to seal "proprietary technical business information that is not already in the public domain"). Similarly, information tied to product and market analysis is similarly treated. *Algarin v. Maybelline, LLC*, No. 12-cv-3000-AJB (DHB), 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014) (granting motion to seal "compilation of sales data, market research, consumer research, advertising data and marketing strategy").

**<u>ELCO'S Reply</u>**

7) The redacted portions of ELCO's Reply (Dkt. 157-1) appear on ECF pages 5:2, 4–7; 6:18; 7:1–5, 7; 10:7–8; .

8) The redacted passages of ELCO's Reply are all narrowly tailored to direct quotes from deposition testimony of one of Nora's design engineers, Mr. Duong, or libelous, conclusory statements by ELCO.

9) As set forth in *Algarin*, 2014 WL 690410, at *3, information tied to product and market analysis is properly sealed to prevent competitive harm. Most of the deposition testimony in ELCO's Opposition relates to Nora's assessment of its own product and Nora's analysis of the lighting module market. These redactions are justified because disclosure would reveal Nora's design priorities and areas Nora has/had under active investigation. *See Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *1 (N.D. Cal. June 30, 2015) ("[S]ources of business information that might harm a litigant's competitive strategy" may also give rise to a compelling reason to seal. (citing *Nixon v. Warner Comm'cns, Inc.,* 435 U.S. 589, 597 (1978))). Further other portions of Mr. Duong's testimony are related to the technical business of Nora. *See Treehouse Avatar*, 2019 WL 291664, at *2 (sealing "proprietary technical business information that is not already in the public domain"). ELCO should not be allowed to circumvent the confidentiality already applied to Mr. Duong's deposition to protect Nora's design choices, market positioning, and development priorities. Disclosure could give competitors, such as ELCO, unfair insight into Nora's strategy and operations.

10) Additionally, as set forth in *Kamakana*, 447 F.3d at 1179, "[C]ompelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Redacted portions in ELCO's Opposition are directed towards promoting private spite between the parties through various libelous, conclusory allegations. Similar information was already found to be sealed by the Court in the order at Dkts. 46,

96, 99, 121, and 153 and should be sealed again here.

**ELCO'S Response to Nora's SGI**

11) The redacted portions of ELCO's Response to Nora's SGI (Dkt. 157-2) appear within the following paragraphs: ¶¶ 29–31, 58, 75, 77–78, 80, 82, 84, 89–90, 92, 94, 96, 102–09, 112, 115, 119, 121–26, 139, 150–52.

12) All of the redacted passages in ELCO's Response to Nora's SGI are narrowly tailored to citations of deposition testimony from one of Nora's design engineers, Mr. Duong; ELCO's interpretation of Mr. Duong's statements; or direct quotes from Nora's internal design documents.

13) The redacted citations to Mr. Duong's deposition testimony are confidential due to the structure of ELCO's Response to Nora's SGI. By placing Mr. Duong's testimony across from various alleged uncontroverted facts, information that is related to the technical business of Nora is implicitly revealed to the public. *See Treehouse Avatar*, 2019 WL 291664, at *2 (sealing "proprietary technical business information that is not already in the public domain"). ELCO should not be allowed to circumvent the confidentiality already applied to Mr. Duong's deposition to protect Nora's design choices, market positioning, and development priorities. Disclosure could give competitors, such as ELCO, unfair insight into Nora's strategy and operations.

14) Similarly, the redacted statements where ELCO interpreted Mr. Duong's testimony must remain confidential. As set forth in *Algarin*, 2014 WL 690410, at *3, Nora's information tied to its product and market analysis should be sealed to prevent competitive harm. This should equally hold for product analysis ELCO reframes and states as if it was Nora.

15) The final grouping of redactions applies to direct quotes from Nora's internal design documents about Nora's market assessment. These market assessments and stated responses are integral to Nora's competitive edge and should remain confidential. *See Algarin*, 2014 WL 690410, at *3. Similar

information within all of the redacted information was already found to be properly sealed by the Court in the order at Dkt. 46, 96, 99, 121, and 153 should be sealed again here.

**Katona Supplemental**

16) The redacted portions of the Katona Supplemental (Dkt. 157-3) appear on ECF pages 9:19–24; 13:21; 14:1–2, 15–16, 22, 24; 15:6–9, 16; 16:16; 17:2–3; 22:3–8, 13–22, 26–24:7, 23–28; 2824–25.

17) Similar to ELCO's Response to Nora's SGI, the Katona Supplemental relies on Nora's confidential information acquired from Mr. Duong's deposition, its corresponding exhibits, and internal Nora design documents. All of the proposed redactions are narrowly tailored to apply to Mr. Duong's deposition, the corresponding exhibits, and Nora's internal design documents.

