UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-08460-MWC-BFM Date: October 19, 2026

Title: AMP Plus, Inc. v. Nora Lighting, Inc.

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: N/A | Attorneys Present for Defendants: N/A |

**Proceedings: (IN CHAMBERS) ORDER DENYING PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; OVERRULING AS MOOT PLAINTIFF'S EVIDENTIARY OBJECTIONS; GRANTING DEFENDANT/COUNTER-PLAINTIFF'S RULE 56(D) REQUEST; *SUA SPONTE* MODIFYING CIVIL TRIAL ORDER; AND DENYING AS MOOT DEFENDANT/COUNTER-PLAINTIFF'S OPPOSED MOTION TO ENTER CASE SCHEDULE (DKTS. [92], [146])**

There are two motions before the Court. First, Plaintiff/Counter-Defendant AMP Plus, Inc. *d/b/a* ELCO Lighting ("Plaintiff" or "Elco") filed a Motion for Summary Judgment ("motion"). Dkt. # 92 ("*MSJ*"). In support of its motion, Plaintiff filed: a Redacted Statement of Uncontroverted Facts, Dkt. # 92-2; the partially sealed Declaration of Thomas M. Katona, Dkt. # 92-3; the Declaration of Bruce D. Kuyper, Dkt. # 92-4, and several exhibits attached thereto, Dkts. # 92-5–92-23. Defendant/Counter-Plaintiff Nora Lighting, Inc. ("Defendant" or "Nora") filed an Opposition brief partially under seal, *see* Dkt. # 154 ("*Opp'n*"), and filed forthwith its Statement of Genuine Issues, Dkt. # 154-1, and accompanying exhibit, Dkt. # 154-2. Plaintiff replied, Dkt. # 156 ("*Reply*"), and filed: its redacted Response to Nora's Statement of Genuine Disputes of Material Fact, Dkt. # 156-1; the Supplemental Declaration of Bruce D. Kyper, Dkt. # 156-2, with several exhibits attached thereto, Dkts. # 156-3–156-12; and Plaintiff's evidentiary Objections to Evidence Presented in Support of Defendant's Opposition, Dkt. # 156-13.

Also pending is Defendant's Opposed Motion to Enter a Case Schedule, wherein Defendant moves to modify the current case schedule. Dkt. # 146. In support of its motion, Defendant filed two exhibits. Dkts. # 146-1 & 146-2. Plaintiff has not filed an Opposition brief to the motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-08460-MWC-BFM Date: October 19, 2026

Title: AMP Plus, Inc. v. Nora Lighting, Inc.

The Court finds these matters are appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; Local R. 7-15. Having considered the papers, the Court **DENIES** Plaintiff's Motion for Summary Judgment (Dkt. # 92), **OVERRULES AS MOOT** Plaintiff's evidentiary objections (Dkt. # 156-13), **GRANTS** Defendant's Rule 56(d) request, *sua sponte* **MODIFIES** the Scheduling Order in this case, and **DENIES AS MOOT** Defendant's Opposed Motion to Enter a Case Schedule (Dkt. # 146).

I. Background & Procedural History

This is a patent infringement case arising out of U.S. Patent No. 11,092,326 ("the '326 Patent" or "the Patent"), entitled, "Integrated Lighting Module," issued to inventor Brandon Cohen on August 17, 2021. Dkt. # 1 ("*Compl.*") ¶ 1. On October 1, 2024, Plaintiff filed its original Complaint in this action. *See id.* The original Complaint alleges that Plaintiff "holds all rights, title, and interest" in the '326 Patent and asserted one count against Defendant for selling products that directly and indirectly infringe claim 1 of the Patent. *See id.* ¶¶ 6–8, 9–38. Claim 1 of the Patent recites, in part, that what is claimed is an "integrated lighting module comprising . . . a driver housing that his first side walls" and a "holder that has second side-walls that substantially surround a second volume." *See id.* ¶ 8.

A. The Issuance of a Stay & the USPTO's *Ex Parte* Re-Examination of the Patent

On December 30, 2024, Defendant filed its original Answer in this action, which included several affirmative defenses and two counterclaims for non-infringement and invalidity. *See* Dkt. # 19 ("*Answer*") at 9–23. The original counterclaims first allege a theory of non-infringement, asserting that because Defendant's products do not include the holder component contained in Claim 1, its products "do not meet each limitation of Claim 1 of the '326 Patent." *See id.* ¶¶ 39–45. Second, Defendant originally counterclaimed that the '326 Patent is invalid, asserting that prior art anticipated issuance of the Patent. *See id.* ¶¶ 53–101. On February 18, 2025, Plaintiff filed its Answer to Defendant's Counterclaims. Dkt. # 26.

