UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-08460-MWC-BFM Date: October 20, 2026

Title: AMP Plus, Inc. v. Nora Lighting, Inc.

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (IN CHAMBERS) ORDER STRIKING PLAINTIFF'S MOTION TO STRIKE COUNTERCLAIMS AND AFFIRMATIVE DEFENSES FOR FAILING TO COMPLY WITH THE LOCAL RULES AND THIS COURT'S STANDING ORDER (DKT. [164])**

On October 20, 2026, Plaintiff/Counter-Defendant AMP Plus, Inc. *d/b/a* ELCO Lighting ("Plaintiff") filed a Motion to Strike Counterclaims and Affirmative Defenses ("Motion") (Dkt. # 164). Attached to Plaintiff's Motion is the Declaration of Rachel Bandli, wherein she declares that on October 6, 2026, "the parties conferred pursuant to L.R. 7-3" and that "[c]ounsel for Nora refused to withdraw Nora's improper counterclaims and affirmative defenses, necessitating this motion." Decl. of Rachel Bandli, Dkt. # 164-2 ("*Bandli Decl.*") ¶ 2.

This District's Local Rules require, in relevant part:

> In all cases not listed as exempt in L.R. 16-12, . . . counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. **The conference must take place in person, by telephone, or via video conference at least 7 days prior to the filing of the motion.** If the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel for the moving party must include a declaration, under penalty of perjury, that sets forth at a minimum the date(s) the conference took place **and the position of each party with**

> **<u>respect to each disputed issue that will be the subject of the motion.</u>** Failure to include such a declaration may result in the motion being denied.

C.D. Cal. L.R. 7-3 (emphases added).

The Court's revised Standing Order reiterates the necessity of this pre-filing conference. *See* Honorable Michelle Williams Court, Central District of California, *Orders and Additional Documents*, at https://apps.cacd.uscourts.gov/Jps/honorable-michelle-williams-court ("*Standing Order*"). Specifically, the Court's Standing Order provides, in full:

> Counsel must comply with Local Rule 7-3, which requires counsel to engage in a pre-filing conference 'to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution.' Counsel should discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. Counsel should resolve minor procedural or other non-substantive matters during the conference. The *pro se* status of one or more parties does not negate this requirement. **<u>The parties are further advised that email correspondence along is insufficient to satisfy this requirement</u>**. If the parties do not comply with Local Rule 7-3, the Court may strike or deny the motion.

*Id.* (emphasis in original).

District courts have "considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002); *see also Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007). Local Rule 7-3 "is not just a piece of petty pedantry put down to trip up lawyers or mere formalism simply there for lawyers to check off." *Hudson-Bryant v. OCMBC Inc.*, No. 8:24-cv-00067-FWS-JDE, 2026 WL 1509964, at *2 (C.D. Cal. May 27, 2026) (cleaned up) (internal quotation marks and citations omitted). "Rather, it serves the important functions to help secure the just, speedy, and inexpensive determination of every action and proceeding." *Id.* (internal quotation marks and citations omitted) (collecting cases). Indeed, "[t]he rule is of such importance that a district court may deny, strike, or decline to

consider a party's motion for failing to comply with its requirements." *Est. of Martinez v. Cnty. of L.A.*, No. 2:23-cv-05586-ODW (MAAx), 2026 WL 445537, at *1 (C.D. Cal. Feb. 17, 2026) (citing C.D. Cal. L.R. 7-4 and *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012)); *see also id.* ("Courts in this district routinely deny or strike motions based on a party's failure to comply with Local Rule 7-3."); *see, e.g.*, *Bosco v. First Advantage Background Servs. Corp.*, No. 2:25-cv-12019-MCS-MAA, 2026 WL 1365815, at *1 (C.D. Cal. May 11, 2026); *Mission Wealth Mgmt., LP v. Flores*, No. 2:26-cv-00035-MCS-MAA, 2026 WL 1453929, at *1 (C.D. Cal. Apr. 20, 2026).

Here, Plaintiff's Motion fails to comport with Local Rule 7-3. First, Ms. Bandli's declaration does not explain the nature of the parties' pre-filing conference. *See generally Bandli Decl.* In other words, the Court is uninformed as to whether the conference took place over the telephone, via videoconference, or, whether in violation of the Court's Standing Order, the parties conferred via email exchange.

Second, Ms. Bandli's declaration failed to provide the *substance* of the pre-filing conference—*i.e.*, what was discussed, whether the substance of the instant Motion was communicated, what Defendant's position was, etc. Local Rule 7-3 prescribes that the movant provide the position of each party with respect to each disputed issue that is the subject of the motion. *See* C.D. Cal. L.R. 7-3. The declaration's conclusory and vague reference to the parties' pre-filing conference therefore fails to satisfy this requirement. Plaintiff must provide more. "Local Rule 7-3's direction that the parties meet and confer to *discuss* the substance and potential resolution of an anticipated motion is not a mere suggestion to be cavalierly set aside when its dictates are inconvenient." *Est. of Martinez*, 2026 WL 445537, at *2 (emphasis in original). And "[c]ompliance with the Local Rules is not optional[.]" *Id.*

Moreover, even if Plaintiff *had* complied with C.D. Cal. Local Rule 7-3's requirements, Plaintiff failed to also submit a declaration certifying the use or non-use of Artificial Intelligence ("AI"), as is required for "[l]awyers and *pro se* litigants" alike who file any "motion, pleading, or other paper" with this Court. *See Standing Order* at 2–3. Plaintiff's failure to attach this declaration serves as another reason to strike the Motion. The Court will <u>not</u> entertain any motion that does not contain an AI declaration. *See id.*

Accordingly, for these reasons, the Court **STRIKES** Plaintiff's Motion to Strike Counterclaims and Affirmative Defenses (Dkt. # 164). The Court admonishes Plaintiff to comply with the Court's Local Rules and Standing Order going forward. Plaintiff may

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-08460-MWC-BFM Date: October 20, 2026

Title: AMP Plus, Inc. v. Nora Lighting, Inc.

re-file the instant Motion **within twenty-four hours** of this Order, provided that Plaintiff comply with the District's Local Rules and this Court's Standing Order.

**IT IS SO ORDERED.**

:

**Initials of Preparer** TJ