18) As set forth in *Algarin*, 2014 WL 690410, at *3, information tied to product analysis is properly sealed to prevent competitive harm. These redactions are justified because disclosure would reveal Nora's non-public technical characterization of the accused products, and non-public technical analysis concerning how Mr. Duong interpreted and characterized components of the accused product in relation to patent issues in this case. *See In re Koninklijke Philips Pat. Litig.*, No. 18-CV-01885-HSG, 2020 WL 1865294, at *2 (N.D. Cal. Apr. 13, 2020) (stating that "information about technical product operation typically qualifies for protection.")

19) Additionally, as set forth in *Kamakana*, 447 F.3d at 1179, "[C]ompelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Redacted portions in the Katona Supplemental are directed towards promoting

private spite between the parties.

20) Similarly to ELCO's Response to Nora's SGI, the final grouping of redactions applies to direct quotes from Nora's internal design documents showing Nora's confidential assembly drawings. These assembly drawings are integral to Nora's competitive edge, display non-public information and should remain confidential. *See Treehouse Avatar*, 2019 WL 291664, at *2. Similar information within all of the redacted information was already found to be properly sealed by the Court in the order at Dkt. 46, 96, 99, 121, and 153 should be sealed again here.

**<u>Duong Transcript</u>**

21) The redacted portions of the Duong Transcript (Dkt. 157-4) appear on transcript pages 36:5–37:12, 15–17, 24–25; 38:1–7, 23–39:2; 39:5–20, 25–40:3; 40:5–9, 11–14; 43:2–10, 14–44:22; 45:2–15; 46:2–10; 57:23–65:25; 67:2–4; 68:18–20, 24–69:18; 70:6–10, 16–24; 72:11–13; 153:7–15, 20–154:6; 154:12–155:1; 155:4–157:15; 157:19–24; 166:3–15, 24–167:11; 167:25–168:3; 169:14, 17–25; 170:6; 171:2–4, 8–24, 172:1, 3, 7, 9–10, 13–16, 19–21, 23; 173:1–4, 7, 11, 14–18, 23–24; 182:4–5; 183:2–9, 12–16, 21–24; 188:2–6, 10–13, 16–23, 25–189:14; 189:21–22; 192:21–22; 193:2–19; 194:1–20; 195:2–14; 207:15–18; 208:23–209:4; 209:6–7, 9–210:17; 213:7–22; 250:14–251:1; 251:3–6.

22) As discussed on the record, large portions of the deposition were attended by ELCO's client representative himself, Mr. Cohen. *See e.g.*, Duong Transcript at 42:7 (Mr. Cohen correcting ELCO's lawyer's question). However, for the portions of the testimony where ELCO's lawyers questioned Mr. Duong regarding confidential documents, Mr. Cohen was asked to leave the room. *See* Duong Transcript at 56:3-5. Now, in direct contravention of the agreement of the parties, ELCO submits portions of the transcript specifically unattended by Mr. Cohen. As such, these passages should remain sealed.

23) Additionally, the passages that relate to Mr. Duong's testimony of

Nora's internal communications should remain sealed because they are "proprietary technical business information that is not already in the public domain" and also constitute "market research." *Treehouse Avatar*, 2019 WL 291664, at *2; *Algarin*, 2014 WL 690410 at *3. Similar information within all of the redacted portions was already found to be properly sealed by the Court in the order at Dkt. 46, 96, 99, 121, and 153 should be sealed again here.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 7th day of October 2026, at San Francisco, California.

<u>*/s/ Erik J. Halverson*</u>
Erik J. Halverson
*Attorney for Defendant*
*Nora Lighting, Inc.*

**CERTIFICATE REGARDING USE OF AI**

I, the undersigned, certify under the penalty of perjury that no portion of the filing was drafted by AI.

DATED: October 7, 2026

By: */s/ Erik J. Halverson*
Erik J. Halverson
*Attorney for Defendant*
*Nora Lighting, Inc.*

## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 years, employed in the County of San Francisco, State of California, and not a party to the above-entitled cause. On October 7, 2026, I caused to be served the foregoing document on the interested parties in this action as set forth below:

**HALVERSON DECLARATION ISO APPLICATION TO FILE UNDER SEAL (DKT 157)**

| | |
|---|---|
| ***VIA CM/ECF*** | Guy Ruttenberg, Bar No. 207937<br>guy@ruttenbergiplaw.com<br>Bruce Kuyper, Bar No. 144969<br>bruce@ruttenbergiplaw.com<br>RUTTENBERG IP LAW,<br>A PROFESSIONAL CORPORATION<br>1801 Century Park East, Suite 1920<br>Los Angeles, CA 90067<br>Telephone: (310) 627-2270<br><br>*Attorneys for Plaintiff, AMP Plus, Inc. d/b/a ELCO Lighting* |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 7, 2026, in San Francisco, California.

By: */s/ Erik J. Halverson*

Erik J. Halverson