On February 25, 2025, the Court issued the original Civil Trial Order in this case, setting September 26, 2025, as the Fact Discovery Cut-Off, December 19, 2025, as the last date to hear motions, and March 23, 2026, as the parties' trial date. *See* Dkt. # 30 at 3. On May 27, 2025, Defendant moved to stay this action pending the U.S. Patent and Trademark Office's ("USPTO") re-examination of the '326 Patent, Dkt. # 38, which the Court granted

on June 30, 2025, Dkt. # 49. On March 9, 2026, the Court vacated all current dates and deadlines in light of the stay and ordered the parties to file joint status reports with updates regarding the patent re-examination. *See* Dkt. # 67.

On March 23, 2026, the USPTO issued its *Ex Parte Re-examination Certification* for the '326 Patent, concluding, in part, that Claim 1 of the Patent is patentable as amended. *See* Ex. A, Dkt. # 68-1 at 3. As part of the re-examination, Plaintiff added new claims, which the USPTO determined to be patentable. *See id.* at 3 ("New claims **21-42** are added and determined to be patentable.") (boldface in original). On May 8, 2026, the Court lifted the stay in this case and ordered the parties to file a proposed amended case schedule, which they jointly filed on May 15, 2026. *See* Dkts. # 73–74. On that same date, Defendant filed a Motion for Judgment on the Pleadings. Dkt. # 71.

On May 18, 2026, the Court issued the First Amended Civil Trial Order in this case, setting the Fact Discovery Cut-Off for September 25, 2026, the Expert Discovery Cut-Off for October 30, 2026, and the parties' trial date for March 22, 2027. *See* Dkt. # 76 at 3. On June 18, 2026, Plaintiff requested summary judgment that Defendant's products infringe Claims 15 and 19 of the '326 Patent. *See* Dkt. # 81.

On June 25, 2026, the Court granted Defendant's Motion for Judgment on the Pleadings, dismissed Plaintiff's Complaint with leave to amend, and denied as moot Plaintiff's Motion for Summary Judgment. *See generally* Dkt. # 88.

### B. The FAC & Pending Motion for Summary Judgment

On July 16, 2026, Plaintiff filed its First Amended Complaint ("FAC"). Dkt. # 89. The FAC alleges that Defendant "directly infringes Claims 15 and 19 [of the '326 Patent], including by making, using, selling, and offering to sell in the United States, and by importing into the United States," Defendant's allegedly infringing Pearl module. *See id.* ¶ 144; *see also id.* ¶¶ 154–62. The next day, Plaintiff filed its pending Motion for Summary Judgment. *See MSJ*.

On July 30, 2026, Defendant moved to dismiss Plaintiff's FAC pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. # 101. On August 3, 2026, the Court *sua sponte* held in abeyance Plaintiff's pending Motion for Summary Judgment, and the briefing schedule and hearing date on the motion, pending the outcome of Defendant's Motion to Dismiss. *See* Dkt. # 110 at 2. After the parties fully briefed the Motion to Dismiss, *see* Dkts. # 115 & 123, the Court denied Defendant's motion on September 14, 2026

("Dismissal Order"). *See* Dkt. # 140 ("*Dismissal Order*"). Upon denying Defendant's motion, the Court further lifted the stay regarding briefing on Plaintiff's Motion for Summary Judgment. *See id.* at 13.

As part of Defendant's Motion to Dismiss, Defendant argued that the FAC failed to specifically identify which of Defendant's products allegedly infringed the '326 Patent. *See* Dkt. # 110 at 11. In the Court's Dismissal Order, the Court concluded that the FAC "identified with at least 'minimal specificity' which of Defendant's accused products infringe the Patent," and that to the extent it was still unclear, pursuant to the Court's Standing Order Re Patent Cases, Plaintiff's "Disclosure of Asserted Claims and Infringement Contentions" will "remedy any potential defects in the FAC." *See Dismissal Order* at 11.

On September 25, 2026, Defendant filed its pending Opposed Motion to Enter a Case Schedule, asserting that good cause exists to modify the current case schedule. *See* Dkt. # 146. Defendant's motion states, for instance, that "the scope of the dispute remains fundamentally uncertain," that the parties conducted discovery on claims that were later found to be deficient and amended, and that "[t]o date, ELCO has still not provided infringement contentions." *See id.* at 5–7.

On September 28, 2026, Defendant filed its amended Answer and Defenses to Plaintiff's Amended Complaint ("Amended Answer"). Dkt. # 150 ("*Am. Answer*"). Defendant's Amended Answer raises six affirmative defenses and three counterclaims. *See generally id.* Specifically, the Amended Answer first alleges a counterclaim for non-infringement, asserting that Defendant's allegedly infringing products do not infringe every limitation of Claims 15 and 19 of the '326 Patent. *See id.* ¶¶ 31–40. Second, the Amended Answer counterclaims that the '326 Patent is invalid under 35 U.S.C. §§ 101–103 and 112. *See id.* ¶¶ 44–49. Finally, the Amended Answer counterclaims that Plaintiff is infringing U.S. Patent No. Des. 939,755 ("the 'D755 Patent"), entitled "Recessed Lighting Fixture With A Flexible Driver Assembly," issued on December 28, 2021. *See id.* ¶¶ 15–20, 50–54. The Amended Answer alleges that Defendant is "the assignee and lawful owner of the 'D755 Patent, and holds all rights, title, and interest in and to" the patent. *Id.* ¶ 18.

Now before the Court is Plaintiff's Motion for Summary Judgment, which is fully briefed and ripe for consideration and disposition. *See Opp'n*; *Reply*.

## II. Legal Standard

### A. Rule 56(d)

Summary judgment is appropriate under Federal Rule of Civil Procedure "Rule 56 when the moving party demonstrates the absence of a genuine dispute as to any material fact and entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Idaho Conservation League v. Poe*, 86 F.4th 1243, 1246 (9th Cir. 2023). However, under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may" either "defer considering the motion or deny it," or "allow time to obtain affidavits or declarations or to take discovery." Fed. R. Civ. P. 56(d)(1)–(2).

"Rule 56(d) is a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *Dr.'s Best, Inc. v. Nature's Way Prods., LLC*, 143 F.4th 1101, 1112 (9th Cir. 2025) (quotation marks and citation omitted); *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) (same). "District courts should grant a Rule 56(d) motion where a summary judgment motion is filed before a party has had a realistic opportunity to pursue discovery relevant to its theory of the case." *Mojica v. State Farm Gen. Ins. Co.*, 735 F. Supp. 3d 1247, 1253 (S.D. Cal. 2024) (citation omitted); *see also Holloway Cleaners & Laundry Co. v. Ctr. Nat'l Ins. Co. of Omaha*, 219 F. Supp. 3d 996, 1003 (C.D. Cal. 2016) ("The purpose of Rule 56(d) relief is to prevent the nonmoving party from being 'railroaded' by a summary judgment motion that is filed too soon after the start of a lawsuit for the nonmovant to properly oppose it without additional discovery.") (citation omitted).

"A party seeking additional discovery under Rule 56(d) must explain what further discovery would reveal that is essential to justify its opposition to the motion for summary judgment." *Stevens*, 899 F.3d at 678 (cleaned up) (quotation marks and citation omitted). "This showing cannot, of course, predict with accuracy precisely what further discovery *will* reveal; the whole point of discovery is to learn what a party does not know or, without further information, cannot prove." *Id.* (emphasis in original) (citations omitted). But to succeed on a Rule 56(d) request, "the evidence sought must be more than the object of pure speculation," and the party raising the request must "state what other *specific* evidence it hopes to discover and the relevance of that evidence to its claims." *Id.* (emphasis in original).

Taken together, the Court considers the following factors when assessing a Rule 56(d) motion: (1) "whether the movant had sufficient opportunity to conduct discovery"; (2) "whether the movant was diligent"; (3) "whether the information sought is based on mere speculation"; and (4) "whether allowing additional discovery would preclude summary judgment." *Martinez v. Columbia Sportswear USA Corp.*, 553 F. App'x 760, 761 (9th Cir. 2014); *Williams & Cochrane, LLP v. Rosette*, 631 F. Supp. 3d 884, 909 (S.D. Cal. 2022) (same). Where "a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule [56(d)] motion fairly freely." *Burlington N. Santa Fe R.R. Co. v. Assiniboine and Sioux Tribes of the Fort Peck Rsrv.*, 323 F.3d 767, 773 (9th Cir. 2003) (collecting cases).

## III. Discussion

### A. The Parties' Positions

#### *i. Plaintiff's Motion for Summary Judgment*

Plaintiff requests summary judgment on its infringement claims, arguing that there is no genuine dispute of material fact that Defendant's products infringe every element and limitation of Claims 15 and 19 of the '326 Patent. *See MSJ* at 14–25. Second, Plaintiff seeks summary judgment on Defendant's invalidity counterclaim, arguing that the undisputed evidence fails to articulate any facts or theory as to eligibility under 35 U.S.C. § 101, that the claims are not anticipated by prior art under 35 U.S.C. § 102, and that the claims do not fail the written description requirement prescribed in 35 U.S.C. § 112. *See id.* at 25–27. Plaintiff further argues the Patent's claims are not obvious under 35 U.S.C. § 103. *See id.* at 27–30. Plaintiff points to Defendant's original counterclaims, which assert "an invalidity theory based on three alleged prior art references: the '880 Publication, the '775 Patent, and the NIOB Product." *Id.* at 28. Plaintiff argues that Defendant "fails to explain how any of these references, whether taken together or separately, would render Claims 15 or 19 obvious." *Id.* Finally, Plaintiff requests summary judgment on Defendant's affirmative defenses stated in its original Answer, arguing that Defendant failed to substantiate any of its defenses with evidence. *See id.* at 31.

Plaintiff argues granting summary judgment in its favor on its infringement claims and Defendant's counterclaims and defenses would leave "[o]nly damages and willfulness" for trial. *Id.* Alternatively, Plaintiff requests the Court issue an Order under Federal Rule of Civil Procedure 56(g) "stating the material facts that the Court finds are not genuinely

in dispute and treating those as established, including the specific claim elements that are established, the specific invalidity grounds that are rejected, and other affirmative defenses that are rejected." *Id.*

*ii. Defendant's Opposition Brief*

Defendant opposes Plaintiff's Motion for Summary Judgment, arguing the motion is premature because Defendant "had not yet answered ELCO's Operative Complaint," and because the FAC "changes the scope of the case." *Opp'n* at 10. Defendant notes that Plaintiff "waited ***one day*** after filing its Operative Complaint to move for summary judgment," and states that under Federal Rule of Civil Procedure 56(d), courts routinely deny summary judgment motions as premature when they are filed before a party has had an opportunity to conduct discovery that is essential to its opposition. *See id.* at 10–11 (emphasis in original), 13 ("ELCO's MSJ 'predates discovery entirely,' and this is precisely the circumstance in which 'granting relief under Rule 56(d) is *required*.'") (citation omitted) (emphasis in original). Defendant further argues Plaintiff's motion is premature because it relies on Defendant's defunct Answer and counterclaims, "which are all now inoperative in this case." *Id.* at 11.

Defendant further argues Plaintiff has yet to serve its infringement contentions "regarding which specific products in the Pearl line infringe ELCO's '326 patent claims," and that without such infringement contentions, Defendant "cannot tailor its discovery efforts to the claims and theories which will actually be at issue in this case." *Id.* at 12.

Regarding the merits of Plaintiff's motion, Defendant argues Plaintiff fails to establish there are no genuine disputes of material fact as to whether Defendant's products infringe the '326 Patent's claim elements. *See id.* at 15–27. Specifically, Defendant submits evidence demonstrating: (1) its products possess only "a single cylindrical side wall," as opposed to the '326 Patent's claim element requiring "a driver housing that has first side walls," *id.* at 16 (emphases omitted); (2) its products "include a heat sink with an upper section that meets a lower section with an instant, abrupt change at a 90° angle," whereas the Patent claims a smooth taper transition between the upper and lower portions, *id.* at 18–20; (3) Defendant's products contain an LED that "sits *within* the heat sink," but the '326 Patent requires the LED to be placed "***underneath*** the heat sink module," *id.* at 20–21 (emphases in original); (4) Defendant's products do not contain the "holder" element that the '326 Patent requires, "as they contain only an LED module . . . and a trim," *id.* at 22–25; and (5) Defendant's products fail to meet the remaining limitations of Claim

15 of the '326 Patent, which requires the holder to be located at the overall bottom of the lighting module, *id.* at 26–27.

Finally, Defendant argues Plaintiff's request for summary judgment on Defendant's invalidity counterclaim is premature because Defendant has proffered expert testimony demonstrating the '326 Patent is "invalid for at least being obvious in light of the prior art." *Id.* at 27.

*iii. Plaintiff's Reply*

Plaintiff argues the Court should deny Defendant's Rule 56(d) request because Plaintiff provided its infringement contentions on April 10, 2025, and because the case has been pending for two years. *See Reply* at 15. Plaintiff also contends that because the Court previously stayed this case in light of the USPTO's re-examination of the '326 Patent, Defendant has had plenty of time to conduct discovery, which is now closed. *See id.* Plaintiff further argues that Defendant's Rule 56(d) request is improper because Defendant failed to submit an accompanying affidavit or declaration in violation of the plain terms of the Rule. *Id.* at 16. Plaintiff also argues Defendant failed to identify what discovery it needs or why that discovery is needed to oppose Plaintiff's summary judgment motion, and because Defendant failed to show it has diligently pursued discovery prior to Plaintiff filing its motion. *Id.*

Next, Plaintiff asks the Court to strike the Declaration of Iris Tan because they failed to appear at their noticed deposition. *See id.* at 5–6. Regarding the merits of its motion, Plaintiff argues that Defendant's allegedly infringing products satisfy the '326 Patent's "holder" limitation and refutes Defendant's assertion that the Patent requires a particular connector between the holder and the trim. *See id.* at 6–7.

Plaintiff next invokes Federal Rule of Civil Procedure 37(c) in asking the Court to reject Defendant's new non-infringement arguments because they were not set forth in Defendant's interrogatory responses. *See id.* at 7–9. Plaintiff further refutes Defendant's contention that the Patent requires a single side wall, as opposed to multiple "side walls." *See id.* at 9–10 (emphasis omitted).

Plaintiff defends against Defendant's arguments challenging the "transition" limitation, arguing that Defendant "has never raised these contentions before its MSJ opposition," and asking the Court to disregard them. *Id.* at 10. Plaintiff also argues that Defendant's claim construction arguments are "wrong and unsupported," and that the

claims "do not require any particular 'transition.'" *Id.* at 10–11. Plaintiff further replies that Defendant's infringing products contain a heat sink that is "above" the LED, and that the Patent does not contain a requirement that the LED sits "underneath" the heat sink. *See id.* at 11–12. Similarly, Plaintiff replies that Defendant misreads the Patent's claim language requiring the holder to sit at the bottom of the module. *See id.* at 12–13.

Finally, Plaintiff repeats its request for summary judgment on Defendant's invalidity counterclaim and affirmative defenses, asserting Defendant has failed to substantiate its theories with evidence. *See id.* at 13–14.

B. Analysis

After considering the parties' arguments, the Court grants Defendant's Rule 56(d) request for several reasons.

*i. The FAC Changes the Scope and Theory of the Case*

When Plaintiff initially brought this case, it asserted a theory that Defendant's products infringed Claim 1 of the '326 Patent alone. *See generally* Dkt. # 1. The original Complaint alleged Defendant made and sold "integrated lighting modules that comprise a driver housing that has first side walls and a first top that caps the first side walls"; that the "first side walls and the first top substantially surround a first volume of the driver housing to receive a driver that is configured to provide electrical power to a [LED] element"; and that the infringing products "comprise a heat sink module" configured for receiving the LED element. *See id.* ¶¶ 27–28.

Yet Plaintiff now requests summary judgment on an amended Complaint asserting entirely different theories of infringement, namely, that Defendant's products infringe Claims 15 and 19 of the Patent. *See FAC* ¶ 154. Though Claims 15 and 19 contain the majority of the same elements as Claim 1 of the Patent, both claims contain additional elements and limitations. *See id.* ¶ 56 (providing table of additional claims and limitations provided in Claims 15 and 19). For example, Claim 15 contains every limitation recited in Claim 1, as well as the following limitations:

> [W]hen the integrated lighting module is an assembled configuration the driver housing is attached to the heat sink module, the heat sink module is attached to light emitting diode element, the heat sink module is attached to the holder with the

> at least one optical reflector disposed between the heat sink module and the holder.
>
> [and]
>
> [Where] the integrated lighting module has an overall length, wherein with respect to the overall length, the driver housing is located at an overall top of the integrated lighting module and the holder is located at an overall bottom of the integrated lighting module, such that the driver housing and the holder are disposed opposite of each other, and such that the driver housing is located entirely above the heat sink module.

*See* Ex. A to *FAC*, Dkt. # 89-1 ("*'326 Patent*") at 23.

Additionally, Claim 19 claims all limitations contained in Claim 1, adding: "wherein the larger exterior diameter of the upper portion of the heat sink module is substantially similar to a diameter of the driver housing." *Id.*

Thus, by changing the named claims of the Patent that Defendant allegedly infringed, Plaintiff changed the theory of the case. This case not only concerns whether Defendant's products infringe the limitations of the integrated lighting module detailed in Claim 1 of the Patent but now concerns whether the products contain additional elements and limitations, such as (1) the location of the driver housing and the holder in relation to the module and to each other; and (2) the diameter of the upper portion of the heat sink module in relation to the diameter of the driver housing. *See id.*

Plaintiff changed the theory of this case only one day before filing the instant motion and only two months before the Fact Discovery Cut-Off in this case. *See* Dkt. # 76 at 3 (setting Fact Discovery Cut-Off for September 25, 2026). By the time Plaintiff filed its motion, Defendant had not yet filed its Amended Answer, asserting its amended affirmative defenses and counterclaims. Thus, Plaintiff's motion, filed before Defendant could amend its Answer, is also premature in not allowing Defendant an opportunity to change the theory of its defense and pursue discovery accordingly. *See Burlington*, 323 F.3d at 773 (admonishing district courts to grant Rule 56(d) request if a motion for summary judgment is filed "before a party has had any realistic opportunity to pursue discovery relating to its theory of the case"); *see also Sams v. L.A. Sheriff's Dep't*, No. 2:24-cv-09321-ODW-JDE, 2025 WL 4231163, at *1 (C.D. Cal. Dec. 23, 2025) (granting

Rule 56(d) request to deny motion for summary judgment because "two Defendants had not filed their answer to the operative complaint at the time of the filing of the Motion" and because "Defendants should have a reasonable ability to conduct discovery before responding to the Motion").

*ii. Defendant's Amended Answer Supersedes its Original Answer*

It is well-established that an "amended answer will replace and supersede the previously filed answer." *Meyers v. McDonalds USA LLC*, No. EDCV 23-2589 JGB (SPx), 2025 WL 1674376, at *2 (C.D. Cal. May 8, 2025); *Mull v. Motion Picture Indus. Health Plan*, No. CV 12-06693-VBF-MAN, 2014 WL 1514665, at *1 (C.D. Cal. Feb. 25, 2014) (reciting cases that state the same proposition); *see also Armstrong v. Davis*, 275 F.3d 849, 878 n.40 (9th Cir. 2001) ("An amended pleading supersedes the original. . . . This rule[] applies as much to amended answers as to amended complaints.") (citations omitted). After filing an amended Answer, the original Answer is "treated thereafter as non-existent." *Desai v. Deutsche Bank Secs. Ltd.*, 573 F.3d 931, 936 n.5 (9th Cir. 2009) (citation omitted).

Thus, Plaintiff's motion is also premature because it requests summary judgment on Defendant's affirmative defenses and counterclaims that no longer exist. *See MSJ* at 25–31. For instance, Plaintiff's motion requests summary judgment on Defendant's "estoppel-related defenses" alleged in "its sixth and seventh defenses." *Id.* at 31 (citing Defendant's original Answer). But Defendant's Amended Answer no longer contains a seventh affirmative defense and only contains one affirmative defense for equitable estoppel. *See Am. Answer* at 14.

Similarly, Plaintiff moves for summary judgment on Defendant's invalidity counterclaim, arguing that the prior art identified in the original Answer does not anticipate any of its claims. *See MSJ* at 26 (arguing that "the '880 Publication, the '755 Patent, and the NIOB Product" do not anticipate any of Plaintiff's claims). But such prior art is not included in the Amended Answer. *See generally Am. Answer*. Instead, the Amended Answer changes course from the original Answer and alleges *different* prior art and publications render the '326 Patent invalid. *See id.* ¶ 46 ("Claims 15 and 19 of the '326 patent are invalid under § 103 as obvious over CN102853295A ("Shanliang') in view of U.S. Patent No. 9,605,812 ('Van De Ven')."). And the Amended Answer raises an entirely new counterclaim that Plaintiff infringes the 'D755 Patent. *See id.* ¶ 51.

The U.S. Court of Appeals for the Federal Circuit has advised that validity and infringement claims should be adjudicated at the same time. *See Medtronic, Inc. v. Cardiac Pacemakers, Inc.*, 721 F.2d 1563, 1583 (Fed. Cir. 1983) ("Because both validity and infringement involve construction of a claim, and because the construction must be the same in determining both, it is desirable to decide both questions at the same time."); *see also Simmons Fastener Corp. v. Ill. Tool Works, Inc.*, 739 F.2d 1573 (Fed. Cir. 1984) ("When questions of validity and infringement are raised in the same proceeding, the trial court should decide both issues and enter judgment on both.") (citations omitted). Yet here, the Court cannot resolve Plaintiff's infringement claims and Defendant's invalidity counterclaims at the same time because Defendant's Amended Answer raises new invalidity theories not found its now defunct original Answer. This is another reason why Plaintiff's motion is premature.

*iii. Defendant was Diligent in Conducting Discovery and in Identifying Potentially Discoverable Information*

Defendant contends that it has yet to receive Plaintiff's "Asserted Claims and Infringement Contentions that specifically identify the specific products, devices, and apparatuses that allegedly infringe the '326 patent," and that without these contentions, Defendant "has been deprived of the notice to which it is entitled" regarding "how each claim element allegedly reads onto each accused product," thereby "leaving it unable to meaningfully frame its non-infringement and invalidity defenses, or focus on the actual theories in dispute." *MSJ* at 5. Plaintiff states that on April 10, 2025, it served Defendant with its invalidity contentions. *Opp'n* at 15. Plaintiff further argues that Defendant was not diligent in seeking discovery because it could have done so during the stay. *Id.* Plaintiff's arguments fail for the below two reasons.

First, pursuant to this Court's Standing Order Re Patent Cases, S.P.R. § 3-1 requires that "14 days after the Initial Case Management Conference, a party claiming patent infringement shall serve on all parties a 'Disclosure of Asserted Claims and Infringement Contentions'" addressing nine specific items. *See* Standing Order Re Patent Cases, Hon. Michelle Williams Court, Orders And Additional Documents, https://apps.cacd.uscourts.gov/Jps/honorable-michelle-williams-court ("*S.P.R.*") § 3-1 ("Patent Disclosures"). These criteria include, among other things, the "claim of each patent in suit that is allegedly infringed," "each accused apparatus, product, device, process, method, act, or other instrumentality ('Accused Instrumentality') of each opposing party," which "shall be as specific as possible" and "identified by name or model number,

if known," and a "chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality." *See id.*

Plaintiff relies on its Answers to Defendant's Interrogatory No. 13 to support its representation that it already served Defendant with its infringement contentions. *See Reply* at 15; *see also* Ex. L to Decl. of Bruce Kuyper, Dkt. # 42-14 (copy of Plaintiff's Answers and Objections to Defendant's First Set of Interrogatories) ("*Pl.'s Answer to ROGs*"). However, Plaintiff's Answer to Interrogatory No. 13 is wholly deficient and fails to comply with S.P.R. § 3-1. Though Plaintiff's Answer to Interrogatory No. 13 provides a chart explaining how Defendant's products infringe each claim element, Plaintiff's Answer does not provide a list of each accused product or device that infringes the Patent, nor other required criteria outlined in S.P.R. § 3-1. And, though Plaintiff's Answer contains an explanation for how the products infringe elements contained in Claims 15 and 19, the focus of Plaintiff's Answer pertains to how Defendant's products infringe Claim 1. Thus, the Court finds that Plaintiff has not adequately propounded its Disclosure of Asserted Claims and Infringement Contentions in accordance with S.P.R. § 3-1. Defendant is entitled to receive these infringement contentions and any further discovery relating to Plaintiff's amended infringement theories prior to opposing any summary judgment motion. *See, e.g.*, *Ameron Int'l Corp. v. Cont'l Nat'l Am. Grp.*, No. CV 11-06879 ODW (MANx), 2011 WL 5873024, at *4 (C.D. Cal. Nov. 23, 2011) (granting Rule 56(d) request because Defendants provided explained to why "such evidence was not discovered or obtained earlier in the proceeding" and identified the "steps or procedures by which Defendants propose to obtain such evidence within a reasonable time.") (cleaned up) (quotation marks and citation omitted).

Plaintiff's argument that Defendant was not diligent in taking discovery during the stay also lacks merit. By its very nature, "a 'stay' is defined as 'the postponement or halting of a proceeding, judgment, or the like.'" *Pershing Pac. W., LLC v. Ferretti Grp., USA, Inc.*, No. 10-cv-1345-L(DHB), 2012 WL 1185940, at *3 (S.D. Cal. Apr. 9, 2012) (quoting Black's Law Dictionary (9th ed. 2009)); *see also id.* ("The proceedings in this case had been completely halted."). The Court even clarified that due to the stay, all deadlines in the case were vacated. *See* Dkt. # 67. In any event, Defendant need only show what "specific evidence it hopes to discover and the relevance of that evidence to its claims." *Stevens*, 899 F.3d at 678 (emphasis omitted). Here, the Court finds Defendant has made such a showing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-08460-MWC-BFM Date: October 19, 2026

Title: AMP Plus, Inc. v. Nora Lighting, Inc.

*iv. Lack of Affidavit or Declaration*

Finally, Plaintiff opposes Defendant's Rule 56(d) request because it failed to submit an affidavit or declaration in accordance with the plain terms of Rule 56(d). *See Opp'n* at 16. Though Rule 56(d) requires an "affidavit or declaration," *see* Fed. R. Civ. P. 56(d), courts routinely overlook this procedural deficiency when granting Rule 56(d) requests:

> [A]lthough Rule 56(d) refers to a showing by a nonmoving party 'by affidavit or declaration' that it cannot present facts essential to justify its opposition to a motion for summary judgment, allowing a court to deny such a motion on that basis alone (Rule 56(d)(1)), district courts have denied summary judgment motions on that basis sua sponte, where the motion is filed prematurely, where no discovery has been undertaken, without such an affidavit or declaration from the nonmoving party.

*Sams*, 2025 WL 4231163, at *1 (collecting cases).

Here, it is unclear why Defendant failed to submit the required affidavit or declaration concurrently with its Rule 56(d) request. Nevertheless, the Court is convinced that because Plaintiff prematurely filed its motion, before Defendant had an opportunity to respond to the FAC or otherwise take discovery to support its defense of the case, the remaining Rule 56(d) considerations outweigh this procedural deficiency.

For these reasons, the Court **GRANTS** Defendant's Rule 56(d) request and **DENIES** Plaintiff's Motion for Summary Judgment (Dkt. # 92). Because the Court did not consider Plaintiff's evidentiary objections (Dkt. # 156-13), such objections are **OVERRULED AS MOOT**. Considering the parties' evidence and arguments, the Court further **ORDERS** Plaintiff to serve its Disclosure of Asserted Claims and Infringement Contentions to Defendant **within seven days** of issuance of this Order, in compliance with S.P.R. § 3-1. In light of the procedural posture of this case, the Court *sua sponte* **MODIFIES** the parties' First Amended Civil Trial Order (Dkt. # 76) as follows:

| Trial and Final Pretrial Conference Dates | Previous Deadline | New Deadline |
|---|---|---|
| Fact Discovery Cut-Off | 9/25/2026 | 12/4/26 |
| Expert Disclosure (Initial) | 10/2/2026 | 12/10/26 |
| Expert Disclosure (Rebuttal) | 10/16/2026 | 12/24/26 |
| Expert Discovery Cut-Off | 10/30/2026 | 1/8/27 |
| Last Date to Hear Motions | 12/11/2026 | 2/26/27 |

Given the Court's modification of the Scheduling Order, Defendant's Opposed Motion to Enter a Case Schedule (Dkt. # 146) is **DENIED AS MOOT**.

## IV. Conclusion

For the foregoing reasons, the Court **ORDERS** the following:

1. Defendant's Rule 56(d) request is **GRANTED**. Plaintiff's Motion for Summary Judgment (Dkt. # 92) is **DENIED**. Plaintiff's Evidentiary Objections (Dkt. # 156-13) are **OVERRULED AS MOOT**.

2. Defendant's Opposed Motion to Enter a Case Schedule (Dkt. # 146) is **DENIED AS MOOT**.

3. Plaintiff is **ORDERED** to serve its Disclosure of Asserted Claims and Infringement Contentions to Defendant in accordance with S.P.R. § 3-1 **within seven days** of this Order.

4. The First Amended Civil Trial Order (Dkt. # 76) entered in this case is **MODIFIED** in accordance with this Order. All other deadlines, including the Final Pretrial Conference and trial date remain unchanged.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-08460-MWC-BFM Date: October 19, 2026

Title: AMP Plus, Inc. v. Nora Lighting, Inc.

**IT IS SO ORDERED.**

:

**Initials of Preparer** TJ